**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP LLC.<br><br>Defendants. | Case No. 5:18-cv-153-RWS-CMC<br><br>Hon. Robert W. Schroeder, III<br><br>Magistrate Judge Caroline Craven |

**DEFENDANT CAESARS ENTERTAINMENT CORPORATION'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................................... 2
III. LEGAL STANDARD ....................................................................................................... 3
IV. ARGUMENT .................................................................................................................... 3
    A. Plaintiffs' Allegations Against Caesars Do Not Satisfy *Twombly* .......................... 3
    B. Plaintiffs Have Not Alleged Any Antitrust Injury Resulting from Caesars' Alleged Conduct ....................................................................................................... 5
CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ........................................................................................................ 1, 2, 3

*Norris v. Hearst Tr.*,
 500 F.3d 454 (5th Cir. 2007) .................................................................................................. 5

*Sports Center, Inc. v. Riddell, Inc.*,
 673 F.2d 786 (5th Cir. 1982) .................................................................................................. 5

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs.*,
 200 F.3d 307 (5th Cir. 2000) .................................................................................................. 3

*Vendever LLC v. Intermatic Mfg. Ltd.*,
 No. 3:11-CV-00201-B, 2011 WL 4346324 (N.D. Tex. Sept. 16, 2011) ................................. 3

*Viazis v. Am. Ass'n of Orthodontists*,
 314 F.3d 758 (5th Cir. 2002) ............................................................................................. 3, 4

*Walter v. Birdville Independent School District*,
 No. 4:18-cv-301, 2018 WL 3974714 (N.D. Tex. Aug. 20, 2018) ....................................... 3, 5

**Statutes**

Sherman Act ................................................................................................................................. 5

**Other Authorities**

Rule 8(a) .................................................................................................................................... 3, 5

## I. INTRODUCTION

Caesars respectfully submits this brief motion, in conjunction with the motion to dismiss filed by defendants Hilton Domestic Operating Company, Inc. and others today[1], to highlight the utter absence of factual allegations in Plaintiffs' complaint that would suggest that Caesars participated in a combination or conspiracy to violate the antitrust laws. Plaintiffs have set out no specific factual allegations that come anywhere close to establishing the "conscious commitment to a common scheme" between Caesars and any hotel competitor required by *Twombly* and Fifth Circuit law applying it. Binding precedent makes clear that specific facts must be asserted as to each individual defendant that move a horizontal conspiracy claim (*i.e.*, between direct competitors) from merely possible to probable, if a plaintiff is to survive a defendant's dismissal challenge. The instant Complaint as to Defendant Caesars does no such thing. Indeed, though 194 paragraphs in length, Plaintiffs' Complaint contains only eight (8) paragraphs specifically referencing Caesars at all, with three of those merely describing Caesars as an entity. And the only "conduct" allegations directed against Caesars are to the effect that it joined an industry group as did other hotel Defendants, and that a few emails from one downstream online travel agency ("OTA") to Plaintiffs (which are one and two vertical steps down from Caesars in the hotel room distribution chain, respectively) reference Caesars' communications with the OTA alone and *not* with any hotel competitor. Threadbare allegations, like these, do not come close to establishing any horizontal "agreement" that is a necessary

---

[1] *See* Joint Motion To Dismiss On Behalf Of Defendants Hilton Domestic Operating Company, Inc., Hyatt Hotels Corporation, Marriott International, Inc., Red Roof Inns, Inc., Six Continents Hotels, Inc., and Wyndham Hotel Group LLC (filed February 7, 2019) (the "Omnibus Motion"). Caesars adopts, and incorporates here, the arguments set out in the Omnibus Motion.

predicate to potentially imposing antitrust liability on Caesars. For this reason, the instant case is at least as straightforward as *Marucci Sports, L.L.C. v. National Collegiate Athletic Association*, in which the Fifth Circuit affirmed that the complaint in that case failed to "allege any specific facts demonstrating an intention on the part of [any party] to engage in a conspiracy." 751 F.3d 368, 375 (5th Cir. 2014). And because there is no properly pled agreement, Plaintiffs also cannot show that they suffered an antitrust injury from Caesars (or anyone else), by virtue of an illegal conspiracy involving Caesars.

