**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC,<br><br>       Plaintiffs,<br><br>   v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC.,<br><br>       Defendants. | Civil Action No. 5:18-cv-153-RWS-CMC<br><br><br><br>JURY DEMANDED |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

    (a)   the correct names of the parties to the lawsuit;

    (b)   the name, address, and telephone number, if known, of any potential parties;

    (c)   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)      any settlement agreements relevant to the subject matter of this action;

(g)      any witness statements described in TEX. R. CIV. P. 192.3(h);

(h)      for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

     a.      the expert's name, address, and telephone number;

     b.      the subject matter on which the expert will testify;

     c.      a written report—prepared and signed by the witness—if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony. That report shall contain all of the information required by Fed. R. Civ. P. 26(a)(2)(B). In addition, within three business days of serving that report, the witness shall serve the following materials on the parties:

         1.      All documents, tangible things, reports, models, or data compilations that the witness considered in forming his or her opinions, except to the extent protected from disclosure by Fed. R. Civ. P. 26(b)(4). For the avoidance of doubt, data or other information considered shall include, but is not limited to, raw data, spreadsheets,

       computerized regression analyses and/or other underlying reports and schedules sufficient to reconstruct the expert's work, calculations, and/or analyses.

2. Information can be produced electronically (via email or disc), where appropriate. Where documents have previously been produced as part of the discovery in this case, a list of such documents by Bates number is sufficient. As to other documents considered by the expert, those documents should be produced except where widely available publicly without undue expense (such as on the internet, or in major university libraries).

3. The following types of information shall not be the subject of expert discovery: (i) drafts of any report or disclosure required under Fed. R. Civ. P. 26(a)(2), regardless of the form in which the draft is recorded; and (ii) communications between: (a) any party's attorney and any expert witness regardless of the form of the communications; and/or (b) experts and their respective staff. The foregoing exclusions from discovery will not apply to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

2. **Protective Orders.** The parties are in the process of reviewing and commenting on the form of an Agreed Proposed Protective Order for the Court's review and approval. The parties anticipate filing a joint motion for entry of the Proposed Agreed Protective Order shortly, and that protective order shall facilitate disclosures and document productions in this matter.

3. **Additional Disclosures.** Each party, within forty five (45) days after the Scheduling Conference, shall provide to every other party the following:

    (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

    (b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

    (c) those documents and authorizations described in Local Rule CV-34;

4. **Discovery Limitations**. Discovery is limited to the disclosures described in Paragraphs 1 and 3 together with:

    (a) **Interrogatories and Requests for Admission.** Defendants may each propound

25 interrogatories and 25 requests for admission on Plaintiffs (each Defendant may serve their interrogatories and/or requests for admission in one set, but each Plaintiff must individually respond), and Plaintiffs may collectively propound 25 interrogatories and 25 requests for admission on each Defendant.  Requests for admission directed solely to the authentication of documents do not count towards the limitations described in this paragraph.

(b) **Party Depositions.**  The limits in this paragraph shall apply to depositions on written questions, Rule 30(b)(6) depositions of the parties, as well as individual depositions of any persons employed by or formerly employed by any party.

   a. Exclusive of Rule 30(b)(6) depositions, Plaintiffs may take up to 40 depositions of Defendants, but no more than 5 depositions of any Defendant Party.  Exclusive of Rule 30(b)(6) deposition, Defendants may take up to 20 depositions of Plaintiffs.

   b. In addition, Plaintiffs may take up to 14 hours of Rule 30(b)(6) testimony of each Defendant Party, and Defendants may take up to 14 hours of Rule 30(b)(6) testimony of each Plaintiff Party.

(c) **Nonparty Discovery.**  The parties may issue document subpoenas to third parties and take depositions on written questions of custodians of business records for third-parties. Additionally, each Side may take up to 100 hours of non-party depositions.

(d) **Coordination of Oral Depositions of Parties and Non-Parties.**  In light of the number of parties to this action, and the substantial amount of nonparty discovery anticipated, the parties shall cooperate in the noticing and scheduling of fact witness and Rule 30(b)(6) witness testimony in this action.  Further, pursuant to

        Local Rule CV-30, in cases where there is a neutral nonparty witness or a witness whom all parties have cross-noticed, the time limit shall be divided equally among Plaintiffs and Defendants, i.e., each side shall have an equal amount of time to depose the nonparty witness.  Finally, each party shall have a reasonable opportunity to cross-examine a witness without need for a cross-notice of deposition, and any cross-examination is not limited to the scope of the direct examination.

    (e)    **<u>Experts.</u>**  Each side (Plaintiffs and Defendants) shall be permitted to proffer up to three expert witnesses apiece to opine on issues common to all Plaintiffs or all Defendants.  As there are multiple parties on each side and each party may require specific expert analysis that is not common to all Plaintiffs or all Defendants, each individual party shall also be permitted to proffer up to one additional expert to address any issues unique to that individual party.  If any individual party expert is permitted, the parties on the opposite side shall jointly be permitted to proffer one counter-expert specific to such individual party expert.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  Within sixty (60) days after the Scheduling Conference, the parties shall exchange initial privilege logs identifying the documents or information that is being withheld and/or redacted from its initial disclosures and the basis for any claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the asserted privilege or protection.  After meeting and conferring, per the terms outlined in the Protective Order, any party may move the court for an order

compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning the initial privilege logs, then the parties shall inform the Court of that fact within sixty (60) days after the Scheduling Conference.

6. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made at the time identified in the Docket Control Order. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing

   (1) any objections to the use under Rule 32(a) of a deposition designated by another party

under subparagraph (B) and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient.  The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written

>   statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.
>
> (b) In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages.  Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).
>
> (c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies

of any filings.

**SIGNED this 17th day of April, 2019.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE