# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., and RESERVATION COUNTER, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 5:18-cv-00153-RWS-CMC ) ) |
| CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., and WYNDHAM HOTEL GROUP LLC, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants in the above-captioned action respectfully submit these Objections to the Report and Recommendation issued on May 9, 2019 (Dkt. 130) ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule CV-72(b).

There is no dispute that every hotel chain Defendant in the earlier-filed *Tichy v. Hyatt Hotels Corp., et al.*, No. 1:18-cv-01959 (N.D. Ill.), action now faces the same antitrust conspiracy allegations in this action. Accordingly, the essential question of whether Defendants entered into an unlawful conspiracy regarding branded keyword search advertisements is identical—and dispositive—for both cases. The R&R acknowledged the overlap in the conspiracy allegations in this matter and *Tichy*, but focused instead on ancillary differences regarding standing and damages, concluding that transfer is not required under the first-to-file doctrine or 28 U.S.C. § 1404(a). That conclusion creates a very real risk of conflicting rulings on the core dispositive issue in both cases—a result the transfer rules are designed to avoid—and, as such, is clear error.

## ARGUMENT

Transfer of this case to the Northern District of Illinois is required by the first-to-file doctrine and 28 U.S.C. § 1404(a) to prevent the risk of inconsistent rulings concerning the common core issue, ensure judicial efficiency, and avoid needless duplication of discovery.

**I.    Defendants Object Because the First-to-File Doctrine Compels Transfer.**

Transfer is necessary to avoid inconsistent rulings on the central dispositive issue in both cases: whether there is sufficient evidence to demonstrate the existence of an unlawful agreement amongst the Defendants. That determination will entail a complex analysis given, among other things, the summary judgment framework for antitrust conspiracy claims set forth in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), and what will almost certainly be a formidable discovery record given the number of defendants and non-parties involved.

Although acknowledging that this matter and *Tichy* involve the same conspiracy allegations, the R&R concluded that any risk of inconsistent rulings is "minimal," R&R at 17, and declined to apply the first-to-file rule. The R&R relied on *Shirey v. Helix Energy Sols. Grp., Inc.*, No. CV H-17-2741, 2018 WL 1586347 (S.D. Tex. Apr. 2, 2018), which declined to transfer an individual Fair Labor Standards Act action to a district considering related collective claims under the same law, because "the issues [were] not complex." R&R at 17 (quoting *Shirey*, at *2). But here the issues <u>are</u> complex. Determining whether multiple hotel companies agreed to restrict keyword bidding, and whether any such agreement was anticompetitive, will require a complicated analysis of documents, testimony, data, and economic theory.

Even identifying the appropriate standard to analyze any agreement is sufficiently complex as to carry a risk of inconsistent pretrial rulings: Plaintiffs in this action and in *Tichy* have both alternatively pled *per se* and rule of reason claims under Section 1 of the Sherman Act. Questions about which standard applies[1] and how to implement it prompt a far more complicated analysis than the FLSA issues in *Shirey* and have a higher likelihood of differing results. The R&R erred in concluding "the threat of conflicting rulings is minimal." R&R at 17.

The R&R's reliance on ancillary differences between this case and *Tichy*, *id.* at 16, is further error. Individual standing issues and unique damages claims will have to be addressed regardless of the court in which they are heard. Neither overcomes the risk of inconsistent outcomes on the fundamental issue of liability, and each will be subordinate to resolution of the core conspiracy question. *See generally* R&R at 16-17.

---

[1] *Viazis v. Am. Ass'n of Orthodontists*, 314 F.3d 758, 765 (5th Cir. 2002) (citing *Cal. Dental Ass'n v. FTC,* 526 U.S. 756 (1999)) (in connection with advertising restrictions, the *per se* rule is "insufficient given the potential procompetitive effects of such restrictions"); *id.* ("The question whether a particular restraint is unreasonable frequently turns on whether it is examined under the rule of reason or falls within the category of practices that are judged to be unreasonable *per se*.").

