IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TRAVELPASS GROUP LLC, PARTNER FUSION INC, RESERVATION COUNTER LLC, | § § § § § | CIVIL ACTION NO. 5:18-CV-00153-RWS-CMC |
| Plaintiffs, | § § | |
| v. | § § | |
| CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL INC, HILTON DOMESTIC OPERATING COMPANY INC., MARRIOTT INTERNATIONAL INC, RED ROOF INNS INC, SIX CONTINENTS HOTELS INC, WYNDHAM HOTEL GROUP LLC, HYATT CORPORATION, | § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On August 29, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 183) ("R&R"), recommending the following motions be denied:

- **Joint Motion to Dismiss on Behalf of Defendants Hilton Domestic Operating Company Inc., Hyatt Hotels Corporation, Marriott International, Inc., Red Roof Inns, Inc., Six Continents Hotels, Inc. and Wyndham Hotel Group, LLC (Docket No. 53);**

- **Defendant Caesars Entertainment Corporation's Motion to Dismiss for Failure to State a Claim (Docket No. 55) and supplement thereto (Docket No. 159) and**

- **Defendant Choice Hotels International, Inc.'s Motion to Dismiss for Failure to State a Claim (Docket No. 56).**

Only Caesars Entertainment Corporation filed objections to the R&R's findings regarding its individual motion to dismiss. Docket No. 187. Plaintiffs responded to Caesars' objections. Docket No. 190. The Court conducts a *de novo* review of only the objected to portions of the Magistrate Judge's findings and conclusions. 28 U.S.C. § 636(b)(1)(C).

## **BACKGROUND**

Plaintiffs are downstream online travel agencies ("OTAs") that sell hotel rooms from different chains to consumers in the United States. Docket No. 1 ¶ 45. According to Plaintiffs, there are two types of OTAs: (1) Gatekeeper OTAs, including Expedia and Priceline, that maintain direct relationships with major hotel chains to market hotel inventory online and (2) Downstream OTAs, like Plaintiffs, that have affiliate agreements with Gatekeeper OTAs for access to hotel inventory. *Id.* ¶ 46. Plaintiffs' business model includes bidding on branded keyword search results to attract hotel consumers to the hotel inventory on its websites. *Id.* ¶ 48.

To use branded keyword advertising, Plaintiffs and other advertisers bid with search engines, like Google, to place their ads at the top of a search engine's results page when certain keywords are searched. *Id.* ¶ 5. Higher bids receive better placement. *Id.* Historically, according to Plaintiffs, an individual searching for a particular hotel chain would see results for that brand, competing hotel brands, Gatekeeper OTAs and Downstream OTAs, all of which submitted high bids on that keyword. *Id.* ¶¶ 6, 67.

Plaintiffs filed this antitrust case against several hotel chains: (1) Caesars Entertainment Corporation ("Caesars"); (2) Choice Hotels International, Inc.; (3) Hilton Domestic Operating Company, Inc.; (4) Hyatt Corporation; (5) Marriott International, Inc.; (6) Red Roof Inns, Inc.; (7) Six Continents Hotels, Inc. and (8) Wyndham Hotel Group, LLC. *Id.* Plaintiffs allege these hotel chains and others conspired to eliminate interbrand competition on keyword searches. *Id.* ¶ 1.

Specifically, Plaintiffs assert that the defendants conspired horizontally with each other not to engage in branded keyword advertising for a competitors' search term. *Id.* Plaintiffs also argue "the Defendant Hotels implemented a series of additional, or secondary, horizontal conspiracies under which Gatekeeper OTAs (1) agreed to stop bidding on branded search keywords and (2) also agreed to force Downstream OTAs to follow suit." *Id.* ¶ 9. According to Plaintiffs, the Gatekeeper OTAs, at the instruction of the defendant hotels, removed the Downstream OTAs access to hotel inventory if the Downstream OTAs did not stop branded keyword search advertising. *Id.* ¶ 149. Plaintiffs allege these conspiracies harmed consumers as well as Plaintiffs' business. *Id.* ¶ 152; *see also id.* ¶¶ 151, 157, 160, 162–63.

Plaintiffs asserted the following claims against all defendants: (1) a violation of the Sherman Act, 15 U.S.C. § 1 (*per se* bid rigging/group boycott/market division); (2) a violation of the Sherman Act, 15 U.S.C. § 1 (unreasonable restraint of trade); (3) a violation of related Utah Antitrust Act § 1 and (4) tortious interference with prospective business relations. *Id.* ¶ 164–94. Caesars moved to dismiss under Federal Rule of Civil Procedure 12(B)(6), arguing Plaintiffs failed to include specific factual allegations that Caesars engaged in an antitrust conspiracy.[1] Docket No. 55. According to Caesars, Plaintiffs alleged only that Caesars joined an industry group with other hotel defendants and that Plaintiffs received word from a Gatekeeper OTA that Caesars was cutting off Plaintiffs' access to Caesars' room list. *Id.* at 5. Caesars asserts Plaintiffs failed to point to any agreement between itself and any other horizontal competitor to deny access to its hotel rooms. *Id.* at 8. Caesars argues that Plaintiffs were required to plead some factual allegation sufficient to

---

[1] Defendants Hilton, Hyatt, Marriott, Red Roof, Six Continents and Wyndham filed a joint motion to dismiss for failure to state a claim, which Caesars and Choice incorporated by reference. Docket No. 53. Like Caesars, Choice also filed a separate motion to dismiss for failure to state a claim (Docket No. 56). These motions to dismiss were discussed in the R&R. However, none of the defendants filed objections to those findings pertaining to the joint motion to dismiss or Choice's motion to dismiss. The Court is of the opinion the findings and conclusions contained in the R&R as to these defendants are correct.

show a conspiracy between it and the other horizontal competitors, and the facts included in the Complaint fail to rise to the pleading standards mandated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## REPORT AND RECOMMENDATION

The Magistrate Judge, in her R&R, found that Plaintiffs allege sufficient facts to state a plausible claim for antitrust conspiracy against all the defendants collectively. *See* R&R at 79. Regarding Caesars' motion to dismiss, the Magistrate Judge viewed the facts in the light most favorable to Plaintiffs and concluded that Plaintiffs sufficiently state an antitrust conspiracy claim against Caesars at this stage of the litigation. *Id.* at 71. The R&R recommended denying Caesars' individual motion to dismiss. *Id.*

## OBJECTIONS

Caesars objected to the Magistrate Judge's findings on its individual motion to dismiss. Docket No. 187 at 2–3. Caesars objects to the R&R's finding that the complaint sufficiently stated a claim under *Iqbal* and *Twombly*. *Id.* at 2. According to Caesars, the R&R improperly found Plaintiffs' allegations—that Caesars joined an industry trade association with alleged co-conspirators around the same time that it asked Plaintiffs to stop bidding on Caesars-related keywords—sufficiently state an antitrust conspiracy claim. *Id.* Caesars asserts these two allegations form the only facts against Caesars and are "precisely the speculative and conclusory allegations that are no longer permitted under *Iqbal* and *Twombly*." *Id.* at 3. Caesars urges the Court to decline to adopt the R&R, arguing the Magistrate Judge's conclusion violates longstanding Fifth Circuit precedent. *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Iqbal*, 556 U.S. at 679. First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* All allegations must be accepted as true and viewed in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

"Antitrust claims do not necessitate a higher pleading standard." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 373 (5th Cir. 2014). The inquiry considers whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. " '[D]etailed factual allegations' " are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). However, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## *DE NOVO* REVIEW

The R&R thoroughly reviews the allegations in the complaint. R&R at 70–71. Prior to late 2016, Caesars never actively or aggressively attempted to restrain Plaintiffs' branded keyword bidding. Docket No. 1 ¶ 142. In November 2016, senior executives from Caesars joined the American Hotel and Lodging Association ("AHLA") board of directors. *Id*. at ¶ 141. After joining the AHLA board, Caesars actively enforced branded keyword restriction provisions, including cutting off Plaintiffs' access to Caesars' hotel inventory by March 2017. *Id.* at ¶ 144. The Magistrate Judge concluded these facts, taken as true and viewed in the light most favorable to Plaintiff, state a claim for antitrust conspiracy against Caesars. R&R at 71. The Court agrees—Caesars' objections are without merit.

Caesars contends two cases demand the opposite conclusion: *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 541 (N.D. Tex. 2014), and *Marucci*, 751 F.3d at 375. The R&R relies on both cases and includes a very thorough review of *In re OTC*. *See* R&R *passim*. Caesars fails to explain how the Magistrate Judge allegedly erred in her analysis of either case. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (a district court need not consider "[f]rivolous, conclusive, or general objections"). The Magistrate Judge's analysis is correct, but nonetheless, the Court will briefly address both cases.

Caesars highlights *In re OTC*'s observation that "just because [a defendant] belonged to the same trade guild [or association] as one of [its] competitors when the parallel behavior occurs does not, without more, suggest a conspiracy formed. Put differently, the fact that defendants' decision-makers had [t]he opportunity to meet and conspire at trade shows, standing alone, isn't suspicious." 997 F. Supp. 2d at 541 (quotations omitted).

Caesars' analysis omits a crucial failure in the *In re OTC* pleading: "since the communications at these conferences took place no earlier than 2004, and the conspiracy allegedly formed in 2003, it is not clear these facts are even relevant to the issue at hand." *Id.* Plaintiffs here allege that Caesars never restrained trade before joining the AHLA, but immediately after joining the group, Caesars joined the alleged conspiracy. Docket No. 1 ¶ 141–144. These allegations, coupled with the preceding allegations about the larger conspiracy, are more than "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556.

As for *Marucci*, the plaintiff's complaint only "posit[ed], without further detail, that [two defendants] 'have engaged in a conspiracy' which 'consist[ed] of an understanding and concert of action among the defendants to enforce [an industry standard] with the purpose and effect of excluding new entrants and insulating [the alleged coconspirators] from competition in a relevant market.' " 751 F.3d at 375 (quoting the plaintiff's Second Amended Complaint). Caesars points to the Fifth Circuit's conclusion that these allegations failed to "allege any specific *facts* demonstrating an intention on the part of the [defendants], or any other party to engage in a conspiracy." 751 F.3d at 375 (emphasis in original). According to Caesars, Plaintiffs' complaint likewise "impermissibly replaces specific facts demonstrating an intention on the part of [the defendants] to engage in a conspiracy with conclusory allegations that support one of many inferential possibilities." Docket No. 187 at 4 (quotations omitted).

Again, Caesars' objection misses the mark. The *Marucci* complaint failed to allege *any facts* that *any defendant* engaged in a conspiracy. 751 F.3d at 375. Here, Plaintiffs' complaint lays out how the defendants formed a conspiracy that Caesars later joined Indeed, the allegations against Caesars fall squarely within *Marucci*'s "factual enhancement" categories including: (1)

Caesars' economically irrational unilateral keyword bidding restrictions; (2) the Defendants' opportunity to exchange information relative to the alleged conspiracy when Caesars joined the AHLA and (3) direct evidence that the AHLA routinely suggested the Defendants undertake actions bordering on collusion. *See* Docket No. 1 at ¶¶ 87–91, 124–31, 142–44. The Magistrate Judge correctly concluded that these allegations are not insufficient—a conclusion the other defendants did not object to.

## CONCLUSION

The findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby **ADOPTS** the Report of the United States Magistrate Judge (Docket No. 183) as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant Caesars Entertainment Corporation's Motion to Dismiss for Failure to State a Claim (Docket No. 55) and the supplement thereto (Docket No. 159) are **DENIED** and Caesars' objections are **OVERRULED**. It is further

**ORDERED** that the Joint Motion to Dismiss on Behalf of Defendants Hilton Domestic Operating Company Inc., Hyatt Hotels Corporation, Marriott International, Inc., Red Roof Inns, Inc., Six Continents Hotels, Inc. and Wyndham Hotel Group, LLC (Docket No. 53) is **DENIED**. It is further

**ORDERED** that Defendant Choice Hotels International, Inc.'s Motion to Dismiss for Failure to State a Claim (Docket No. 56) is **DENIED**.

**So ORDERED and SIGNED this 27th day of September, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE