# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| TRAVELPASS GROUP, LLC, | § | |
| PARTNER FUSION, INC. | § | |
| RESERVATION COUNTER, LLC | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | No. 5:18-cv-153-RWS-CMC |
| | § | |
| CAESARS ENTERTAINMENT | § | |
| CORPORATION, CHOICE HOTELS | § | |
| INTERNATIONAL, INC., HILTON | § | |
| DOMESTIC OPERATING COMPANY, | § | |
| INC., HYATT HOTELS | § | |
| CORPORATION, MARRIOTT | § | |
| INTERNATIONAL, INC., RED | § | |
| ROOF INNS, INC., SIX | § | |
| CONTINENTS HOTELS, INC. | § | |
| WYNDAM HOTEL GROUP, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

### ADTHENA INC.'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

Non-Party Adthena, Inc. moves to quash the Subpoena served by Plaintiffs Travelpass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC (collectively, "Travelpass" or "Plaintiffs"). Adthena, Inc. is a Delaware corporation with its principal place of business in Austin, Texas. It is a subsidiary of Adthena, Ltd., a company from the United Kingdom. Adthena, Inc. did not transact any business with the subject entities that form the basis of Plaintiffs' action. For these reasons, Adthena, Inc. respectfully requests that the Court enter an order protecting Adthena, Inc. in connection with these discovery requests as these requests are inappropriately targeted to Adthena, Inc.

**I.     Adthena, Inc. and Adthena, Ltd. are two distinct entities.**

1. Plaintiffs' subpoena (the "Subpoena") is directed to Adthena, Inc. Ex. 1, Subpoena.

2. Adthena, Inc. was formed on November 2, 2017, just over two years ago and more than three years after the alleged conspiracy was hatched by the named defendants in May 2014. *See,* Plaintiffs' Original Complaint at ¶ 92 (Dkt. No. 1).

3. The Subpoena generally asks for documents and communications between Adthena, Inc. and the named defendants and between Adthena and certain "Gatekeeper OTAs" as that term is therein defined.

4. Adthena, Inc. has not entered into any agreements with any of the named defendants or with any of the Gatekeeper OTAs. The only Adthena-related entity that could possibly have documents responsive to that request is Adthena, Ltd., which is based out of the United Kingdom, which has its own corporate formalities, and which does not have any business relationship with Adthena, Inc.

**II.    Plaintiffs are not entitled to documents from the subsidiary, Adthena, Inc.**

5. Adthena, Inc. has no possession, custody, or control of the majority of the documents requested by Plaintiffs. The rule is clear on whether a subsidiary has a legal right to the documents of its parent company:

> "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984). "Control" may also be found where an entity has "access to" and the "ability to obtain the documents." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 144 (S.D.N.Y.1997); *see also, e.g., In re Ski Train Fire of November 11, 2000 Kaprun Austria,* 2006 WL 1328259, *5 (S.D.N.Y.2006) (same); *Addamax Corp. v. Open Software Found., Inc.,* 148 F.R.D. 462, 467 (D.Mass.1993) (same). The party seeking to compel a subsidiary to produce the documents of its foreign parent has the burden of showing that the

2

> documents are within the local subsidiary's control. *See, e.g., State of New York v. Nat'l R.R. Passenger Corp.,* 233 F.R.D. 259 (N.D.N.Y.2006). "Access" and "ability to obtain documents" have been found where "documents ordinarily flow freely between" parent and subsidiary. *Hunter Douglas, Inc. v. Comfortex Corp.,* No. CIV. A. M8–85, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999).

*Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 141 (E.D.N.Y. 2009).

6. "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." FED. R. CIV. P. 26(c)(1). The Court has the authority to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" from the discovery process. *Id.* The Court has the authority to forbid the taking of the discovery under these circumstances. FED. R. CIV. P. 26(c)(1)(A).

7. Here, Adthena, Inc. is a subsidiary of Adthena, Ltd. The two Adthena entities respect the corporate formalities. The documents that belong to Adthena, Ltd. are kept separate and apart from Adthena, Inc. Most of these documents are not in the possession or control of Adthena, Inc.

8. Plaintiff could have chosen to direct and serve the Subpoena on Adthena, Ltd., but opted for the convenient yet incorrect choice.

9. The requests themselves are also overbroad, unduly burdensome, harassing, and vague in some respects, and those objections are being submitted concomitant with this Motion to Quash and for Protective Order.

10. This motion meets the other technical requirements under the Rules. The parties have conferred on this issue as attested to in the Certificate of Conference below. FED. R. CIV. P. 26(c)(1). The Certificate of Conference will be supplemented as appropriate. This Motion is also sought before Adthena, Inc.'s responses would be due. *Drexel Heritage Furnishings, Inc. v.*

*Furniture USA, Inc.*, 200 F.R.D. 255, 259 (M.D.N.C. 2001). Subject to these objections, Adthena, Inc. will be producing documents in response to the Subpoena.

## Conclusion

For these reasons, Non-Party Adthena, Inc. respectfully requests that the Court quash the subpoena served by Plaintiffs and enter an order protecting Adthena, Inc. from any further discovery requests in this matter. Non-Party Adthena, Inc. further prays for all such other relief to which it may show itself justly entitled.

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Glenn A. Ballard, Jr.*
    Glenn A. Ballard, Jr.
    SBN: 01650200
    Mukul S. Kelkar (*admission pending*)
    SBN: 24063682
    glenn.ballard@dentons.com
    mukul.kelkar@dentons.com
1221 McKinney Street, Suite 1900
Houston, Texas 77010-2006
Telephone: (713) 658-4600
Facsimile:  (713) 739-0834
**Attorneys for Non-Party Adthena, Inc.**

## Certificate of Conference

I certify that I conferred with counsel for Plaintiffs on April 22, 2020, and the parties will make every effort to resolve this motion without the Court's intervention.

    */s/ Glenn A. Ballard, Jr.*
    Glenn A. Ballard, Jr.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served on all parties of record on April 22, 2020.

                                      */s/ Glenn A. Ballard, Jr.*
                                      Glenn A. Ballard, Jr.

*Via E-Serve*
Christopher J. Schwegmann
Christopher W. Patton
Jared D. Eisenberg
Ruben A. Garcia
LYNN PINKER COX & HURST LLP
2100 Rose Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  214-981-3800
Facsimile: 214-981-3839
cschwegmann@lynnllp.com
cpatton@lynnllp.com
jeisenberg@lynnllp.com
rgarcia@lynnllp.com
**ATTORNEYS FOR PLAINTIFFS**

Tommy M. Schneider
Jason H. Him
SCHNEIDER WALLACE COTTRELL
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: 415-421-7100
Facsimile: 415-421-7105
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
**ATTORNEYS FOR PLAINTIFFS**

114555421\V-3