IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TRAVELPASS GROUP, LLC, <br> PARTNER FUSION, INC., and <br> RESERVATION COUNTER, LLC <br><br> Plaintiffs, <br><br> v. <br><br> CAESARS ENTERTAINMENT <br> CORPORATION, CHOICE HOTELS <br> INTERNATIONAL, INC., HILTON <br> DOMESTIC OPERATING COMPANY <br> INC., HYATT HOTELS <br> CORPORATION, MARRIOTT <br> INTERNATIONAL, INC., RED ROOF <br> INNS, INC., SIX CONTINENTS <br> HOTELS, INC., and WYNDHAM <br> HOTEL GROUP LLC <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Case No. 5:18-cv-00153-RWS-CMC |

## FIFTH AMENDED DOCKET CONTROL ORDER

Before the Court is the parties' Joint Motion to Amend Docket Control Order (Docket Entry # 284). The Court, having reviewed the joint motion, is of the opinion the motion should be **GRANTED, as modified herein**.

Pursuant to the Third Amended Docket Control Order and Fourth Amended Docket Control Order (which only extended the document production deadline), the Parties have been working diligently on meeting the discovery deadlines in this case. However, due to the COVID-19 global pandemic, and in light of the scope of additional discovery the Parties intend to conduct, the Parties request additional time to complete fact discovery and expert discovery. The Parties have conferred and jointly request that the Court extend the schedule as it pertains to fact and expert discovery deadlines by five months, with a three-and-a-half-month extension for document discovery.

The Parties recognize these proposed amendments will impact other dates on the schedule, "but rather than attempting to address those dates now during a time of great uncertainty, the Parties have left certain deadlines as 'unknown' and propose to submit to the Court by September 1, 2020 a suggested amendment to the remainder of the schedule once the impact of the COVID-19 pandemic is more clear." Docket Entry # 284 at p. 3. The Parties also request a status conference with the Court following the submission of that suggested amendment. *Id.* "The Parties think that this method for adjusting the schedule, while not typical, is the most efficient and effective given the current state of uncertainty." *Id.*

While the Court appreciates the unconventional suggestion, the Court does not find warranted at this time a departure from the Court's policy of having all remaining deadlines set forth in the governing docket control order. The Court finds good cause to extend the document production deadline to July 31, 2020, the expert witness deadline to November 30, 2020, and the fact discovery deadline to November 30, 2020 as requested by the Parties. However, considering the April 26, 2021 trial date, and further considering the modified dispositive and *Daubert* motions deadline as well as the modified pretrial conference and pretrial filings deadlines contained herein, the Court is unable to accommodate the full requested extension of the rebuttal expert and expert discovery deadlines. It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **3 DAYS after conclusion of Trial** | Parties to file **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>**EXHIBITS: See Order below regarding exhibits.** |
| **Trial Date**<br><br>**April 26, 2021**<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. JURY TRIAL before Judge Robert W. Schroeder III, Texarkana, Texas.**<br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |

| | |
|---|---|
| **April 26, 2021**<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. JURY SELECTION before Judge Robert W. Schroeder III, Texarkana, Texas.** |
| **April 12, 2021**<br><br>Court designated date – not flexible without good cause – Motion Required | **10:00 a.m. PRETRIAL CONFERENCE before Judge Caroline M. Craven, Texarkana, Texas.**<br><br>Lead trial counsel must attend the pretrial conference. |
| April 5, 2021 | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| April 5, 2021 | **File Responses to Motions *in Limine*.** |
| March 29, 2021 | **File Motions *in Limine* and pretrial objections**<br><br>The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine* or objection to pretrial disclosures. |
| March 29, 2021 | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials.**<br><br>Parties shall use the pretrial order form on Judge Schroeder's website.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| March 17, 2021 | Exchange Objections to Rebuttal Deposition Testimony. |
| March 17, 2021 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |

| | |
|---|---|
| March 10, 2021 | Exchange Rebuttal Designations and Objections to Deposition Testimony.<br><br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| February 24, 2021 | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof.<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| January 25, 2021<br><br>Court designated date – not flexible without good cause – Motion Required | **Any Remaining Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.<br><br>For each motion filed, the moving party shall provide the Court with one (1) copy of the completed briefing (opening motion, response, reply, and if applicable, surreply), excluding exhibits, in a three-ring binder appropriately tabbed. All documents SHALL be double-sided and must include the CM/ECF header. These copies shall be delivered to Judge Craven's chambers in Texarkana as soon as briefing has completed.<br><br>**Respond to Amended Pleadings** |
| January 25, 2021 | Parties to Identify Rebuttal Trial Witnesses. |
| January 18, 2021 | Parties to Identify Trial Witnesses; Amend Pleadings.<br><br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. |
| January 11, 2021 | Expert Discovery Deadline |

| | |
|---|---|
| January 4, 2021 | Parties designate rebuttal expert witnesses, rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| November 30, 2020 | Fact Discovery Deadline |
| November 30, 2020 | Parties with burden of proof designate expert witnesses. Expert witness reports due. Refer to Local Rules for required information. |
| July 31, 2020 | Document Production Deadline |
| January 31, 2020 | Adwords Data Production Deadline |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."

A party may request an oral hearing on a motion filed with the Court. Any such request shall be included in the text or in a footnote on the first page of the motion or any responsive pleading thereto. The Court does not hold telephonic hearings absent unusual circumstances.

## Other Limitations

(a) The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:

    (i) The fact that there are motions for summary judgment or motions to dismiss;
    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
    (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b) <u>Amendments to the Docket Control Order ("DCO")</u>: Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion shall include a chart

        in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). The motion to amend the DCO shall also include a proposed DCO in traditional two- column format that incorporates the requested changes and that <u>also lists all remaining dates</u>. In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c)     <u>Motions *in Limine*</u>: Each side is limited to one (1) motion *in limine* addressing no more than ten (10) disputed issues. In addition, the parties may file a joint motion *in limine* addressing any agreed issues. The Court views motions *in limine* as appropriate for those things that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. Rulings on motions *in limine* do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(d)     <u>Exhibits</u>: Each side is limited to designating 250 exhibits for trial absent a showing of good cause. The parties shall use the exhibit list sample form on Judge Schroeder's website.

(e)     <u>Deposition Designations</u>: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(f)     <u>Witness Lists</u>: The parties shall use the witness list sample form on Judge Schroeder's website.

## ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:

A.     <u>On the first day of trial</u>, each party is required to have on hand the following:
    (1)     One copy of their respective <u>original</u> exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.
    (2)     Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit and Witness Lists are available on Judge Schroeder's website.
    (3)     One (1) copy of all exhibits on disk(s), USB Flash Drive(s), or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

B.     The parties shall follow the process below to admit exhibits.
    (1) *On the first day of trial*, each party shall tender a preadmitted list of exhibits it plans to admit into evidence. This list shall include all exhibits which are NOT objected to or to which the Court has already overruled an objection. To the extent there are exhibits with outstanding objections for which the parties need a ruling from the Court, those exhibits should be separately included on the list and designated accordingly to reflect a pending objection. Parties shall entitle the list "[Plaintiff's/Defendant's] List of Preadmitted Exhibits." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

    (2) *On each subsequent day of trial*, the Court will commence by formally admitting all of the exhibits that were either unobjected to or allowed over objection and used during the previous

        day's trial. The Court will ask for these exhibits to be read into the record and formally admitted into evidence at the beginning of that trial day. These will be the exhibits deemed admitted at trial. The parties shall keep a separate running list of all exhibits admitted throughout the course of trial.

    (3)  *At the conclusion of evidence*, each party shall read into the record any exhibit that was used but not previously admitted during the course of trial and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits." To the extent there are exhibits that were not admitted during the course of trial, but for which there is agreement that they should be provided to the jury, the parties must inform the Court of those exhibits at the conclusion of evidence. The Court will then determine whether those exhibits will be allowed into the jury room for deliberations.

C.    At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial and shall tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D.    At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.    Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:
    (1)    A Final Exhibit List of Exhibits Admitted During Trial in Word format.
    (2)    CD(s) containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.
    (3)    A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

**SIGNED this 24th day of April, 2020.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE