# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC.<br><br>Defendants. | Case No. 5:18-cv-153-RWS-CMC |

## **AMENDED AGREED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Travel Pass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC (collectively, "Plaintiff"), and Defendants Caesars Entertainment Corporation, Choice Hotels International, Inc., Hilton Domestic Operating Company Inc., Hyatt Hotels Corporation, Marriott International, Inc., Red Roof Inns, Inc., Six Continents Hotels, Inc., and Wyndham Hotel Group, LLC (collectively, "Defendants"), with Plaintiff and Defendants together referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information by the Parties or any Non-Parties, including but not limited to subpoenaed Non-Parties; and

WHEREAS, the Parties seek an amended protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c), and have stipulated to the language of this Proposed Amended Agreed Protective Order;

**IT IS THEREFORE ORDERED THAT:**

**1.** **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, productions in response to subpoenas, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information, Highly Confidential Information, and Outside Attorneys' Eyes Only Information, all as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d)

medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

      **3.**      **Highly Confidential Information**. As used in this order, "Highly Confidential Information" means information designated "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," and which a producing party or non-party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual business, commercial, financial, competitive, or other market advantage over others; and (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party. For example only, documents designated Highly Confidential may include (but only to the extent the above-described criteria apply) but are not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) information that reveals trade secrets; (e) manufacturing know-how or technology; (f) board of directors materials and presentations; (g) customer information including lists; (h) negotiation strategies; (i) proprietary software, systems, or processes; (j) margin, cost, and pricing information; or (k) intellectual property.

      **4.**      **Outside Attorneys' Eyes Only Information**. As used in this order, "Outside Attorneys' Eyes Only Information" means information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and which a producing party or non-party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual

business, commercial, financial, competitive, or other market advantage over others; and (iii) its disclosure to any inside counsel for existing or potential business competitors or customers could reasonably be expected to cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party.

    **5.**    **Designation.**

    **(a)**    A party or non-party may designate a document as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential, Highly Confidential, or Outside Attorneys' Eyes Only Information. The marking to designate a confidentiality status shall be applied prior to or at the time the documents are produced or disclosed. Applying a confidentiality marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with a confidentiality status shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Confidential Information or Highly Confidential Information are not required to be marked.

    **(b)**    The designation of a document as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only, is a certification by an attorney or a party appearing pro se that the document contains Confidential Information, Highly Confidential

Information, or Outside Attorneys' Eyes Only information as defined in this order.[1]

**6.      Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information. The Highly Confidential Designation shall expire, for any non-designated portions of deposition testimony, in accordance with the following: No later than the thirtieth day after the transcript is delivered to any party or the witness by the court reporter for witness review, or in no event later than 60 days after the testimony was given (whichever is greater), a party may serve a Notice of Designation to all parties of record and the court reporter as to specific portions of the testimony that shall remain designated as Confidential Information or Highly Confidential Information, before the expiration of this time period. Thereafter only those portions of testimony identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court. Failure to serve a timely Notice of Designation shall not waive any Confidential or Highly Confidential designations of documents used during the deposition. Notwithstanding the foregoing, prior to 30 days after the transcript is delivered to any party or the witness by the court reporter for witness review, any party that wishes to disclose all or part of the transcript, or information contained therein, may provide written notice of its intent to treat specific portions of the transcript as non-confidential, after which time, any party that wants to maintain any portion or portions of the transcript as Confidential or Highly Confidential must designate those portions within fourteen

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but not need be admitted to practice in the Eastern District of Texas unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

(14) days, or else the transcript may be treated as non-confidential.

    **7.**    **Protection of Confidential Material**.

    **(a)**    **General Protections.** Confidential, Highly Confidential, and Outside Attorneys' Eyes Only Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b), (c) or (d) below, for any purpose whatsoever other than in this litigation, including any appeal thereof. For avoidance of doubt, no information or discovery obtained in this action may be used in the confidential AAA arbitration, Case No. 01-17-0002-2312, currently pending between Plaintiffs and Expedia Group, Inc.

    **(b)**    **Limited Disclosures: Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs 6(b)(1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    **(1)**    **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including in-house counsel as well as contract attorneys hired for review purposes;

    **(2)**    **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    **(3)**    **The Court and its personnel**;

    **(4)**    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    **(5)**    **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    **(6)**    **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(7)**    **Witnesses**. During depositions or testimony at trial or any hearing,

witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge. Disclosure to such person is limited to the portion of the document in which the person or person's conduct or knowledge is identified or referenced. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and shall complete the certification contained in Attachment A to this Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8)** **Authors or recipients**. The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation);

**(9)** **Identified Persons.** Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct or knowledge is identified or referenced, and such person has completed the certification contained in Attachment A to this Order; and

**(10)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Limited Disclosures: Highly Confidential Information.** Only the following categories of persons may be allowed to review Highly Confidential Information:

**(1)** **Counsel.** Only outside counsel for the parties, employees of such counsel who have responsibility for the action, contractors hired for review purposes, and certain in-house counsel who do not play a significant role in the competitive decision-making of the recipient parties and who have responsibility for the action ("Designated In-House Counsel") may be allowed to review materials designated **Highly Confidential**. Other in-house counsel may only review Highly Confidential materials in accordance with ¶ 6(c)(9) below.

**(2)** **The Court and its personnel**;

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A;

(6) **Witnesses**. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and shall complete the certification contained in Attachment A to this Order. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7) **Authors or recipients**. The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation).

(8) **Identified Persons**. Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person

or person's conduct is identified or referenced, and such person has completed the certification contained in Attachment A to this Order; and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(d) **Limited Disclosures: Outside Attorneys' Eyes Only Information.** If a Party or Non-Party produces documentation or other material labeled "Outside Attorneys' Eyes Only," only the following categories of persons may be allowed to review Outside Attorneys' Eyes Only Information.

(1) **Outside counsel for the parties**. including contract attorneys hired for

review purposes;

**(2)** **The Court and its personnel**;

**(3)** **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

**(4)** **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(5)** **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A to this Order;

**(6)** **Witnesses or Potential Witnesses.** If a party intends to show a particular document or range of documents with Outside Attorneys' Eyes Only Information to a witness or potential witness in preparation for or at a deposition:

> **(a)** That party shall provide 7 business days' notice to the producing party or non-party. If the producing party or non-party has no objection, the documents can be shown.
>
> **(b)** If the producing party or non-party objects, it may file a motion within that 7 business day period for the limited purpose of objecting to such a disclosure of Outside Attorneys' Eyes Only Information. If there is no timely motion, the document(s) can be shown. If the party intending to show the document(s) provided timely notice and, at the time of the deposition the Court has not ruled otherwise, the document(s) can be shown.

**(7)** **Authors or recipients**. The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation).

**(8)** **Identified Persons**. Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Outside Attorneys' Eyes Only Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has completed the certification contained in Attachment A to this Order; and

**(9)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

**(e)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to

prevent unauthorized or inadvertent disclosure of Confidential Information, Highly Confidential Information, and Outside Attorneys' Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for that deposition testimony. If a party designates a document as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information, or changes a designation (e.g., from Confidential to Highly Confidential) after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with its new designation and the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information.

9. **Increasing the Designation of a Party's Materials Produced by Another Party or Non-Party**. A party may increase the confidentiality designation (i.e., change the designation of any discovery material without any designation to a designation of "Confidential Information," or change material with a designation of "Confidential Information" to "Highly Confidential Information" or "Outside Attorneys' Eyes Only Information") of protected material produced by any other party or non-party, provided that (a) said material contains the Confidential Information,

Highly Confidential Information, or Outside Attorneys' Eyes Only Information of the party seeking to increase the confidentiality designation; and (b) the producing party was not authorized to receive that information, or received it in a commercial relationship or other circumstances where it had an obligation to protect its confidentiality, including but not limited to obligations imposed by a protective order. Any such increase in the designation of a document shall be made within 90 days of the date of its production, unless good cause is shown for a later increase in the designation. Increasing a designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the material whose designation is to be increased. Promptly after providing such notice, the party seeking to increase the confidentiality designation shall provide re-labeled copies of the material to each other party, reflecting the change in designation. All parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any party may object to the increased designation pursuant to the procedures set forth in Paragraph 13 regarding challenging designations.

10. **Unauthorized Disclosure or Use**. If a party learns that it or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential Information, Highly Confidential Information or Outside Attorneys' Eyes Only Information in any circumstance not authorized under this Order, that party must within two (2) business days of learning of such disclosure (a) notify the designating party or non-party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected materials disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Attachment A to this Order.

11. **Filing of Confidential, Highly Confidential, or Outside Attorneys' Eyes Only**

**Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR CV-5(a)(7).

      12.    **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

      13.    **Third Parties**. The parties conducting discovery from third parties shall attach this Order to a copy of any subpoena or discovery request. Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

      14.    **Challenges by a Party to Designation as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Information.** The designation of any material or document as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only is subject to challenge by any party. The following procedure shall apply to any such challenge.

      (a)    **Meet and Confer.** A party challenging the designation of Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

      (b)    **Judicial Intervention.** A party that elects to challenge a confidentiality

designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only, under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential Information or Highly Confidential Information.

15. **Action by the Court.** As described in this Protective Order, applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

16. **Use of Confidential, Highly Confidential, or Outside Attorneys' Eyes Only Documents or Information at Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential, Highly Confidential, or Outside Attorneys' Eyes Only information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information, Highly Confidential, or Outside Attorneys' Eyes Only Information to categories of persons not permitted to see it under Section 6 of this Order. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation or Investigation.**

**(a)** If a receiving party is served with (1) a subpoena or a court order issued in other litigation, or (2) a formal written request made pursuant to state or federal law or other statutory authority by a state or federal law enforcement or regulatory entity, like a Civil Investigative Demand or its equivalent (a "Government Request"), that would compel disclosure of any material or document designated in this action as Confidential Information, Highly Confidential, or Outside Attorneys' Eyes Only Information, the receiving party must so notify the designating party or Non-Party, in writing, immediately and in no event more than three court days after receiving the subpoena, court order, or Government Request. Such notification must include a copy of the subpoena, court order, or Government Request.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena, court order, or Government Request to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the person or entity that caused the subpoena, court order, or Government Request to issue.

**(c)** The receiving party must also refrain from producing any material or document that was produced by a non-party and that is designated by the producing non-party as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information, unless and until (a) it obtains consent from the producing non-party in writing; or (b) further order of this Court or any other court requiring or allowing production, or (c) the passage of 14 business days from the day the producing party or non-party was given notice under Section 17(a) without the filing of a motion or petition by the producing party or non-party. The receiving party will not oppose any reasonable procedures sought to be pursued by the producing non-party in order to protect the confidentiality of Confidential, Highly Confidential or Outside Attorneys' Eyes Only materials produced by the producing non-party in this action.

**(d)** The purpose of imposing these duties is to alert the interested persons to

the existence of this Order and to afford the designating party or Non-Party in this case an opportunity to try to protect its Confidential Information, Highly Confidential or Outside Attorneys' Eyes Only Information by seeking the assistance of this Court and/or the court from which the subpoena or order issued or as part of any governmental investigation. The designating party or Non-Party shall bear the burden and its expense of seeking protection from this Court or any other court or government authority for its Confidential, Highly Confidential, or Outside Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court or a Government Request. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information designated by another party or Non-Party to this case.

**18. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**19. Obligations on Conclusion of Litigation**.

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, Highly Confidential Information, and Outside Attorneys' Eyes Only Information under this Order, including copies as defined in ¶ 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that

party elects to destroy the documents and certifies to the producing party that it has done so; or (4) the document is subject to a subpoena, document request, or Government Request at the time.

**(c)   Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information.

**(d)   Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

20.   **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

21.   **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Rule

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

22. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

SIGNED this 6th day of May, 2020.

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC.<br>　　　　Defendants. | Case No. 5:18-cv-153-RWS-CMC<br><br>Hon. Robert W. Schroeder III<br>Magistrate Judge Caroline Craven |

**ACKNOWLEDGEMENT
AND
AGREEMENT TO BE BOUND**

　　　　The undersigned hereby acknowledges that he/she has read the Amended Agreed Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Texas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information, Highly Confidential Information, or Outside Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential, Highly Confidential, or Outside Attorneys' Eyes Only Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____         _____
                                                                          Signature