UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., and RESERVATION COUNTER, LLC,<br><br>                                        Plaintiffs,<br><br>    v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., and WYNDHAM HOTEL GROUP LLC,<br><br>                                        Defendants. | Case No. 5:18-cv-00153-RWS-CMC<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' OPPOSED MOTION TO AMEND THE DISCOVERY ORDER

Defendants Caesars Entertainment Corporation ("Caesars"), Choice Hotels International, Inc. ("Choice"), Hilton Domestic Operating Company, Inc. ("Hilton"), Marriott International, Inc. ("Marriott"), Six Continents Hotels, Inc. ("Six Continents"), and Wyndham Hotel Group LLC ("Wyndham") (collectively, "Defendants") respectfully request the Court amend the Discovery Order (Dkt. No. 112) to increase the number of expert witnesses allowed from three per side to five per side.  Good cause exists to increase the number of expert witnesses because of the counterclaims brought by Caesars, Choice, Hilton, Marriott, and Six Continents (the "Counterclaimants") for trademark infringement, unfair competition and false designation of origin, trademark dilution, false advertising, and injury to business reputation.[1]  The counterclaims were timely and properly filed approximately six months after the Discovery Order was entered.

---

[1] While Wyndham did not bring counterclaims, it joins in this request for relief, given the need for the existing three allotted defense experts to address the issues raised by Plaintiffs' own claims.

**DEFENDANTS' OPPOSED MOTION TO AMEND THE DISCOVERY ORDER – Page 1**

I.      BACKGROUND

On March 21, 2019, the Parties filed an Agreed Joint Motion for Entry of Discovery Order (Dkt. No. 87), and the Court entered the Discovery Order on April 17, 2019.  Dkt. No. 112. Defendants believed that three expert witnesses would be sufficient to defend themselves against Plaintiffs' claims.  However, as Defendants began to further investigate Plaintiffs' claims and business practices over the next several months, the Counterclaimants asserted multiple counterclaims against the Plaintiffs on October 11, 2019—six months after the Court entered the Discovery Order.[2]  These trademark, unfair competition and false advertising counterclaims are substantively distinct from the antitrust and tortious interference claims asserted by the Plaintiffs, and thus require different experts from those that the Counterclaimants anticipate using to defend against Plaintiffs' claims.  Good cause exists to increase the number of expert witnesses allowed to permit Counterclaimants, who bear the burden of proof on their counterclaims, to present expert testimony that is specific to those claims.  The current limit did not allow for that possibility because when the parties agreed to the Discovery Order in March of 2019, Defendants had not decided to assert, let alone actually filed, the counterclaims.  *See* Dkt. No. 112 at ¶ (4)(e).

Plaintiffs have acknowledged multiple times that the Counterclaimants' assertion of their counterclaims merit amendment of the Discovery Order.  For example, on February 26, 2020, counsel for Plaintiffs wrote to counsel for Defendants to request production of additional email ESI from several additional custodians "[i]n light of the counterclaims Defendants asserted after the Court entered the E-Discovery Order." Exhibit A.  And then again on August 31, 2020, counsel for Plaintiffs emailed counsel for Defendants requesting to amend the Discovery Order to allow for additional depositions per Defendant because it "was negotiated in early 2019, long before []

---

[2] The Defendants asserted a total of twenty-four counterclaims against Plaintiffs.  *See* Dkt. Nos. 208, 210, 211, 215, and 217.

**DEFENDANTS' OPPOSED MOTION TO AMEND THE DISCOVERY ORDER – Page 2**

certain Defendants asserted trademark counterclaims . . . ." Exhibit B.  Defendants did not oppose. Notwithstanding Defendants' non-opposition to Plaintiffs' requests to modify the outdated Discovery Order to permit Plaintiffs to pursue additional discovery in light of the counterclaims, Plaintiffs refuse to acknowledge that the same concept applies equally to the expert limit and oppose Defendants' request to enlarge that limit to permit expert testimony on counterclaims-related issues.

Defendants contacted Plaintiffs about increasing the number of expert witnesses per side in February 2020,[3] but Plaintiffs refused to engage in that conversation until Defendants agreed to their request for additional custodians.  After Plaintiffs again requested to amend the Discovery Order on August 31, 2020 to allow for more depositions, Defendants again made their request to increase the number of expert witnesses on September 18, 2020.  Specifically, Defendants proposed modifying Paragraph 4(e) to allow for five expert witnesses per side instead of three in light of Defendants' counterclaims.  However, after multiple meet and confers, the Parties reached an impasse, and Plaintiffs oppose Defendants' proposed amendment.

## II.     GOOD CAUSE EXISTS TO AMEND THE DISCOVERY ORDER

As Plaintiffs have stated on multiple occasions, the Discovery Order is outdated and was negotiated long before the counterclaims were due or pleaded.  *See* Exhibits A and B.  As such, good cause exists to amend the discovery order to increase the number of expert witnesses allowed in this case.  Paragraph 4(e) currently states:

> **Experts**. Each side (Plaintiffs and Defendants) shall be permitted to proffer up to three expert witnesses apiece to opine on issues common to all Plaintiffs or all Defendants. As there are multiple parties on each side and each party may require specific expert analysis that is not common to all Plaintiffs or all Defendants, each individual party shall also be permitted to proffer up to one

---

[3] Notably, Defendants originally proposed to double the number of expert witnesses (i.e. three additional experts per side) in light of the counterclaims.  However, in an attempt to reach a reasonable compromise, Defendants dropped their request to two additional expert witnesses per side.

**DEFENDANTS' OPPOSED MOTION TO AMEND THE DISCOVERY ORDER – Page 3**

>additional expert to address any issues unique to that individual party. If any individual party expert is permitted, the parties on the opposite side shall jointly be permitted to proffer one counter-expert specific to such individual party expert.

Dkt. No. 112. The Parties agreed that three joint expert witnesses per side would be sufficient to prosecute and defend Plaintiffs' antitrust claims, but good cause now exists to allow for two additional experts in light of the counterclaims.

### A.     The Counterclaims Require Expert Testimony

Counterclaimants asserted twenty-four counterclaims, including but not limited to claims for trademark infringement, unfair competition and false designation of origin, trademark dilution, false advertising, and injury to business reputation. Specialized knowledge and expert testimony will assist the trier of fact in determining relevant issues in these counterclaims. *See* Fed. R. Evid. 702; *see also Alexander v. Martin*, No. 2:08CV400, 2010 WL 11530629, at *4 (E.D. Tex. June 7, 2010) (holding that an expert's opinions will assist the trier of fact in determining relevant facts and issues). While Counterclaimants are still evaluating the specific expert witnesses they would call, some combination of a damages expert and one or more experts that may testify on certain of the likelihood of confusion factors would assist the Court in understanding the nature and consequences of the behavior set forth in the counterclaims. In particular, the Counterclaimants would use these experts to explain how Plaintiffs' bad acts have negatively affected their business and deceived the public. As such, Counterclaimants respectfully seek two additional expert witnesses to effectively prosecute their counterclaims.

### B.     Plaintiffs Will Not Be Prejudiced

Defendants' request is proper and timely, and Plaintiffs will not be prejudiced. First, the current deadline for Parties with the burden of proof to designate expert witnesses is not until November 30, 2020. During the Parties' final meet and confer, counsel for Plaintiffs stated they are concerned they will not have enough time in the current schedule to rebut Defendants' expert

witnesses. However, the case schedule already provides a deadline for Parties to disclose rebuttal expert witnesses and serve rebuttal expert reports (Dkt. No. 285), and Defendants face the exact same dilemma in rebutting Plaintiffs' affirmative expert witnesses. As such, Plaintiffs' alleged undue burden is unfounded.

Second, Defendants' proposal to add two joint expert witnesses applies solely to their counterclaims. Defendants will not use these additional experts to rebut Plaintiffs' antitrust claims, as the Parties already agreed that three joint experts would be sufficient for those claims. Moreover, this proposal applies equally to both sides—Defendants would receive two additional joint experts for the counterclaims, and Plaintiffs will also receive two additional experts to rebut them.

Finally, Plaintiffs cannot have their cake and eat it too. Plaintiffs requested to amend the Discovery Order to allow for more document and testimonial discovery because it "was negotiated in early 2019, long before [] certain Defendants asserted trademark counterclaims . . . ." Exhibits A and B. Defendants did not oppose. Plaintiffs cannot claim they will somehow be prejudiced by Defendants' request to amend the Discovery Order when Plaintiffs requested a modification for the exact same reason—the pending counterclaims. There is no dispute that this case involves complex legal and factual issues,[4] and Defendants' assertion of twenty-four counterclaims only added to the complexity. As such, the need for additional expert witnesses is necessary, and Plaintiffs will not be burdened unduly by this appropriate modification.

---

[4] During the April 17, 2019 motions hearing, months before the counterclaims were added to this case, Plaintiffs' counsel asked this Court for more search terms than provided in the standard E-Discovery Order "giving the breadth of the issues involved, the complex nature of the case, the number of parties, and the amount of third party [discovery] we would have to do." April 17, 2019 Hr'g. Tr. at 22:9-14.

**DEFENDANTS' OPPOSED MOTION TO AMEND THE DISCOVERY ORDER – Page 5**

### III. CONCLUSION

For all these reasons, Defendants respectfully request the Court amend Paragraph 4(e) of the Discovery Order to allow each side to proffer up to five joint expert witnesses.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: criddell@haltondoan.com

Shari Ross Lahlou
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
Email: shari.lahlou@dechert.com

Jeffrey L. Poston
Luke van Houwelingen
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 624-5116
Email: JPoston@crowell.com
Email: LvanHouwelingen@crowell.com

**ATTORNEYS FOR DEFENDANT MARRIOTT INTERNATIONAL, INC.**

*/s/ David Reichenberg*
David Reichenberg
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Tel: (212) 883-4956
Fax: (212) 986-0604
dreichenberg@cozen.com

David E. Zerhusen
COZEN O'CONNOR
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
Tel: (702) 470-2320
Fax: (702) 470-2355
dzerhusen@cozen.com

Lezlie Madden
COZEN O'CONNOR
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
Tel: (215) 665-7286
Fax: (215) 701-2127
lmadden@cozen.com

William E. Davis, III
DAVIS FIRM P.C.
213 North Fredonia
Longview, TX 75601
Tel: (903) 230-9090
bdavis@bdavisfirm.com

**COUNSEL FOR CAESARS ENTERTAINMENT CORPORATION**

*/s/ Justin W. Bernick*
Justin W. Bernick
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
justin.bernick@hoganlovells.com

Maria Wyckoff Boyce
HOGAN LOVELLS US LLP
609 Main Street, Ste. 4200
Houston, TX 77002
Tel: (713) 632-1410
Fax: (713) 632-1401
maria.boyce@hoganlovells.com

**DEFENDANTS' OPPOSED MOTION TO AMEND THE DISCOVERY ORDER – Page 7**

        Michael E. Jones
Robert E. Sterken, III
POTTER MINTON PC
110 North College Avenue, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
robert.sterken@potterminton.com

**COUNSEL FOR DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.**

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323, Ste. 400
Tyler, Texas 75701
Tel: (903) 509-5000
Fax: (903) 509-5092
jainsworth@wilsonlawfirm.com
Carrie C. Mahan
Brianne L. Kucerik
Jonathan S. Goldsmith
WEIL GOTSHAL & MANGES LLP
2001 M Street, N.W., Ste. 600
Washington, D.C. 20036
Tel: (202) 682-7000
Fax: (202) 857-0940
carrie.mahan@weil.com
brianne.kucerik@weil.com
jonathan.goldsmith@weil.com

Randi W. Singer
Adam Hemlock
Xiaoxi Tu
Rachel E. Crosswell
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (202) 310-8007
randi.singer@weil.com
adam.hemlock@weil.com
xiaoxi.tu@weil.com
rachel.crosswell@weil.com

**COUNSEL FOR HILTON DOMESTIC OPERATING COMPANY INC. AND HILTON INTERNATIONAL HOLDING LLC**

*/s/ Jeffrey S. Cashdan*
Jeffrey S. Cashdan (admitted pro hac vice)
jcashdan@kslaw.com
Emily S. Newton (admitted pro hac vice)
enewton@kslaw.com
Russell Blythe (admitted pro hac vice)
rblythe@kslaw.com
Danielle Chattin (admitted pro hac vice)
dchattin@kslaw.com
Lohr A. Beck (admitted pro hac vice)
Lohr.beck@kslaw.com
Logan Hobson (admitted pro hac vice)
lhobson@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Deron Dacus
Texas Bar No. 00790553
Shannon Dacus
Texas Bar No. 00791004
THE DACUS FIRM, P.C.
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com
sdacus@dacusfirm.com

**COUNSEL FOR DEFENDANT SIX CONTINENTS HOTELS, INC.**

*/s/ Lance Lee*
Lance Lee
Texas Bar No. 24004762
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276
Fax: (903) 223-0210
wlancelee@gmail.com

Paula J. Morency
Ann H. MacDonald
Michael K. Molzberger
SCHIFF HARDIN LLP
233 S. Wacker Drive, Ste. 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
pmorency@schiffhardin.com
amacdonald@schiffhardin.com
mmolzberger@schiffhardin.com

Robert J. Wierenga
SCHIFF HARDIN LLP
350 South Main Street, Ste. 210
Ann Arbor, MI 48104
Tel: (734) 222-1500
Fax: (734) 222-1501
rwierenga@schiffhardin.com

**COUNSEL FOR DEFENDANT WYNDHAM HOTEL GROUP LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, on this 7th day of October, 2020.

*/s/ Jennifer H. Doan*
Jennifer H. Doan

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that lead and local counsel for Plaintiffs (Chris Schwegmann and Cory Johnson) and lead and local counsel for the Defendants (Shari Lahlou, Cole Riddell, and others) met and conferred by telephone on October 1, 2020 in compliance with Local Rule CV-7(h).  The Parties reached an impasse because Plaintiffs do not agree to add two additional expert witnesses per side.  As such, Plaintiffs oppose this motion.

*/s/ Cole A. Riddell*
Cole A. Riddell