UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., and RESERVATION COUNTER, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., and WYNDHAM HOTEL GROUP LLC,<br><br>Defendants. | Case No. 5:18-cv-00153-RWS-CMC<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO AMEND THE DISCOVERY ORDER**

Plaintiffs' suggestion that Defendants' Motion to Amend the Discovery Order (Dkt. No. 355, "Motion") is untimely is simply incorrect. And Plaintiffs have failed to articulate how any perceived delay prejudices them or otherwise disrupts the efficient progress of the case. As detailed below, Defendants' Motion should be granted to allow the Counterclaimants to proffer expert testimony in support of their counterclaims.

As to timeliness, Defendants filed their Motion on October 7, 2020—almost two months before the parties with the burden of proof are required to disclose expert witnesses, three months before parties are required to disclose rebuttal expert witnesses, and over three months before the close of expert discovery. *See* Dkt. No. 285. Indeed, Defendants first raised this issue as early as

February 2020, seven months before filing the pending Motion.[1] Dkt. No. 364 at p. 3. To the extent Plaintiffs suggest that they would somehow be prejudiced in light of the approaching fact discovery deadline, the argument makes no sense. If Plaintiffs believed that they needed additional fact discovery to address the counterclaims, they could and should have sought such discovery during the allotted period—indeed, they did precisely that, including by requesting additional email custodians, ESI, and search terms as well as additional depositions from some Counterclaimants. Allowing expert testimony to address counterclaim-specific issues has no bearing on that. Plaintiffs would be in the same position regardless.

Plaintiffs' arguments that they will be prejudiced if additional experts are permitted because they will not have sufficient time to rebut those experts' testimony and the trial date will have to move as a result also ignores the practical realities of the schedule. To be sure, Defendants share Plaintiffs' concerns about the current case schedule, including in particular the time allotted for rebuttal expert reports (*see* Dkt. No. 365). Putting aside the irony that Plaintiffs are complaining about being prejudiced by the exact same rebuttal expert timeline Defendants are subject to, the compressed deadlines the Parties face under the current case schedule and the number of experts permitted are completely unrelated. Plaintiffs do not deny that Defendants could in theory use one or more of the currently permitted three expert slots originally contemplated to address Plaintiffs' claims to instead address counterclaim-specific issues. In that event, Plaintiffs would still be subject to the same rebuttal expert discovery timeline. As the Court is aware, Defendants recently filed a Motion to Amend the Docket Control Order in large part to address the compressed expert disclosure and discovery schedule, as well as the other compressed

---

[1] Defendants did not believe their request to amend the Discovery Order would require motion practice based on prior conversations with Plaintiffs' counsel, especially considering Plaintiffs' requests to modify this Court's orders for the exact same reasons (*see* Dkt. Nos. 355-2 and 355-3). Nevertheless, Defendants filed this Motion as soon as the parties reached an impasse.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND THE DISCOVERY ORDER** – Page 2

pretrial intervals that resulted from the last amended Docket Control Order, which in turn would result in moving the trial date. Plaintiffs plan to oppose that motion, assuming they would not be subject to the compressed expert rebuttal schedule, but faced with the prospect that they may, they claim prejudice. But any prejudice applies to the parties equally. In any event, nothing about the number of experts permitted itself affects the schedule or trial date—they are independent issues and Defendants will meet the dates set by the Court.

Finally, Plaintiffs mistakenly argue that the Defendants are required to identify which experts they intend to use or disclose the specific subject matter of their testimony prior to the Court's deadline. But requiring disclosure by one side prior to the court-ordered deadline is not standard practice in this Court or any other court in the Eastern District of Texas. Under the Docket Control Order, the Parties with the burden of proof are not required to disclose their expert witnesses until November 30, 2020. Dkt. No. 285. Although the Counterclaimants may not have finally decided which expert(s) they will designate, or the precise subject matter of their testimony, they are not yet required to do so under the current Docket Control Order. The Counterclaimants have, however, informed both the Court and Plaintiffs that they intend to timely designate "some combination of a damages expert and one or more experts that may testify on certain of the likelihood of confusion factors [that] would assist the Court in understanding the nature and consequences of the behavior set forth in the counterclaims." Dkt. No. 355 at p. 4. This is more information than is required at this stage, and more information than Plaintiffs have disclosed about any of their potential expert witnesses.

For all these reasons, and the reasons discussed in Defendants' Motion (Dkt. No. 355), Defendants respectfully request the Court amend Paragraph 4(e) of the Discovery Order to allow each side to proffer up to five joint expert witnesses.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND THE DISCOVERY ORDER** – Page 3

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: criddell@haltondoan.com

Shari Ross Lahlou
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
Email: shari.lahlou@dechert.com

Jeffrey L. Poston
Luke van Houwelingen
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 624-5116
Email: JPoston@crowell.com
Email: LvanHouwelingen@crowell.com

**ATTORNEYS FOR DEFENDANT MARRIOTT INTERNATIONAL, INC.**

*/s/ David Reichenberg*
David Reichenberg
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Tel: (212) 883-4956
Fax: (212) 986-0604
dreichenberg@cozen.com
David E. Zerhusen
COZEN O'CONNOR
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
Tel: (702) 470-2320
Fax: (702) 470-2355
dzerhusen@cozen.com

        Lezlie Madden
COZEN O'CONNOR
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
Tel: (215) 665-7286
Fax: (215) 701-2127
lmadden@cozen.com

William E. Davis, III
DAVIS FIRM P.C.
213 North Fredonia
Longview, TX 75601
Tel: (903) 230-9090
bdavis@bdavisfirm.com

**COUNSEL FOR CAESARS ENTERTAINMENT CORPORATION**

*/s/ Justin W. Bernick*
Justin W. Bernick
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
justin.bernick@hoganlovells.com

Maria Wyckoff Boyce
HOGAN LOVELLS US LLP
609 Main Street, Ste. 4200
Houston, TX 77002
Tel: (713) 632-1410
Fax: (713) 632-1401
maria.boyce@hoganlovells.com

        Michael E. Jones
Robert E. Sterken, III
POTTER MINTON PC
110 North College Avenue, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
robert.sterken@potterminton.com

**COUNSEL FOR DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.**

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323, Ste. 400
Tyler, Texas 75701
Tel: (903) 509-5000
Fax: (903) 509-5092
jainsworth@wilsonlawfirm.com
Carrie C. Mahan
Brianne L. Kucerik
Jonathan S. Goldsmith
WEIL GOTSHAL & MANGES LLP
2001 M Street, N.W., Ste. 600
Washington, D.C. 20036
Tel: (202) 682-7000
Fax: (202) 857-0940
carrie.mahan@weil.com
brianne.kucerik@weil.com
jonathan.goldsmith@weil.com

        Randi W. Singer
        Adam Hemlock
        Xiaoxi Tu
        Rachel E. Crosswell
        WEIL GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, NY 10153
        Tel: (212) 310-8000
        Fax: (202) 310-8007
        randi.singer@weil.com
        adam.hemlock@weil.com
        xiaoxi.tu@weil.com
        rachel.crosswell@weil.com

        **COUNSEL FOR HILTON DOMESTIC OPERATING COMPANY INC. AND HILTON INTERNATIONAL HOLDING LLC**

        */s/ Jeffrey S. Cashdan*
        Jeffrey S. Cashdan (admitted pro hac vice)
        jcashdan@kslaw.com
        Emily S. Newton (admitted pro hac vice)
        enewton@kslaw.com
        Russell Blythe (admitted pro hac vice)
        rblythe@kslaw.com
        Danielle Chattin (admitted pro hac vice)
        dchattin@kslaw.com
        Lohr A. Beck (admitted pro hac vice)
        Lohr.beck@kslaw.com
        Logan Hobson (admitted pro hac vice)
        lhobson@kslaw.com
        KING & SPALDING LLP
        1180 Peachtree Street, NE
        Atlanta, GA 30309
        Telephone: (404) 572-4600
        Facsimile: (404) 572-5100

Deron Dacus
Texas Bar No. 00790553
Shannon Dacus
Texas Bar No. 00791004
THE DACUS FIRM, P.C.
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com
sdacus@dacusfirm.com

**COUNSEL FOR DEFENDANT SIX CONTINENTS HOTELS, INC.**

*/s/ Lance Lee*
Lance Lee
Texas Bar No. 24004762
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276
Fax: (903) 223-0210
wlancelee@gmail.com

Paula J. Morency
Ann H. MacDonald
Michael K. Molzberger
SCHIFF HARDIN LLP
233 S. Wacker Drive, Ste. 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
pmorency@schiffhardin.com
amacdonald@schiffhardin.com
mmolzberger@schiffhardin.com

Robert J. Wierenga
SCHIFF HARDIN LLP
350 South Main Street, Ste. 210
Ann Arbor, MI 48104
Tel: (734) 222-1500
Fax: (734) 222-1501
rwierenga@schiffhardin.com

**COUNSEL FOR DEFENDANT WYNDHAM HOTEL GROUP LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, on this 30th day of October, 2020.

*/s/ Jennifer H. Doan*
Jennifer H. Doan
