**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TravelPass Group, LLC, Partner Fusion, Inc., Reservation Counter, LLC,<br><br>                     Plaintiffs,<br><br>           v.<br><br>Caesars Entertainment Corporation, Choice Hotels International, Inc., Hilton Domestic Operating Company Inc., Hyatt Hotels Corporation, Marriott International, Inc., Red Roof Inns, Inc., Six Continents Hotels, Inc., Wyndham Hotel Group, LLC,<br><br>                  Defendants. | Case No. 5:18-cv-153-RWS-CMC<br><br><br>**FILED UNDER SEAL** |

**DEFENDANTS' MOTION TO COMPEL**

Plaintiffs (collectively, "TravelPass") claim that Defendants' alleged conduct caused them harm and resulting damages by lowering the valuation of the company in the eyes of investors. Indeed, TravelPass specifically claims that a potential purchaser valued TravelPass at $165 million and bailed on the deal due to Defendants' alleged conduct. *See* Compl. ¶ 160.  Discovery has proven this allegation  false. ████████████████████████████████████

████████████████████████████████████████████

Defendants have now learned through the recent testimony of one of Plaintiffs' corporate representatives, Mr. Ryan McCoy, TravelPass' Chief Executive Officer, that TravelPass failed to produce highly relevant, non-privileged documents, related to these topics, including ██

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

TravelPass' refusal to produce this information reflects a strategy of invoking "privilege" or "confidentiality" in an attempt to refuse to disclose information that undercuts its claims and defenses, while selectively disclosing similar information when it deems the information helpful. TravelPass wields "privilege" and "confidentiality" as both a sword and a shield.  ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████.  TravelPass also claims that contemporaneous business valuations show the harm to Travelpass' business caused by Defendants, *see* Compl. ¶¶ 160-163, while refusing to produce a contemporaneous valuation based on unfounded privilege claims.

This is not the first time this tactic has required Defendants to seek relief.  TravelPass used privilege as a shield ██████████████████████████████████████████. It then used those same communications as a sword when ██████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████

Defendants are entitled to "any nonprivileged matter that is relevant to any party's claim or defense" Fed. R. Civ. P. 26(b)(1), not just the information that TravelPass deems *helpful* to their claims and defenses.  Accordingly, Defendants request that the Court compel TravelPass to produce the requested documents.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence." *Huawei Techs. Co. v. Huang*, No. 4:17-CV-00893, 2018 WL 3862061, at *2 (E.D. Tex. Aug. 14, 2018) (internal citations omitted). "The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. 2:07-CV-262(TJW), 2010 WL 774878, at *1 (E.D. Tex. Mar. 2, 2010).

## ARGUMENT

On December 17 and 18, 2020, less than ten business days before the close of fact discovery, TravelPass revealed various deficiencies in its productions through testimony in Defendants' 30(b)(6) deposition of one of TravelPass' corporate representatives, Mr. McCoy.

Defendants served a letter on TravelPass on December 22, 2020, requesting that TravelPass cure the identified deficiencies.[1]  On December 29, 2020, the Parties completed a final meet and confer as required by Local Rule CV-7(h), reaching an impasse with regard to three categories of documents: ██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████  Each of these categories of withheld documents are indisputably relevant, as Mr. McCoy explained at his deposition.  And TravelPass has not proffered a sufficient explanation as to why these documents are privileged or otherwise protected from disclosure.  Finally, "confidentiality" is not a sufficient justification for withholding the documents when there is a Protective Order in place in this matter (Dkt. 288).

## I.      Damages Analyses Related to TravelPass' Litigation and Arbitration with Expedia

TravelPass sued Expedia in 2017 accusing Expedia of entering into the same "anticompetitive" agreement with hotels to restrict keyword bidding that it alleges in this case, and claiming that Expedia's enforcement of those provisions breached TravelPass' separate agreement with Expedia.  *TravelPass Group, LLC v. Expedia Inc.,* Case No. 2:17-cv-00246 (D. Utah) (Dkt. 1 at ¶¶ 1, 30-33, 70).  TravelPass also accused Expedia of misappropriating TravelPass' trade secrets. *Id*. at ¶ 1. TravelPass alleged that, because of the alleged misappropriation that began in 2014, TravelPass had lost "almost 90%" of its enterprise value by 2017.  *Id*. at ¶ 42.  TravelPass subsequently settled the dispute with Expedia in arbitration.

---

[1]      TravelPass agreed to produce certain documents and information requested in that letter, and agreed that Defendants may seek relief after the close of fact discovery should TravelPass fail to produce the agreed-upon documents and information.  This motion pertains to the categories of documents on which the parties could not reach agreement.

During the course of his deposition, Mr. McCoy testified that TravelPass retained an expert to calculate TravelPass' damages from Expedia's alleged conduct and, in consultation with Travelpass' counsel, verbally disclosed an estimate of that expert's damages calculation. Ex. A., 137:3-19, Dec. 18, 2020.  This damages analysis is highly relevant to evaluating TravelPass' alleged damages in this action given the overlapping legal theories alleged against Expedia and Defendants here.   In particular, in the Expedia arbitration, TravelPass' expert calculated a devaluation in TravelPass' business attributable to Expedia, which TravelPass now seeks to pin on Defendants. *TravelPass Group, LLC v. Expedia Inc.,* (Dkt. 1 at ¶¶ 1, 34-42, 70).

TravelPass' damages analyses from the Expedia arbitration are important in evaluating TravelPass' allegations that any diminution in the value of its company should somehow be attributed to Defendants rather than Expedia, and also important in evaluating the amount and extent of such damage, if any.  Further, producing these damages analyses would not impose any burden on TravelPass—the materials have been previously prepared in the Expedia arbitration. Nevertheless, TravelPass has not agreed to produce them.  Accordingly, Defendants request that the Court compel TravelPass to produce any and all damages estimates and analyses related to the Expedia arbitration.

## II.     Prior Valuations of TravelPass' Business

█████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████  █████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

████████. *Id.*

Regardless of whether attorneys were involved in TravelPass' corporate reorganization, there is no basis to withhold the Hyde valuation itself on privilege grounds—Hyde Valuations is a business appraisal firm, not a law firm.  Moreover, TravelPass put the valuation of its company squarely at issue in this matter when it alleged as a basis for its damages in this action a decline in TravelPass' business valuation. *See* Compl.  ¶  160-163.   Indeed, TravelPass has relied upon business valuations performed by other third-parties, like Sorensen Capital, as a basis for its damages claims.  *Id*.  All such business valuations should have been produced with TravelPass' initial disclosures pursuant to paragraph 3(a) of the Amended Discovery Order entered in this case. (Dkt. 381).  TravelPass cannot now selectively choose which valuations it wants to disclose; all valuations of the Company, especially contemporaneous business valuations conducted at the direction of TravelPass itself, are relevant and must be considered when evaluating TravelPass' damages claims.  Defendants accordingly request that the Court compel TravelPass to produce any and all prior valuations of its business, including the Hyde valuation.   To the extent TravelPass persists in asserting that the Hyde valuation—or any other valuation—is privileged, Defendants request in-camera review of the valuation to determine whether the requested information is in fact protected from disclosure.

## III.   TravelPass' Settlement Agreements

TravelPass has refused to produce settlement agreements with former Defendants in this matter to any judgment, as well as previous settlement agreements in similar matters,[2] including on an Outside Attorneys' Eyes Only basis under the Protective Order, Dkt. 288—a compromise

---

[2] *See* La Quinta Worldwide, LLC v. Reservation Counter, LLC, No. 3:16-cv-00285-G (N.D. Tx) (Dkt. 30) (dismissing the case without prejudice on February 10, 2017 pursuant to parties' joint stipulation).

that Defendants proposed during the Parties final meet and confer on December 29, 2020. ▆▆▆



This objection is improper where, as here, a Protective Order protects against improper disclosure of confidential information. (Dkt. 288).

These settlement agreements are squarely relevant to the claims, counterclaims, and defenses in this action and, at minimum, are reasonably calculated to lead to the discovery of admissible evidence. The settlements purportedly resolve both claims that Defendants conspired with each other, as well as claims that TravelPass infringed on Defendants' trademark rights. Thus, the settlement agreements may directly address TravelPass' allegations of a conspiracy, which goes to the core of TravelPass' claims. The settlement agreements also are relevant to Defendants' defenses, by informing the amount of harm that TravelPass has actually suffered. Moreover, the settlement agreements necessarily impact, and may restrict, TravelPass' use of Defendants' trademarks in the future – information that is central to Defendants' trademark infringement counterclaims. Finally, the amount of any damages TravelPass alleges must be offset by any settlement payments. *Sciambra v. Graham News Co*., 841 F.2d 651 (5th Cir. 1988) (subtracting the settlement amount of co-defendant from the damage award).

Both the Discovery Order and the law of this District speak directly to the discoverability of settlement agreements. Paragraph 1(f) of the Discovery Order (Dkt. No. 381) requires each party to automatically disclose "any settlement agreements relevant to the subject matter of this

action"—a requirement TravelPass has ignored.  And paragraph 3(a) requires the disclosure of all relevant documents and information.  This District has held numerous times that settlement agreements are discoverable. *See, e.g., Allergan, Inc. v. Teva Pharmaceuticals*, Inc. 2017 WL 132265 at *4 (E.D. Tx. Jan. 12, 2017) (granting motion to compel where Defendants "made a showing that the settlement agreement . . . . [was] at least minimally relevant"); *Mediatek, Inc. v. Sanyo Elec*., 2006 WL 5709448, at *4 (E.D. Tx. Oct. 16, 2006) (same); *see also Tyco*, 2010 WL 774878 (E.D. Tex. Mar. 2, 2010) (ordering Plaintiffs produce settlement negotiations); *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co*., 2016 WL 5936887, at *2 (S.D.N.Y. Oct. 11, 2016) (granting motion to compel and finding that "the settlement agreements are relevant to the value of the trademarks"). Defendants therefore request that the Court compel TravelPass to produce the settlement agreements with former Defendants in this matter.

## CONCLUSION

For the reasons stated herein, the Court should grant Defendants' Motion to Compel.


Dated: December 30, 2020                    Respectfully submitted,


                                           */s/ Justin W. Bernick with permission,*
                                           *by Michael E. Jones*
                                           _____
Jeffrey S. Cashdan (admitted               Justin W. Bernick
pro hac vice)                              HOGAN LOVELLS US LLP
jcashdan@kslaw.com                         Columbia Square
Emily S. Newton (admitted                  555 Thirteenth Street, NW
pro hac vice)                              Washington, DC 20004
enewton@kslaw.com                          Tel: (202) 637-5600
Russell Blythe (admitted pro               Fax: (202) 637-5910
hac vice)                                  justin.bernick@hoganlovells.com
rblythe@kslaw.com
Danielle Chattin (admitted pro             Maria Wyckoff Boyce
hac vice)                                  HOGAN LOVELLS US LLP
dchattin@kslaw.com                         609 Main Street, Ste. 4200
Lohr A. Beck (admitted pro                 Houston, TX 77002
hac vice)

Lohr.beck@kslaw.com
Logan Hobson (admitted pro
hac vice)
lhobson@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Deron Dacus
Texas Bar No. 00790553
Shannon Dacus
Texas Bar No. 00791004
THE DACUS FIRM, P.C.
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com
sdacus@dacusfirm.com

*Counsel for Defendant Six
Continents Hotels, Inc.*

Tel: (713) 632-1410
Fax: (713) 632-1401
maria.boyce@hoganlovells.com

Michael E. Jones
POTTER MINTON PC
110 North College Avenue, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com

*Counsel for Defendant
Choice Hotels International, Inc.*

Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: criddell@haltondoan.com

Shari Ross Lahlou
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
Email: shari.lahlou@dechert.com

Jeffrey L. Poston
Luke van Houwelingen
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 624-5116
Email: JPoston@crowell.com
Email: LvanHouwelingen@crowell.com

*Counsel for Defendant Marriott
International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on January 4, 2021.

*/s/ Michael E. Jones*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael E. Jones*

## <u>CERTIFICATE OF CONFERENCE</u>

      The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on December 29, 2020 via telephone conference with the following participants: Justin Bernick, Mike Jones, Chris Schwegmann, and Ruben Garcia. No agreement could be reached on the issues raised in this motion, leaving an impasse on open issues for the court to resolve.

                                           */s/ Justin W. Bernick*