**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC, <br><br> Plaintiffs, <br><br>   v. <br><br> CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., MARRIOTT INTERNATIONAL, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC., <br><br> Defendants. | Civil Action No. 5:18-cv-153-RWS-CMC <br><br> ██████████████ |

---

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL (Dkt. 415)

---

Plaintiffs TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC (collectively, "Plaintiffs" or "TravelPass") submit this response in opposition to the remaining Defendants' Motion to Compel (Dkt. 415).[1]

### I. INTRODUCTION

Defendants' motion should be denied for the following reasons:

***First***, Defendants' motion seeks documents that are both irrelevant and protected from production. Plaintiffs have already produced the TravelPass/Expedia settlement agreement and damages-related corporate representative testimony from that matter, which is the only potentially relevant, non-privileged damages-related information from the TravelPass/Expedia litigation and

---

[1] Defendants have withdrawn the portion of their Motion related to the former Defendants' settlement agreements. *See* Dkt. 425. Accordingly, Plaintiffs do not address those arguments in this Response.

more than enough for Defendants to assess the scope of damages in that matter. Plaintiffs have also agreed in principle to produce the final damages expert report from that litigation. Any other damages "estimates" or "analyses" cannot be relevant to "evaluating the amount and extent of [] damage" caused by Defendants. Beyond this, Defendants' request for "any and all damages estimates and analyses related to the Expedia arbitration," *i.e.*, *draft* reports and analyses, seeks information protected from production under the Federal Rules of Civil Procedure and this Court's Amended Discovery Order. *See* Dkt. 381 at 3.

      ***Second***, Plaintiffs have produced all relevant, non-privileged valuation information. ████

████████████████████████████████████████████████████

████████████████████████████ is protected from production. For these reasons, Defendants' motion should be denied.

## II. ARGUMENT

### A.    Expedia Damages "Estimates" Are Irrelevant and Protected.

      Plaintiffs have agreed to produce the *final* damages expert report from the Expedia litigation. Other damages "estimates" or "analyses," however, are both irrelevant and protected. They are irrelevant because a prior estimate of damages—in whatever form it may be—in a different case involving different claims (trade secret misappropriation) against different parties (Expedia and the Expedia Affiliate Network) cannot assist any "evaluat[ion] [of] the amount and extent of [] damage" caused by Defendants. *See Finjan, Inc. v. ESET, LLC*, 2018 WL 5263243, at *6 (S.D. Cal. Oct. 23, 2018) (denying defendant's request for calculation of damages from previous litigations because the "minimal importance" of the information was outweighed by the "burden of production"). As in *Finjan*, Plaintiffs would have to conduct a burdensome and careful review of any such "estimates" or "analyses" before producing the information because it would

implicate Expedia's confidentiality interests. *See* 2018 WL 5263243 at *6. Not to mention, Plaintiffs would have to obtain permission from Expedia to produce the information if their confidential information was relied upon. *See id.*

Further yet, Defendants' request is improper because it seeks protected draft expert information. The Amended Discovery Order provides that "drafts of any [expert] report or disclosure required under Fed. R. Civ. P. 26(a)(2), ***regardless of the form***" the draft is presented "shall not be the subject of expert discovery. . . ." Dkt. 381 at 3 (emphasis added). Plaintiffs' damages "estimates" and non-final "analyses" from the Expedia litigation fall within this provision and are not discoverable. And for good reason: any draft damages calculations from the Expedia litigation bear no relevance on the actual amount and extent of damages caused by Defendants in this separate litigation with separate claims. Defendants' broad request should be denied.

**B.    The ███████████ is Protected Attorney-Client and Work-Product Information.**

Not only have Plaintiffs produced every non-privileged business valuation in its possession, custody, or control, it has also provided countless hours of deposition testimony on this very topic. Still, Defendants insist on the production of a privileged draft appraisal report included on Plaintiffs' privilege log ███████████████████ falls squarely within the privilege because Texas courts routinely uphold the attorney-client privilege in situations where a party's inside or outside counsel retains and relies on third-party financial professionals to assist with investigations, valuations, and appraisals. *See Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D 125, 139 (E.D. Tex. 2003); *Pasadena Refining System Inc. v. United States*, 2011 WL 1938133, at *1 (N.D. Tex., 2011) ("The privilege may also reach outside experts employed to help the lawyer provide legal services, such as an accountant."); *Milburn v. United States*, 804 F.Supp.2d 544, 548 (W.D. Tex. 2010) ("The attorney-client privilege 'exists to protect

[both] the giving of professional advice . . . [and] the giving of information to the lawyer to enable him to give sound and informed advice.'" (*quoting Upjohn Co. v. United States*, 449 U.S. 383, 390, (1981)). ███████████ falls well within these privilege parameters.

 As Defendants concede, Plaintiffs' CEO, Mr. Ryan McCoy, testified ████████████ ████████████████████████████████████████████████████████████ ██████████. *See* Mot. to Compel, Dkt. 415 at 5; *see also* Ex. A, McCoy Aff. at ¶ 5. As Mr. McCoy also explained, ██████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████. *See* Ex. A, McCoy Aff. at ¶ 6. Plaintiffs' outside counsel ███████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████. *Id.* at ¶ 7. In other words, ████████ ████ is privileged material created by a third party at the request of counsel to "assist an attorney in rendering legal advice." *Ferko*, 21s8 F.R.D at 139.

 But even if, as Defendants request, Plaintiffs could redact ██████████ to disclose only the "amount of the valuation and basis for that valuation" (*see* Mot. to Compel, Dkt. 415 at 5-6), the information is irrelevant to evaluating Plaintiffs' damages claims. ██████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████. *See* Ex. A, McCoy Aff. at ¶ 8. In other words, the draft report ████████████████████████████████████████████████████████████ ████████████████████████████████. *See id.* at ¶ 9-10. For these reasons, Defendants' request for production of the privileged ██████████ should be denied.

**C.      Former Defendants' Settlement Agreements.**

Defendants have withdrawn the portion of their Motion related to the former Defendants' settlement agreements. *See* Dkt. 425. Accordingly, Plaintiffs do not address those arguments in this Response.

### III. <u>CONCLUSION</u>

For all these reasons, and with Plaintiffs' agreement to produce certain information, the Court should deny Defendants' Motion to Compel.

Dated:  January 20, 2021

By    */s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
cschwegmann@lynnllp.com
Christopher W. Patton
cpatton@lynnllp.com
Samuel B. Hardy, IV
shardy@lynnllp.com
Ruben A. Garcia
rgarcia@lynnllp.com
**LYNN, PINKER, HURST & SCHWEGMANN, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

-and-

Todd M. Schneider (*pro hac vice*)
tschneider@schneiderwallace.com
Jason H. Kim (*pro hac vice*)
jkim@schneiderwallace.com
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
(415) 421-7100 Telephone
(415) 421-7105 Facsimile

*Attorneys for Plaintiffs*
*TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann

