# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

|  |  |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC, <br><br>        Plaintiffs, <br><br>     v. <br><br> CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., MARRIOTT INTERNATIONAL, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC., <br><br>        Defendants. | Civil Action No. 5:18-cv-153-RWS-CMC <br><br> █████████████ |

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL (Dkt. 441)

---

The Court should deny Defendants' Motion to Compel. Defendants seek confidential deposition transcripts and expert materials from an arbitration between Plaintiffs and Expedia which are protected from disclosure by a separate Protective Order between those parties, whether or not those materials relate to the claims in this case. This Court held – more than  one year ago – that Defendants were not entitled to "the wholesale reproduction of all of the [. . .] Expedia documents simply because there may be overlap between the issues in [that case] and those in this case." Dkt. 262 at 12, Order Denying Defs.' Mot. to Compel. The same reasoning applies here.

## I. <u>FACTS AND BACKGROUND</u>

Defendants originally sought to obtain *all* documents produced by Plaintiffs in the Expedia arbitration, regardless of their relevance. *See* Dkt. 181, Defs.' Mot to Compel Wholesale Production from TravelPass/Expedia Arbitration (filed Aug. 23, 2019). This Court denied the Motion. *See* Dkt. 262. Defendants thereafter sought the same documents from Plaintiffs by including ESI search terms related to Expedia. As a result, Plaintiffs produced thousands of TravelPass documents that were also produced to Expedia in the arbitration. Defendants also received more than 25,000 documents directly from Expedia. In addition, Defendants deposed TravelPass witnesses about the substance of the Expedia arbitration, and the claims, defenses, and damages alleged in that case.

In November 2020, Defendants demanded that TravelPass produce all of the TravelPass deposition transcripts from the Expedia arbitration. Most of that testimony is irrelevant, and all of it is protected from disclosure by the Protective Order entered in the Expedia Arbitration. But to avoid any additional court intervention and potential delay, TravelPass agreed to produce those transcripts ***subject to Expedia's consent.*** Expedia objected to the production of the transcripts and the later-requested expert materials. *See* Ex. A, Email from Expedia to Pls. (Jan. 26, 2021).

TravelPass thereafter informed Defendants that it would "comply with [Expedia's] request to withhold production" and reasserted its relevancy objection. *See* Ex. B, Email from Pls.' Counsel to Defs.' Counsel (Jan. 26, 2021).

## II. <u>ARGUMENT</u>

### A.    **The Materials are Irrelevant.**

The predominant claims in the Expedia Arbitration involved the allegedly improper use and disclosure of TravelPass's data to a competitor. *See TravelPass Group, LLC v. Expedia, Inc.*, No. 2:17-cv-00246 (D. Utah Mar. 31, 2017), Dkt. No. 2. Nonetheless, Defendants seek the ***entire*** transcripts of TravelPass witnesses in in the TravelPass/Expedia arbitration, plus expert materials, regardless of the fact that a substantial portion of that testimony and evidence has nothing to do with keyword bidding or the claims and defenses in this case. That is the definition of an overbroad and non-proportional discovery request. *Matter of AET, Inc., Ltd.*, No. 1:10-CV-51, 2018 WL 4201264, at *2 (E.D. Tex. June 8, 2018) (permissible discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case") (quoting Fed. R. Civ. P. 26(b)(1)).

This Court has already found it improper to seek materials from the TravelPass/Expedia arbitration without regard for relevance. In denying Defendants' previous motion to compel ***all*** documents TravelPass produced in the arbitration, the Court made clear that "asking for all documents produced in another matter is not generally proper." Dkt. 262 at 10 (*citing Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019)). As this Court held, "Defendants are not entitled to the wholesale reproduction of all of the . . . Expedia Documents simply because there may be overlap between the issues in [that] case[] and those in this case." *Id.* at 12. The same is true now, where Defendants seek the ***entirety*** of TravelPass witnesses'

deposition testimony in the arbitration, including any that "relate[] to keyword bidding" (an undefined parameter proffered by Defendants, *see* Dkt. 441 at 4), and the ***entirety*** of the ███████████████████████████████, without regard to their substantial irrelevance.

TravelPass acknowledges that ***excerpts*** of these materials ***could*** be relevant here, but such information is cumulative for the reasons stated below. Discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, this additional discovery is not proportional because ***Defendants have already deposed all of the same witnesses in this case*** (and will ██████████████████████████). *See infra* § II(B). Further, the requested discovery would invade a private arbitration conducted by both the parties and arbitral panel in reliance on an agreed expectation of confidentiality. *See* Dkt. 443-4 (TravelPass/Expedia Protective Order, "[T]he documents and information provided in this arbitration will be used ***solely for purposes of this arbitration***.") (emphasis added). The modest amount of potentially relevant information does not outweigh the burden of Defendants' broad request for confidential arbitration materials.

## B. The Materials are Cumulative.

Defendants deposed more than 20 TravelPass witnesses in this case, many of whom were also deposed in the TravelPass/Expedia arbitration. Defendants questioned those witnesses about the Expedia Arbitration and any overlapping, relevant issues. Rule 26(b)(2)(C) provides: "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

That is exactly the case here. Defendants had the opportunity to (and did) question TravelPass witnesses about their testimony in the TravelPass/Expedia arbitration. As a result, this Court should deny this Motion for the same reason it denied TravelPass's motion to depose Mr. Khan after the discovery deadline – that is, because Defendants have "failed to demonstrate [that this testimony] would provide unique or non-cumulative information not already addressed through other fact witnesses." Dkt. 440 at 7, Order Denying Pls.' Mot. for Depo. of S. Khan.

### C.    In the Alternative, the Materials Should be Redacted at Defendants' Expense.

If the Court find that some of the materials requested by Defendants' should be granted, Expedia should be permitted to redact confidential, irrelevant information at Defendants' expense, an offer that Expedia made to avoid the need for court intervention. Defendants have refused to permit *any* redaction, regardless of who bears the cost, citing general case law about the redaction of documents that contain both relevant and irrelevant content. Defendants' cases are inapposite because they do not involve ***litigation documents being sought from a confidential arbitration***.

Here,  Defendants seek litigation materials—deposition testimony, exhibits, and expert materials (rather than documentary evidence)—from a private arbitration conducted under a negotiated confidentiality protocol. None of Defendants' cases address this situation. Indeed, Defendants' case *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 387 (W.D. Tex. 2013) supports redaction of irrelevant information when the producing party presents concerns about its confidentiality. There, the court held that the producing party could properly redact irrelevant information that was confidential. *Id.* at 387 (allowing redactions necessary to maintain confidentiality of certain financial and accounting information). *See also Louis Vuitton Malletier v. Texas Int'l P'ship*, 2012 WL 5954673, at *2 (S.D. Tex. May 14, 2012) (denying motion to compel unredacted documents). Here, Defendants seek materials from a ***confidential*** arbitration

conducted pursuant to a valid and binding Protective Order (and over Expedia's objections). Should the Court decide to grant some or all of Defendants' motion, redactions are appropriate and necessary, and Defendants should bear the cost.

### III. <u>CONCLUSION</u>

The production of thousands of pages of irrelevant information will only encourage a further fishing expedition into the confidential TravelPass/Expedia arbitration and serve to delay this already twice-delayed trial. Accordingly, and for all the reasons above, the Court should deny Defendants' Motion to Compel.

Dated:  February 25, 2021

By   */s/ Christopher J. Schwegmann*

Christopher J. Schwegmann
cschwegmann@lynnllp.com
Christopher W. Patton
cpatton@lynnllp.com
Samuel B. Hardy, IV
shardy@lynnllp.com
Ruben A. Garcia
rgarcia@lynnllp.com
**LYNN, PINKER, HURST & SCHWEGMANN, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

-and-

Todd M. Schneider (*pro hac vice*)
tschneider@schneiderwallace.com
Jason H. Kim (*pro hac vice*)
jkim@schneiderwallace.com
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
(415) 421-7100 Telephone
(415) 421-7105 Facsimile

*Attorneys for Plaintiffs*
*TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann

