IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., MARRIOTT INTERNATIONAL, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC.,<br><br>  Defendants. | Civil Action No. 5:18-cv-153-RWS-CMC |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs respectfully seek a protective order pursuant to Rule 26(c) to excuse non-party Booking Holdings Inc. ("BHI") from compliance with the subpoena that settled Defendants Red Roof Inns, Inc. ("Red Roof") served on February 18, 2020 for the following reasons:[1]

***First***, Defendants have not been diligent in seeking compliance with the BHI subpoena, which was issued more than one year ago. Despite specifically requesting a one-month extension—to December 30, 2020—for "non-party" discovery, Defendants waited until more than one month after that deadline (February 5, 2021) to seek court intervention.

---

[1] BHI has yet to produce any documents pursuant to the subpoena. Defendants filed a motion to compel compliance in the United States District Court for the District of Connecticut on February 5, 2021, No. 3:21-mc-00006-SRU, Dkt. 1, which is currently pending. This Motion is made in response to that pending motion.

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER  PAGE  1

*Second*, Plaintiffs would be prejudiced if fact discovery is re-opened at this late stage for the potential production of thousands of documents. The parties have engaged in extensive party and non-party fact discovery and are now in the process of preparing rebuttal expert reports. There is no need to re-open fact discovery for production of thousands of additional documents.

*Third*, allowing additional discovery could jeopardize the case schedule. This case was originally scheduled for trial in October 2020 and has already been continued twice from its original setting. Re-opening fact discovery while the parties are preparing expert rebuttal reports, taking expert depositions, and preparing for dispositive motion practice could lead to further unnecessary derivations from the schedule.

The Court recently denied Plaintiffs' request for one additional fact witness deposition under similar circumstances, finding no good cause to permit the discovery, and the same reasoning applies here. *See* Dkt. 440.

## I. FACTS AND BACKGROUND

Red Roof individually issued the BHI subpoena on February 18, 2020. After negotiating its scope for months, Red Roof settled with Plaintiffs and was dismissed from the action on October 14, 2020. Defendant Marriott, unbeknown to Plaintiffs, took over negotiation of the Red Roof-issued subpoena in October 2020. On October 26, 2020, Defendants jointly petitioned the Court for a one-month extension of the fact discovery deadline (from November 30, 2020 to December 30, 2020), stating they were "still pursuing various discovery from several non-party entities. . . ." Dkt. 365 at 5. Defendants specifically referenced Plaintiffs' low-volume inventory suppliers that were the subject of former Defendant Hyatt's motion to compel (*see* Dkt. 365 at 5-6) but failed to mention that they were pursuing discovery initiated by any settled Defendants, like the BHI subpoena. Defendants further stated they only needed a "modest extension" of the fact

discovery deadline to "facilitate completing the collection of documents and depositions of these important non-parties." Dkt. 365 at 6. Unlike prior versions of the Docket Control Order, Defendants' "[Proposed] Sixth Amended Docket Control Order" expressly stated that the fact discovery deadline included "non-party discovery." Dkt. 365-1 at 5. On November 9, 2020, the Court granted and modified Defendants' requested amendment to the DCO, extending the fact discovery deadline to December 30, 2020. *See* Dkt. 380.

Around the same time, BHI agreed to review – again, unbeknownst to Plaintiffs – a set of approximately 11,000 documents and "expected" to produce responsive documents by the end of November. BHI then alerted Defendant Marriott that any production would be delayed and again stated that they "expected" to make a production by the week of December 14, 2020. That date, too, passed with no production. Plaintiffs were not copied on any of this correspondence and were not invited to participate in any of these negotiations, all of which occurred without Plaintiffs' knowledge.

Meanwhile, the parties were in regular communication towards the end of December 2020 to ensure that the fact discovery deadline was met. The parties agreed to handle several specific matters beyond the fact discovery period, if necessary, including production of certain Plaintiff financial documents, Defendants' corporate representative depositions, and non-party Expedia's deposition. Notwithstanding these communications, Defendants never mentioned they were still pursuing document production from BHI, that they expected to receive a batch of documents from BHI, or even that compliance with the BHI subpoena remained an open issue. Nor did Defendants ask Plaintiffs for consent to litigate that issue after the discovery deadline, as they did for certain other specific issues.

The fact discovery deadline has now expired. On February 5, 2021, Defendants filed a motion to compel directed at BHI in federal court in Connecticut. Defendants did not even serve Plaintiffs' with that motion to compel. Plaintiffs discovered that motion only after counsel for BHI informed counsel for Plaintiffs that the motion had been filed.

## II. LEGAL STANDARD

"Courts may grant a motion for protective order to deny discovery, quash or modify a subpoena, or otherwise limit the scope of permissible discovery 'for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Scrum Alliance, Inc. v. Scrum, Inc.*, No. 4:20-cv-00227-ALM, 2020 WL 6559625, at *1 (E.D. Tex. Nov. 9, 2020) (citing Fed. R. Civ. P. 26(c)(1)).

By seeking to compel discovery beyond the fact discovery deadline, Defendants are seeking to modify the operative DCO. Under Rule 16(b), a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). "The Fifth Circuit has stated four factors trial courts must consider when determining whether good cause exists to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [meet the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)." Dkt. 440 at 5.

## III. ARGUMENT

**A.    Defendants Have Not Been Diligent in Pursuing Compliance with the BHI Subpoena.**

"In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218,

1221 (D. Kan.1995). The party's explanation for seeking relief from the schedule must demonstrate that it could not have met the deadline despite its diligence." Dkt. 440 at 6. Here, Defendants have failed to demonstrate they have been diligent in seeking compliance with the BHI subpoena.

The BHI subpoena was issued more than one year ago. During that time, the parties have obtained extensive reciprocal discovery along with productions from approximately 25 non-parties. Defendants may state that BHI possesses discovery that is highly relevant to the case, but that only makes their lack of urgency regarding the subpoena even more inexcusable. Defendants had multiple opportunities to seek relief from the Court and even obtained an extension to further seek production from these "important non-parties" like BHI. However, Defendants failed to take action, hoping to be excused from the deadlines in the DCO.

Defendants' sole excuse for not seeking relief sooner rests on their misunderstanding of BHI's commitments. But in reviewing their communications on the subject, it appears that BHI never expressly agreed to produce any number of documents. Rather, they merely agreed to review documents. *See TravelPass, et al. v. Caesars, et al.*, No. 3:21-mc-00006-SRU, Dkt. 1-8 at 6 ("We agree to ***review*** the set of ESI based on the attached. . . .") (emphasis added). Given the ambiguity of BHI's commitment, and the purported "importance" of the discovery, Defendants should have timely requested assistance from the Court. They failed to do so, and thus, this factor weighs against modifying the DCO to re-open fact discovery for production from non-party BHI.

**B.      Defendants' Motion is Untimely.**

Defendants specifically requested a "modest extension" of the fact discovery deadline to complete non-party discovery. *See* Dkt. 365 at 6. The Court granted that extension (to close fact discovery on December 30, 2020) but has since cautioned that there must be good cause for any

additional discovery given the multiple extensions of the case schedule. Defendants have not demonstrated good cause and the Court should deny the requested BHI discovery.

Defendants have argued their motion to compel is timely because there is no specific motion to compel deadline in the DCO (*see TravelPass, et al. v. Caesars, et al.*, No. 3:21-mc-00006-SRU, Dkt. 1-1 at 12), but even assuming there is no deadline, the discovery should be denied as untimely. In rejecting other post-discovery deadline discovery as untimely, this Court has considered the following *Days Inn* factors: "(1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule." *Visto Corp. v. Microsoft Corp.*, No. 2:05-cv-546-DF-CMC, 2007 WL 9600397, at *3 (E.D. Tex. Aug. 31, 2007). Each of these factors weighs against allowing Defendants' requested discovery.

First, the fact discovery deadline was December 30, 2020. The parties have begun working on expert-related discovery and are set to take those depositions in March and April. Second, Defendants have known about the BHI discovery for over a year. Hundreds of thousands of documents have been produced in this case since the subpoena was issued. Third, the discovery was specifically extended, at Defendants' request, for non-party discovery. Defendants were given the opportunity to use the extra time and they did not. Fourth, Defendants' excuse that BHI somehow "revoked" an agreement to produce apparently belies the record. *See TravelPass, et al. v. Caesars, et al.*, No. 3:21-mc-00006-SRU, Dkt. 1-8 at 6 ("We agree to *review* the set of ESI based on the attached. . . .") (emphasis added). Defendants should have taken extra measures to ensure production. They did not. Fifth, dispositive motions should be filed within a few months.

Producing thousands of additional documents – none of which have been reviewed – will impact that schedule. Sixth, this case has been pending for over two years, and the case schedule has been extended over a year beyond the original timeline. Seventh, Plaintiffs will be prejudiced if this discovery is permitted as described in Section III.C below. And eighth, the parties have shifted into expert discovery and dispositive motions and will be transitioning to full trial preparation over the coming months. There is a strong possibility that production of up to 11,000 additional documents from BHI could disrupt the current schedule.

C. **Plaintiffs Will be Prejudiced if the Discovery is Permitted.**

Plaintiffs would be prejudiced if fact discovery is re-opened at this late stage for an additional production of up to 11,000 documents. The parties are in the process of drafting rebuttal expert reports, preparing for expert depositions, and preparing dispositive motions. There is no need to re-open fact discovery to allow this additional large production, which could delay the ongoing expert work and dispositive motion practice.

This case is pending before District Judge Schroeder with a final pretrial conference set for October 5, 2021. *See* Dkt. 382. The decision on whether to continue this case ultimately rests with Judge Schroeder. However, this case was originally scheduled for trial in October 2020 and has already been continued twice from its original trial setting. Adding thousands of additional documents after fact discovery has closed could present Defendants an opportunity to seek further delay of Plaintiffs' rightful day in court. This opportunity should be denied and the parties should be working towards preparing for the final aspects of case preparation before the October trial.

## IV. CONCLUSION

For all the reasons above, the Court should grant Plaintiffs' Motion for Protective Order and prevent Defendants from compelling any further fact discovery from non-party BHI beyond the fact discovery deadline.

| | |
|---|---|
| Dated:  March 5, 2021 | By  /s/ *Christopher J. Schwegmann* <br> Christopher J. Schwegmann <br> cschwegmann@lynnllp.com <br> Christopher W. Patton <br> cpatton@lynnllp.com <br> Samuel B. Hardy, IV <br> shardy@lynnllp.com <br> Ruben A. Garcia <br> rgarcia@lynnllp.com <br> Cory C. Johnson <br> cjohnson@lynnllp.com <br> **LYNN, PINKER, HURST & SCHWEGMANN, L.L.P.** <br> 2100 Ross Avenue, Suite 2700 <br> Dallas, Texas 75201 <br> (214) 981-3800 Telephone <br> (214) 981-3839 Facsimile <br><br> -and- <br><br> Todd M. Schneider (*pro hac vice*) <br> tschneider@schneiderwallace.com <br> Jason H. Kim (*pro hac vice*) <br> jkim@schneiderwallace.com <br> **SCHNEIDER WALLACE COTTRELL KONECKY LLP** <br> 2000 Powell Street, Suite 1400 <br> Emeryville, California 94608 <br> (415) 421-7100 Telephone <br> (415) 421-7105 Facsimile <br><br> *Attorneys for Plaintiffs* <br> *TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC.* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

/s/ *Christopher J. Schwegmann*
Christopher J. Schwegmann

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs have complied with the meet and confer requirements in Local Rule CV-7(h). Personal conferences required by this Rule were conducted on March 4, 2021. Counsel for Plaintiffs and Counsel for Defendants spoke via telephone regarding the contents of the above motion. Christopher Schwegmann and Ruben Garcia appeared for Plaintiffs. Jeff Poston and Jennifer Doan appeared for Defendants. Defendants are opposed to the relief requested and confirmed that the parties are at an impasse, leaving an open issue for the Court to resolve.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann