IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., RESERVATION COUNTER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., WYNDHAM HOTEL GROUP, LLC., <br><br> Defendants, | Civil Action No. 5:18-cv-153-RWS-CMC <br><br> **JURY TRIAL DEMANDED** <br><br> ▬▬▬▬▬▬▬▬ |

**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE OF FEDERAL TRADE COMMISSION CIVIL INVESTIGATION AND PROCEEDINGS**

Plaintiffs TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC (collectively "Plaintiffs" or "TravelPass"), file this motion to exclude from summary judgment and trial certain testimony and documents relating to a civil investigation and complaint brought by the Federal Trade Commission against TravelPass and respectfully show as follows:

**I.   Introduction**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬ the Federal Trade Commission began an investigation of TravelPass for alleged "deceptive online marketing or hotel bookings." Throughout the course of the investigation, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In December

1

2017, the investigation culminated in the FTC filing a complaint and TravelPass simultaneously entering into a voluntary stipulation and consent order, in which it admitted no liability and paid no fines. Since then, the FTC has never revisited the investigation, stipulation, or consent order, nor has it ever claimed or implied that TravelPass has not fully complied with the voluntary consent order.

Nevertheless, Defendants in this matter now attempt to piggyback their counterclaims of trademark infringement, false advertising, and trademark dilution on the stale, unproven allegations included in the FTC's complaint. Defendants' strategy and intent to use the FTC's unproven allegations to bolster the validity of their counterclaims is evident from their extensive references and citations to the FTC complaint, stipulation, and consent order in their pleadings and throughout fact discovery in this case.

Defendants should not be permitted to rely on the FTC's unproven—and now fully resolved—allegations as evidence of the elements of their counterclaims. Instead, this Court should prohibit any reference to or evidence of the FTC investigation or complaint for at least three reasons. **First**, the allegations in the FTC's complaint are inadmissible hearsay that do not fall into any exceptions under the federal rules. **Second**, the stipulation and consent order are both evidence of settlement negotiations, which is inadmissible to show liability. **Third**, any reference to the FTC's investigation or complaint will be highly prejudicial to TravelPass, while the probative value of the FTC's now stale and fully resolved claims is slim to none.

## II. Factual Background

███████ the Federal Trade Commission ("FTC") ██████████████████

████████████████████████████████████████████████████

█████████ Throughout the FTC's investigation, ████████████████

████████████████████████████████████████████████████

███████████████████████████████████

On December 21, 2017, at the conclusion of its investigation and through negotiations, the FTC filed a complaint against TravelPass that was immediately followed by a stipulated entry of permanent injunction and judgment. *See* Ex. B (the "FTC Complaint"). TravelPass signed the stipulation (the "Stipulation") without admitting or denying any of the allegations in the FTC complaint, other than the facts necessary to establish jurisdiction. *See* Ex. C at 2. In accordance with the Stipulation, the court entered the order for permanent injunction and judgment (the "Consent Order", together with the FTC Complaint and Stipulation, the "FTC Documents"). *See* Ex. D.

In the present lawsuit, the Defendants rely extensively upon the FTC Documents in their pleadings to explain and support their counterclaims against TravelPass. *See, e.g.,* Ex. E (Def. Six Continents' Answer and Countercls.) at 72-75, ¶¶ 38-50 (Dkt. 201) (extensively quoting and citing the FTC Complaint and Stipulation); Ex. F (Def. Marriott's Answer and Countercls.) at 71-72, ¶¶ 130-135 (Dkt. 217) (same); Ex. G (Def. Choice's Answer and Countercls.) at 84, ¶ 42 (Dkt. 210) ("following a Complaint filed by the [FTC] in December 2017 accusing Plaintiffs of "unfair and deceptive acts or practices," including in connection with the business practices described herein, Plaintiffs stipulated to entry of a consent decree … enjoining such practices.").

The discovery taken by Defendants to date further confirms that they intend to use the FTC

Documents to validate their counterclaims against TravelPass. For example, ▮

▮ Additionally, Defendants ▮

Finally, Defendants have demonstrated that they intend to introduce the FTC Documents into their claims ▮



The FTC's Complaint contains unproven and unadjudicated allegations, not factual findings, and Defendants' attempt to tell the jury otherwise through ▮ ▮ underscores their intent to use the FTC proceedings to prove liability in this case. *See* discussion *infra* Section C, *supra*.

Defendants' strategy of using the FTC investigation and its sequalae to bolster their counterclaims is clear. For the reasons set forth below, this Court should exclude all evidence of and references to the FTC's investigation, complaint, stipulation, and consent order from trial.[2]

### III.   Argument & Authorities

**A.   The FTC Documents are Inadmissible Hearsay.**

As an initial matter, the FTC Complaint and the allegations made therein constitute inadmissible hearsay. *See Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) ("a brief summary of claims, lawsuits, and complaints . . . amounts to nothing more than a summary of

---

[2] Plaintiffs are filing this motion now in the interest of efficiency and judicial economy. The current deadline for the Parties to exchange pretrial disclosures is June 22nd and the deadline for dispositive motions is June 29th, absent a ruling on this issue, Plaintiffs anticipate numerous objections to witness testimony and exhibits referencing the FTC Documents and proceedings. A ruling on this issue prior to the pretrial disclosure deadline will create efficiency for both the Parties and the Court by providing advance blanket resolution to such objections.

allegations by others which constitute hearsay."); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Group, Inc.*, 3:11-CV-268 JD, 2016 WL 10706086, at *5 (N.D. Ind. Oct. 28, 2016) ("when used for the truth of the matters asserted, the allegations in the [FTC's] complaint constitute hearsay."). *See also United States v. Klein*, 16-CR-442 (JMA), 2017 WL 1316999, at *2 (E.D.N.Y. Feb. 10, 2017) (excluding SEC complaint and charging decision in a parallel civil action as inadmissible hearsay and also noting the limited probative value was substantially outweighed by the danger of unfair prejudice and confusion presented by their admission). Similarly, FTC documents related to the FTC's investigation of TravelPass also constitute inadmissible hearsay. *See Watson v. Boyd*, 447 F. Supp. 3d 924, 935 (E.D. Mo. 2020) (striking a DOJ report related to an investigation from consideration as part of the summary judgment motion briefing because the report lacked a proper indicium of reliability where it was clearly prepared in anticipation of litigation and contained inadmissible hearsay).

It makes no difference that a federal agency filed the complaint; the Complaint does not fall within the public records exception to the hearsay rule because the allegations in the complaint are not "factual findings from a legally authorized investigation." *See* FED. R. EVID. 803(8)(A)(iii); *Gumwood*, 2016 WL 10706086, at *5 (finding the public records exception inapplicable because "the allegations in the complaint are allegations, not findings.").

The Stipulation and Consent Order are also inadmissible hearsay. *See United My Funds, LLC v. Perera*, 470 F. Supp. 3d 660, 662 (E.D. Tex. 2020) (Mazzant, J.) (citing *Johnson*, 988 F.2d at 579) ("[t]he Court agrees … that the Consent Order itself is hearsay."). Because the Stipulation and Consent Order do not contain material admissions by TravelPass, the exclusion from the definition of hearsay for an admission by a party opponent under Rule 801(d)(2), and the exception for a statement against interest under Rule 804(b)(3), do not apply. *See Taylor v. Molesky,* 63 F.

App'x 126, 131 - 132 (4th Cir. 2003) (per curiam) (the findings in the protective order are not admissible under the party-admission doctrine because it is "not clear from the face of the form whether or not [the plaintiff] consented to the specific findings."); *United My Funds*, 470 F.Supp.3d at 662 ("the Consent Order does not fall under the admission against interest exception to hearsay… [b]ecause [the defendant] did not admit to the substantive allegations in the Consent Order.").

It is also clear that Defendants intend to use the FTC Documents to prove the truth of the FTC's underlying allegations. There is certainly no other reason why each Defendant would have found it necessary or appropriate to quote from or cite to the FTC Documents in the **facts** sections of their respective counterclaims. *See* Ex. E (Def. Six Continents' Answer and Countercls.) at 72-75, ¶¶ 38-50 (Dkt. 201); Ex. F (Def. Marriott's Answer and Countercls.) at 71-72, ¶¶ 130-135 (Dkt. 217); Ex. G (Def. Choice's Answer and Countercls.) at 84, ¶ 42 (Dkt. 210). At least one court has held that a party's extensive incorporation of a similar government order in the facts section of the party's pleadings indicated an express purpose to use the order to prove liability. *See In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011) **(**"Here, in pleading the facts supporting their claims, Plaintiffs quote extensively from the CFTC Order, indicating an express purpose to employ the CFTC Order to prove liability."). Here, Defendants have also consistently used the FTC Documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See*, *supra*, n.1. Defendants' pervasive reliance on the FTC Documents in both pleadings ▮▮▮▮▮▮▮▮ have made it painfully obvious that, if permitted, they intend to use these documents to prove liability at trial.

Materials such as complaints filed by the government, stipulations, and consent orders are excluded from evidence as inadmissible hearsay. Here, the FTC Documents do not fall under any

7

hearsay exception or exclusion and Defendants certainly intend to use them to prove the truth of the matter asserted. As such, this Court should exclude the FTC Documents from trial as inadmissible hearsay.

**B.     The FTC Stipulation and Consent Order are Inadmissible Under Rule 408.**

Federal Rule of Evidence 408 expressly prohibits the introduction of the fact that a party offered, promised to offer, accepted, or promised to accept, a compromise settlement, when such evidence is offered "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."[3] FED. R. EVID. 408. Here, the Stipulation and Consent Order are evidence of TravelPass' acceptance of the terms on which the FTC offered to resolve the FTC complaint. As such they are inadmissible to "prove liability for, invalidity of, or amount of a claim." *Id.*; *Henson v. Turn, Inc.,* C 15-01497 JSW, 2018 WL 6605624, at *2 (N.D. Cal. Dec. 17, 2018) (evidence of consent decree with FTC is inadmissible under Federal Rule of Evidence 408 when used to support the validity of a disputed claim); *Gumwood*, 2016 WL 10706086, at *6 ("[FTC] consent decrees constitute compromised claims that are not admissible under Rule 408"); *Quasebarth Quasebarth v. Green Tree Servicing, LLC*, 4:14-CV-223 (CDL), 2016 WL 427087, at *3, n.2 (M.D. Ga. Feb. 3, 2016) ("[FTC] consent order is inadmissible under Federal Rule of Evidence 408, as it is a statement made pursuant to settlement.").[4]

---

[3] Rule 408 is not limited to settlement negotiations and agreements between the parties to the suit; it applies equally to agreements between a party and a non-party. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986); *Accident Ins. Co., Inc. v. U.S. Bank Nat'l Ass'n*, 3:16-CV-02621-JMC, 2019 WL 2566950, at *3 (D.S.C. June 21, 2019) (declaring government investigation documents to be inadmissible under Rule 408 "where it appears clear to the court that Plaintiff seeks to introduce these documents to validate its claims.").

[4] *See also Meyer v. Ward*, 13 C 3303, 2017 WL 1862626, at *2 (N.D. Ill. May 9, 2017) (holding that an SEC Consent Decree was not admissible and that courts in the Northern District of Illinois have held that SEC consent decrees are inadmissible under Federal Rule of Evidence 408); *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, 102CV1014LJMVSS, 2006 WL 2644935, at *6 (S.D. Ind. Sept. 14, 2006) ("A consent decree, like any settlement, is inadmissible under Federal Rule of Evidence 408."); *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, Civil Action No. 1:00-cv-2838-WBH, 2008 WL 9358563, at *3, *4 (N.D. Ga. Apr. 23, 2008) (finding that an "SEC Order falls squarely into the class of evidence deemed inadmissible" and that "Rule 803(8)[ ] is not a back door vehicle for the introduction of evidence which is otherwise inadmissible"); *Wilson v. Parisi*, No. 3:CV-04-1737, 2009 WL

Further, to the extent that Defendants purport to reference the Stipulation or Consent Order for any reason other than to prove liability, the reference would be irrelevant under Federal Rule of Evidence 402. The FTC's factual allegations and legal claims have now been resolved, meaning there are no open issues relating to the FTC's Complaint, Stipulation, or Consent Order that remain to be determined by a jury. As such, there is no plausible reference to the Stipulation or Consent Order that could make any issue of fact in this case more or less probable in this case, unless of course the reference related to liability. As such, any reference to the Stipulation or Consent Order is either inadmissible under Rule 408 or Rule 402.

### C. The FTC Documents are Highly Prejudicial and Lack Probative Value.

Any reference to the FTC's investigation and the FTC Documents is inadmissible under Federal Rule of Evidence 403 because the "probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." *See* FED. R. EVID. 403; *see also Crawford v. Muscletech Research & Development, Inc*., 2002 WL 31852835, at *1 (W.D. Okla. Oct. 10, 2002) (applying Rule 403 to exclude evidence concerning consent decrees that defendants entered into with Federal Trade Commission; "even if the court found the consent decrees relevant, their use would unreasonably lengthen the trial, thus pursuant to Fed. R. Evid. 403, they are inadmissible").

Because the FTC investigation was settled without an admission of liability, the probative value of referencing the allegations underlying the investigation or the FTC Documents is virtually nil. *See IV Solutions, Inc. v. United Healthcare Services, Inc.*, 12–4887–GAF, 2014 WL 5846805 at *3 (C.D. Ca. Nov. 12, 2014) (evidence of a prior litigation that ended in a settlement with no

---

151666, at *1 (M.D. Pa. Jan. 21, 2009) ("Courts generally agree that Rule 408 applies to consent decrees.") (citations omitted); *Massachusetts Mut. Life Ins. Co. v. DLJ Mortgage Capital, Inc*., 251 F. Supp. 3d 329, 332 (D. Mass. 2017) (holding that a DOJ settlement and related statement of facts were inadmissible under Rule 408 and, in turn, denying a motion for summary judgment that relied entirely on the inadmissible DOJ statement of fact).

admission of liability was "of questionable relevance."). *See also In re Blech Sec. Litig.*, 2003 WL 1610775, at *11 (S.D.N.Y. Mar. 26, 2003) (where a SEC amended complaint was resolved by a consent order that did not contain an admission of guilt, the amended complaint was "not evidence of anything other than the existence of an accusation.").

On the other hand, the danger of unfair prejudice, confusion of the jury, and wasting time are high. *See Shoppin' Bag of Pueblo, Inc. v. Dillon Co., Inc.*, 783 F.2d 159, 161 (10th Cir. 1986)(upholding a trial court's exclusion of evidence of prior FTC investigation under Rule 403 because the evidence was "not relevant, was too prejudicial, risked confusing and misleading the jury, and threatened the public policy of encouraging voluntary cooperation with FTC investigations."); *IV Solutions,* 2014 WL 5846805 at *3 (excluding evidence of a prior litigation that would "create almost certain prejudice . . . would tend to confuse the jury, and would, because [the defendant] would have to be given an opportunity to respond to the allegations, substantially broaden this litigation.").

While evidence of other lawsuits often creates a danger of unfair prejudice and confusion of the jury,[5] the danger is particularly heightened here because the evidence carries the "imprimatur of government approval." *See Roberts v. Wal-Mart Stores, Inc.*, 1997 WL 38138, at *2 (W.D. Va. Jan. 28, 1997) (excluding an EEOC probable cause determination because a jury

---

[5] *See, e.g., Retractable Technologies Inc. v. Becton, Dickinson and Co.*, 2:07–CV–250, 2009 WL 8725107 at *2 (E.D. Tex. Oct. 8, 2009) ("evidence of other litigation offered to prove Defendant's liability or the extent of damages should be excluded pursuant to at least Federal Rules of Evidence 403, 404, and 408"); *In re Ethicon, Inc., Pelvic Repair Sys. Products Liab. Litig.*, 2:12-CV-4301, 2014 WL 505234, at *6 (S.D.W. Va. Feb. 5, 2014) (finding evidence of other lawsuits and the factual allegations therein was inadmissible under Rule 403 because it was likely to confuse and mislead the jury and was highly prejudicial to Ethicon); *Rushing v. Wells Fargo Bank, N.A.*, No. 8:10-cv-1572-T-24-AEP, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3, 2012) (noting that generally, "evidence of other lawsuits is not normally relevant and not permitted"); *Williams v. Asplundh Tree Expert Co*., 305CV479J33MCR, 2006 WL 2868923, at *2 (M.D. Fla. Oct. 6, 2006) (excluding evidence of two prior lawsuits because "the lawsuits present a substantial danger of unfair prejudice."); *Smith v. E-backgroundchecks.com, Inc*., 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015) (evidence of prior lawsuits is generally not allowed because it can "lead to a series of mini-trials," pose a danger of confusing and misleading the jury "from the task at hand of evaluating plaintiff's claims," and cause a "waste of time and judicial resources.").

could readily give the EEOC's conclusions greater weight than they should otherwise be accorded, thus usurping the role of the jury as a fact finder).[6] For example, the mere fact that there was a government investigation of TravelPass could suggest to the jury that TravelPass engaged in wrongful conduct when there has been no factual finding of the sort. This, of course, would be unfairly prejudicial to TravelPass. *See Gumwood*, 2016 WL 10706086, at *6 ("The prejudicial effect of allowing the jury to be told that the FTC proposed filing a complaint against Simon could be substantial as it could improperly suggest to the jury that the FTC has determined that Simon is a monopolist or has engaged in anticompetitive conduct.").

In sum, the probative value of the FTC investigation and the FTC Documents is negligible, if not non-existent, and substantially outweighed by dangers of unfair prejudice, confusing the jury, and wasting time. Accordingly, this Court should exclude all documents and testimony touching on these matters pursuant to Rule 403.

### IV. Conclusion

For all the foregoing reasons, TravelPass respectfully requests that the Court exclude all evidence of and references to the FTC's investigation of TravelPass, the complaint filed by the FTC against TravelPass, and settlement negotiations between the FTC and TravelPass, including the FTC Complaint, Stipulation and Consent Order, from summary judgment and trial.

---

[6] *See also In re Air Crash Near Roselawn, Indiana, On October 31, 1994*, 95 C 4593, 1997 WL 572896, at *1 (N.D. Ill. Sept. 10, 1997) (recognizing that government agencies involved in investigations are subject to different agendas and fact-finding methodologies which could undermine and confuse a jury's distinct fact-finding function in this case).

Dated: May 26, 2021                          By   */s/ Christopher J. Schwegmann*
                                                  Christopher J. Schwegmann
                                                  State Bar No. 24051315
                                                  cschwegmann@lynnllp.com
                                                  Samuel B. Hardy, IV
                                                  State Bar No. 24074360
                                                  shardy@lynnllp.com
                                                  Christopher W. Patton
                                                  State Bar No. 24083634
                                                  cpatton@lynnllp.com
                                                  Ruben A. Garcia
                                                  State Bar No. 24101787
                                                  rgarcia@lynnllp.com
                                                  Cory C. Johnson
                                                  State Bar No. 24046162
                                                  cjohnson@lynnllp.com
                                                  Rebecca L. Adams
                                                  State Bar No. 24098255
                                                  radams@lynnllp.com
                                                  **LYNN, PINKER, HURST & SCHWEGMANN, L.L.P.**
                                                  2100 Ross Avenue, Suite 2700
                                                  Dallas, Texas 75201
                                                  (214) 981-3800 Telephone
                                                  (214) 981-3839 Facsimile

                                                  -and-

                                                  Todd M. Schneider (*pro hac vice*)
                                                  tschneider@schneiderwallace.com
                                                  Jason H. Kim (*pro hac vice*)
                                                  jkim@schneiderwallace.com
                                                  **SCHNEIDER WALLACE COTTRELL KONECKY, L.L.P.**
                                                  2000 Powell Street, Suite 1400
                                                  Emeryville, California 94608
                                                  (415) 421-7100 Telephone
                                                  (415) 421-7105 Facsimile

                                                  *Attorneys for Plaintiffs*
                                                  *TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2021, a true and correct copy of the foregoing was served via the Court's electronic filing system upon all counsel of record.

                */s/ Christopher J. Schwegmann*
                Christopher J. Schwegmann

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs have complied with the meet and confer requirement in Local Rule CV-7(h). A personal telephonic conference required by this rule was conducted with Defendants on May 20, 2021. Defendants did not agree regarding the requested relief and have stated they are opposed to the requested relief. The issues in this Motion have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                */s/ Christopher J. Schwegmann*
                Christopher J. Schwegmann