**II. FACTUAL BACKGROUND**

Allegations in the Complaint directed at Caesars are notable for their brevity. Aside from unobjectionable averments revealing that Caesars is a gaming and hospitality company that operates two facilities in the State of Louisiana, the Complaint contains a small handful of allegations that are relevant to the instant motion. Specifically, Plaintiffs allege (1) that Caesars joined the board of directors of the American Hotel & Lodging Association (AHLA) in 2016 (Compl. ¶ 141); (2) that "within weeks . . . Caesars [ ] began participating actively in the other Defendants' illegal activities" without a single statement of fact about what Caesars actually did or with whom (*Id.* at ¶ 143); (3) that in 2017 an unspecified Gatekeeper OTA manager reached out to Plaintiffs stating that it was "working with Caesars . . . [and] they said that they are asking all these brands to cease bidding although I still see Expedia there today" (*Id.* at ¶ 148); and (4) in a follow up email, that Gatekeeper OTA suggested that it would cut off TravelPass from Caesars room access at Caesars' request and that OTA Expedia was taking the same action. *Id.* These allegations, even accepted as true, do not allege that Caesars entered into a conspiracy with any horizontal competitor to do any of these things, or indeed anything else. The few factual allegations about Caesars' conduct describe communications with a downstream vendor (an

2

OTA). Without any allegation of illegal conduct in conjunction with its horizontal competitors, Plaintiff's complaint must be dismissed.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (emphasis added)). "'Labels and conclusions' . . . will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are no better. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Vendever LLC v. Intermatic Mfg. Ltd.*, No. 3:11-CV-00201-B, 2011 WL 4346324, at *7 (N.D. Tex. Sept. 16, 2011) ("a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality") (*quoting Twombly*, 550 U.S. at 557). "Further, the complaint must specify the facts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a)." *Walter v. Birdville Independent School District*, No. 4:18-cv-301, 2018 WL 3974714 (N.D. Tex. Aug. 20, 2018) (*citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

### IV. ARGUMENT

#### A. Plaintiffs' Allegations Against Caesars Do Not Satisfy *Twombly*

Nowhere in the Complaint do Plaintiffs plead facts necessary to carry their threshold burden that Caesars made a "conscious commitment to a common scheme" with any competitor, about anything, let alone that the commitment was to join a conspiracy to unreasonably restrain competition or cause antitrust injury to Plaintiffs. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs.*, 200 F.3d 307, 312 (5th Cir. 2000). The burdens of antitrust litigation are too great to impose them on a party charged with merely joining a trade association and discussing its deteriorating business relationship with one of its downstream vendors, two vertical levels down

3

the distribution chain (plaintiff TravelPass) or with a third-party downstream vendor one vertical level down the distribution chain. *See, e.g., Viazis v. Am. Ass'n of Orthodontists*, 314 F.3d 758, 763 (5th Cir. 2002) (mere circumstantial evidence of a refusal to deal will not support a conspiracy claim).

The Fifth Circuit's application of *Twombly* in *Marucci Sports* makes clear why this case should be dismissed. In *Marucci*, the plaintiff baseball bat manufacturer alleged that the governing college and high school sports associations (NCAA and NFHS) conspired to rig the testing of bats to disadvantage the plaintiff (a new entrant to bat testing) against larger bat manufacturers that allegedly gave money to the defendants. The defendant associations NCAA and NFHS were conceded to have "worked in concert with other parties to establish and enforce [a testing] standard" that was argued to injure the plaintiff. 751 F.3d 368, 375 (5th Cir. 2014). That concession (which is absent here) notwithstanding, the Court nevertheless found that "the pivotal question is whether the [admittedly] concerted action was a result of an agreement between the NCAA, NFHS, and others to unreasonably restrain trade." *Id.* In finding that the answer was no, the Court made emphatically clear that the complaint must allege facts demonstrating an intent to engage in an illegal conspiracy between competitors:

> The [] Complaint does not, however, allege any specific *facts* demonstrating an intention on the part of the NCAA, NFHS, . . . or any other party to engage in a conspiracy. . . [The Plaintiff's] allegations do not make it plausible that the NCAA and NFHS adopted a conscious commitment to a common scheme designed to achieve an unlawful objective. In other words, the [] Complaint does not set forth facts that demonstrate a meeting of the minds between the NCAA, NFHS, and other alleged conspirators. . . . Much like the plaintiff in *Twombly*, [the Plaintiff] failed to present any independent allegation of actual agreement among the alleged conspirators. Instead, the [] Complaint presents various conclusory allegations that support one of many inferential possibilities. The Supreme Court instructs that such a complaint falls short of the requirements of Rule 8(a)(2).

*Id.* at 375 (emphasis in original). Likewise here, the instant Complaint at best "presents

4

various conclusory allegations that support one of many inferential possibilities" that, do not even purport to identify any agreement between Caesars and any other horizontal competitor, whether a defendant in this case or otherwise.

In no way can alleged vertical dealings between Caesars and an downstream or vertical OTA support an inference of horizontal dealings between Caesars and the other competitor Defendants. Plaintiffs' allegation that Caesars stopped providing them with access to its hotel rooms, even if true, describes vertical conduct down the distribution chain that is entirely within Caesars' unilateral right to do. By contrast, Plaintiffs offer nothing to suggest that Caesars entered into a horizontal agreement with any competitor to deny access to its hotel rooms to anyone. It is well settled that mere allegations of vertical conduct are insufficient to support an inference of a horizontal agreement. *See, e.g., Sports Center, Inc. v. Riddell, Inc.*, 673 F.2d 786, 791 (5th Cir. 1982) ("By asking its dealers to report infractions of its anti-bootlegging policy, Riddell did not convert its rule into a proscribed horizontal combination of distributors.").

Plaintiffs cannot rely on any allegations regarding "all Defendants" to survive this motion. "The complaint must specify the facts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a)." *Walter v. Birdville Independent School District*, No. 4:18-cv-301, 2018 WL 3974714 (N.D. Tex. Aug. 20, 2018).

### B. Plaintiffs Have Not Alleged Any Antitrust Injury Resulting from Caesars' Alleged Conduct

Without specific and plausible allegations of conspiracy involving Caesars, Plaintiffs cannot establish antitrust injury, which is a necessary element of any claim under the Sherman Act. As the Fifth Circuit has confirmed: "Even a plaintiff injured in his business or property must, in order to sue for damages, show antitrust injury, that is, injury of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful."

5

*Norris v. Hearst Tr.*, 500 F.3d 454, 465–66 (5th Cir. 2007) (affirming dismissal of complaint on antitrust injury grounds). Here, there is no alleged conduct by Caesars resulting in an injury to Plaintiffs that flows from the allegedly unlawful nature of the conduct. While Plaintiff alleges in general that it lost enterprise value from some conspiracy (Compl. at ¶¶ 160-62), there is not a single fact alleged against Caesars that supports a link between an alleged horizontal conspiracy involving Caesars and antitrust injury to Plaintiffs. Indeed, to assess whether there is any properly alleged antitrust injury, the Court "must consider whether [the plaintiff] is a proper plaintiff to sue for damages, examining such facts as whether the plaintiff's injuries or their causal link to the defendant are speculative." *Norris*, 500 F.3d 454, 465–66 (collecting cases). Not only must Plaintiffs plead specific facts as to Caesars, but they also must explain how such facts led to an antitrust injury that is not speculative. Because Plaintiffs have done neither of these things, its Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Caesars should be dismissed. While it is possible that Plaintiffs may seek leave to replead, Caesars respectfully requests that Plaintiffs first be required to make an initial showing that such an amendment would not be futile and not wasteful of the Court time and resources.

Dated: February 7, 2019

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III.
The Davis Firm P.C.
Texas State Bar No. 24047416
213 N. Fredonia Street, Suite 230
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com

David E. Zerhusen (*Pro Hac Anticipated*)

6

          Cozen O'Connor
          3753 Howard Hughes Parkway
          Suite 200
          Las Vegas, NV 89169
          Telephone: (702) 470-2320
          dzerhusen@cozen.com

          Lezlie Madden (*Pro Hac Anticipated*)
          Cozen O'Connor
          1650 Market Street
          Suite 2800
          Philadelphia, PA 19103
          Telephone:  (215) 665-7286
          lmadden@cozen.com

          David Reichenberg (*Pro Hac Anticipated*)
          Cozen O'Connor
          277 Park Avenue
          New York, NY 10172
          Telephone:  (212) 883-4956
          dreichenberg@cozen.com

          ***Counsel for Defendant***
          ***Caesars Entertainment Corporation***

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this February 7, 2019 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

          <u>/s/ William E. Davis, III</u>
          William E. Davis, III