2

None of the other cases relied upon in the R&R support the conclusion that transfer is not warranted here. *Stannard v. Nat'l Indoor RV Centers, LLC*, No. 18 Civ. 366, 2018 WL 3608560 (E.D. Tex. July 27, 2018), involved a first action intentionally filed in anticipation of the second; the initial court found it lacked personal jurisdiction over the defendant in the second action, so transfer of that action would have stripped the plaintiff of its ability to sue that defendant. *Id.* at *3. In contrast, all Defendants here are subject to jurisdiction in the Northern District of Illinois. In *Guyton v. Legacy Pressure Control, Inc.*, No. 15 Civ. 1075, 2016 WL 5794801 (W.D. Tex. Oct. 4, 2016), the court found transfer would violate the FLSA rule protecting the right of individual claimants to opt into (or not) a collective action. But transferring this case would not force Plaintiffs into a class action—they concede they are not part of the putative class pled by *Tichy*— nor deny them any statutory rights. And in *Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018), the plaintiff was a class member in a first-filed FLSA collective action against a franchisor and brought the second-filed individual case against a franchisee. Unlike here, there was no overlap in defendants or legal theories; and unlike here, the two cases alleged separate acts by separate defendants such that "the outcome of one is not necessarily dispositive of the other." *Id.* at 631. In contrast, a finding here of no conspiracy would dispose of both cases.

Under the first-to-file rule, "all that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative." *SIPCO, LLC v. Emerson Elec. Co.*, No. 15 Civ. 907, 2016 WL 7743496, at *2 (E.D. Tex. July 1, 2016). That test is satisfied here. This case and *Tichy* involve almost all of the same Defendants, and claims premised on the same "core" issue. The R&R's finding of no substantial overlap and "minimal" risk of inconsistent rulings was error because it did not fully weight the inevitable overlapping, complex inquiry both cases will require.

## II. Defendants Object Because the § 1404(a) Factors Compel Transfer.

The R&R's flawed analysis of at least three public and private convenience factors under 28 U.S.C. § 1404(a) also led to an erroneous recommendation against transfer.

*Cost of Attendance for Parties and Witnesses*. The R&R concluded that this factor was neutral because "witnesses are most likely to be scattered evenly throughout the country," such that trial in any district "will be inconvenient for some and convenient for others." R&R at 24. This conclusion fails to account for the burden to witnesses—including non-party witnesses whose convenience is "more important and accorded greater weight," *id.*—who will be required to travel twice, and to two different districts, if this matter and *Tichy* continue on separate tracks. Such a result cannot be neutral and thus the R&R's analysis of this factor was in error.

*The Interest of Justice and Judicial Economy*. Although acknowledging the "high degree of overlap on the issue of the alleged conspiracy in both cases," *id.* at 28, the R&R nevertheless concluded that "efficiency gains by transfer are uncertain" and this factor is neutral. *Id.* at 25. This was in error. The core identical issue will involve discovery into the same allegations about the Defendants' advertising practices, and interactions and agreements with online travel agencies and each other. *See* Dkt. 50 at 7-8. Forcing identical discovery (including from third parties) to proceed on duplicate tracks is antithetical to judicial economy; and requiring resolution of the core issue by two different courts creates a risk of inconsistent results, adverse to the interest of justice.

The R&R also did not afford weight to cited cases showing that judicial economy "plays a paramount role" in the transfer analysis, and may compel transfer even when other factors weigh against it. *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400, 2012 WL 3647182, at *4 (E.D. Tex. Aug. 23, 2012); *Game & Tech. Co. v. Blizzard Entm't, Inc.*, No. 2:15-CV-1257, 2016 WL 4161678, at *3 (E.D. Tex. Aug. 5, 2016) (ordering transfer to "promote the efficient disposition of common issues"). It is error to exclude the precedent on the basis that this is not a

4

patent case, *see* R&R at 27, because the antitrust claims at issue here are complex and more akin to patent cases than the other (mostly employment) cases relied upon.

The R&R also relied on Plaintiffs' erroneous assertion that Defendants failed to analyze local rules or cases from the Northern District of Illinois to establish that this case would be assigned to Judge Pallmeyer (who oversees *Tichy*) upon transfer. R&R at 29. This was clear error because it did not account for Defendants' showing that (a) such inquiry is irrelevant to the transfer analysis, and (b) assignment of this case to Judge Pallmeyer is likely.[2]

*Issues of Court Congestion.* The R&R found that this factor "strongly disfavors transfer." R&R at 25; *id.* at 30-31. This finding was in error. The R&R recognized that courts should not "place undue weight" on statistics about median times to trial in this district and the Northern District of Illinois, given that "[c]ourt congestion is considered the 'most speculative' of the factors." *Id.* at 31 (quoting *In re Genentech*, 566 F.3d 1338, 1342, 1347 (Fed. Cir. 2009)). Here, the abstract numbers presented by Plaintiffs are countered by the now-set discovery schedule in *Tichy* (Dkt. 108, *Tichy* (N.D. Ill. May 6, 2019)) and is nearly identical to the Docket Control Order entered here (Dkt. 132), such that transfer would not delay Plaintiffs' presentation of their case.

After adjusting for the errors identified above, there are at least three convenience factors favoring transfer, with the rest neutral; transfer is thus warranted under 28 U.S.C. § 1404(a).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that the R&R should be overruled, and Defendants' Motion to Transfer Venue (Dkt. 50) should be granted.

---

[2] *See* Dkt. 98 at 5-6 (explaining N.D. Ill. Local Rule 40.4(b) and quoting *Perry v. Chicago Hous. Auth.*, No. 13-cv-5819, 2013 WL 5408860, at *2 (N.D. Ill. Sept. 26, 2013) ("The fact that either case may require other issues, such as evaluating the individual damages of the plaintiffs, to be resolved separately does not negate the fact that the core issues here are virtually identical")).

5

Dated: May 23, 2019					Respectfully submitted,

/s/ *Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323, Ste. 400
Tyler, Texas 75701
Tel: (903) 509-5000
Fax: (903) 509-5092
jainsworth@wilsonlawfirm.com

Carrie C. Mahan
Brianne L. Kucerik
WEIL GOTSHAL & MANGES LLP
2001 M Street, N.W., Ste. 600
Washington, D.C. 20036
Tel: (202) 682-7000
Fax: (202) 857-0940
carrie.mahan@weil.com
brianne.kucerik@weil.com

Randi W. Singer
Olivia J. Greer
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (202) 310-8007
randi.singer@weil.com
olivia.greer@weil.com

*Counsel for Defendant*
*Hilton Domestic Operating Company Inc.*


/s/ *William E. Davis, III*
*(with permission by Jennifer P. Ainsworth)*
William E. Davis, III
DAVIS FIRM P.C.
213 North Fredonia
Longview, TX 75601
Tel: (903) 230-9090
bdavis@bdavisfirm.com

6

David E. Zerhusen
COZEN O'CONNOR
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
Tel: (702) 470-2320
Fax: (702) 470-2355
dzerhusen@cozen.com

Lezlie Madden
COZEN O'CONNOR
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
Tel: (215) 665-7286
Fax: (215) 701-2127
lmadden@cozen.com

David Reichenberg
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Tel: (212) 883-4956
Fax: (212) 986-0604
dreichenberg@cozen.com

*Counsel for Caesars Entertainment Corporation*


*/s/ Michael E. Jones*
*(with permission by Jennifer P. Ainsworth)*

Michael E. Jones
Robert E Sterken, III
POTTER MINTON PC
110 North College Avenue, Suite 500
Tyler, TX 75702
(903) 597-8311
mikejones@potterminton.com
robert.sterken@potterminton.com

Maria Wyckoff Boyce
HOGAN LOVELLS US LLP
609 Main Street, Ste. 4200
Houston, TX 77002
Tel: (713) 632-1410
Fax: (713) 632-1401
maria.boyce@hoganlovells.com

Justin W. Bernick
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
justin.bernick@hoganlovells.com

*Counsel for Defendant*
*Choice Hotels International, Inc.*


*/s/ Melissa Richards Smith*
*(with permission by Jennifer P. Ainsworth)*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH
303 S. Washington Ave.
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

Sean M. Berkowitz
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste. 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 933-9767
sean.berkowitz@lw.com

Christopher S. Yates
Brendan A. McShane
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
chris.yates@lw.com
brendan.mcshane@lw.com

*Counsel for Defendant*
*Hyatt Hotels Corporation*

*/s/ Jennifer H. Doan*
*(with permission by Jennifer P. Ainsworth)*
Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Rd., Ste. 100
Texarkana, Texas 75503
Tel: (903) 255-1000
Fax: (903) 255-0800
jdoan@haltomdoan.com
criddell@haltomdoan.com

Shari Ross Lahlou
DECHERT LLP
1900 K Street NW
Washington, DC 20006
Tel: (202) 261-3300
Fax: (202) 261-3333
shari.lahlou@dechert.com

Jeffrey L. Poston
Luke van Houwelingen
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
SLahlou@crowell.com
JPoston@crowell.com
LvanHouwelingen@crowell.com

*Counsel for Defendant*
*Marriott International, Inc.*


*/s/ Robert S. Hill*
*(with permission by Jennifer P. Ainsworth)*
Robert S. Hill (Lead Counsel)
Texas Bar No. 24050764
Kelly F. Bagnall
Texas Bar No. 7375800
HOLLAND & KNIGHT LLP
200 Crescent Court, Ste. 1600
Dallas, TX 75201

Tel: (214) 964-9500
Fax: (214) 964-9501
Robert.Hill@hklaw.com
Kelly.Bagnall@hklaw.com

Mark Goracke
HOLLAND & KNIGHT LLP
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Tel: (617) 305-2146
Fax: (617) 523-6850
mark.goracke@hklaw.com

*Counsel for Defendant Red Roof Inns, Inc.*


*/s/ Jeffrey S. Cashdan*
*(with permission by Jennifer P. Ainsworth)*
Jeffrey S. Cashdan
Emily Shoemaker Newton
Danielle Chattin
Alexander G. Gray
Lohr A. Beck-Kemp
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
jcashdan@kslaw.com
enewton@kslaw.com
dchattin@kslaw.com
alex.gray@kslaw.com
lbeck-kemp@kslaw.com

Deron R. Dacus
Texas State Bar No. 00790553
Shannon Marie Dacus
Texas State Bar No. 00791004
THE DACUS FIRM, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com
sdacus@dacusfirm.com

10

*Counsel for Defendant*
*Six Continents Hotels, Inc.*


*/s/ Lance Lee*
*(with permission by Jennifer P. Ainsworth)*
Lance Lee
Texas Bar No. 24004762
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276
Fax: (903) 223-0210
wlancelee@gmail.com

Paula J. Morency
Ann H. MacDonald
Michael K. Molzberger
SCHIFF HARDIN LLP
233 S. Wacker Drive, Ste. 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
pmorency@schiffhardin.com
amacdonald@schiffhardin.com
mmolzberger@schiffhardin.com

Robert J. Wierenga
SCHIFF HARDIN LLP
350 South Main Street, Ste. 210
Ann Arbor, MI 48104
Tel: (734) 222-1500
Fax: (734) 222-1501
rwierenga@schiffhardin.com

*Counsel for Defendant*
*Wyndham Hotel Group LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 23rd day of May, 2019.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth