UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

|  |  |
|---|---|
| TravelPass Group, LLC, Partner Fusion, Inc., Reservation Counter, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> Caesars Entertainment Corporation, Choice Hotels International, Inc., Hilton Domestic Operating Company Inc., Hyatt Hotels Corporation, Marriott International, Inc., Red Roof Inns, Inc., Six Continents Hotels, Inc., Wyndham Hotel Group, LLC, <br><br> *Defendants*. | Case No. 5:18-cv-153-RWS-CMC <br><br> ██████████████ <br><br> **HEARING REQUESTED** |

**DEFENDANTS' SUR-REPLY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE DEFENDANTS' EXPERT BRUCE ISAACSON**

Defendants Choice Hotels International, Inc. ("**Choice**"), Marriott International, Inc. ("**Marriott**"), and Six Continents Hotels, Inc. ("**Six Continents**") (collectively, "**Defendants**") hereby file this Sur-Reply in Support of their Opposition to the Motion to Exclude Defendants' Expert Dr. Bruce Isaacson, Dkt. 555, (the "**Motion**") filed by Plaintiffs TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC (collectively, "**TravelPass**").

## I.    INTRODUCTION

In TravelPass's Reply in Support of its Motion to Exclude Defendants' Expert Bruce Isaacson, Dkt. 602 (the "**Reply**"), TravelPass continues to rehash two limited criticisms of Dr. Isaacson's consumer survey. These criticisms are entirely unfounded and remain issues that, at most, go to the weight of the survey and not its admissibility.

## II.    ARGUMENT

TravelPass's Motion to exclude Dr. Isaacson's expert evidence should be denied because (1) Dr. Isaacson's survey universe included a fair sampling of relevant purchasers and (2) Dr. Isaacson's survey measures the exact type of confusion Defendants allege to result from TravelPass's infringement – namely whether or not purchasers were likely to believe that TravelPass's websites were owned or operated by the Defendants themselves.

### A.    Dr. Isaacson's Survey Universe is Appropriate.

The Fifth Circuit has held that a survey's "appropriate universe should include <u>a fair sampling</u> of those purchasers most likely to partake of the alleged infringer[']s goods or services." *Exxon Corp. v. Texas Motor Exch. of Houston, Inc.*, 628 F.2d 500, 507 (5th Cir. 1980) (emphasis added). In *Exxon*, the Fifth Circuit described the universe for a survey conducted by Exxon Corporation as "appropriate," noting that "[w]hile this universe is not perfect, it is close enough so that, when combined with the format of the questions, it is clear that the survey is entitled to great weight." *Id.* Here, the universe for Dr. Isaacson's survey was actual or potential purchasers

1

of the services offered by TravelPass, namely online hotel reservation services. There is no question that Dr. Isaacson's survey universe is much better than "close enough," so it should be entitled to great weight and **not** excluded from jury consideration.

In its reply, TravelPass does not dispute the validity of the TravelPass demographic data used by Dr. Isaacson. As can be seen from this data excerpted below, Dkt. 586, Ex. A (Bruce Isaacson Report, Dec. 30, 2020) at Ex. 5, the demographics of the survey database exceed the "close enough" standard articulated by the Fifth Circuit in *Exxon Corp.*:



Dr. Isaacson's survey universe does not reflect any significant departure from TravelPass's demographic data. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ These basic demographic variables provide no basis for excluding Dr. Isaacson's survey because they all track together so closely, *particularly* when relevant precedent merely requires "a fair sampling" of TravelPass's consumers. *See Exxon Corp.*, 628

2

F.2d at 507. To top it all off, TravelPass does not even claim that any differences between the survey universe and another unidentified universe affected the survey's results.[1]

Surveys are probative when they measure responses by potential consumers of the products or services at issue. *See Ironclad, L.P. v. Poly-Am., Inc.*, No. CIV. A. 3:98-CV-2600, 2000 WL 1400762, at *6 (N.D. Tex. July 28, 2000) ("Neither party demonstrated that the trash bag market at Sam's differs tremendously from the general trash bag market…limiting the participants to those people who have recently purchased trash bags provides a pool of people accustomed to making distinctions within the relevant market of trash bags."). Here, TravelPass offers hotel reservation services for bookings at Defendants' properties. ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████ So the only reason TravelPass's customers come to TravelPass is because they are also customers of the hotels themselves. If they were not, they would never be a customer of TravelPass. Precisely because TravelPass is a reseller of Defendants' hotel rooms, both TravelPass's demographics <u>and</u> Defendants' demographics are relevant to the survey universe.

Finally, TravelPass entirely ignores the fact that courts in the Fifth Circuit routinely find criticisms of a survey universe to bear upon the weight of expert evidence and not its admissibility. *See Scrum All., Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 1691136, at *3 (E.D. Tex. Apr.

---

[1] TravelPass also argues that Dr. Isaacson used U.S. Census data to alter the universe. Reply at 2.
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████  ██████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████

29, 2021) (citing *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 3:17-CV-2719-B, 2019 WL 3957846, at *3 (N.D. Tex. Aug. 21, 2019)); *Shell Trademark Mgmt. B.V. v. Warren Unilube, Inc.*, 765 F. Supp. 2d 884, 892-93 (S.D. Tex. 2011) ("an imperfect universe is not fatal to the surveys' admissibility."). Dr. Isaacson's survey and testimony therefore should not be excluded due to TravelPass's continued, unfounded criticisms of the survey universe.

**B.      Dr. Isaacson Properly Measured the Conduct at Issue in This Case.**

TravelPass newly contends that Dr. Isaacson's survey does not test confusion all the way through the purchasing process (which TravelPass claims represents "point-of-sale confusion") and did not ask respondents how the materials tested would have affected their purchase decisions. Reply at 3-4. However, TravelPass cites to no authority requiring that a likelihood of confusion survey should measure the purchasing process in order to reliably measure confusion. Defendants are aware of no authority that requires an *Eveready* likelihood of confusion survey to walk respondents through to the actual point of purchase, *i.e.*, providing payment and other information to complete a purchase. And despite TravelPass's contentions, Defendants are also not aware of any likelihood of confusion survey that asked respondents how the stimulus they were shown would affect their purchase decisions.

Dr. Isaacson's survey therefore measures the activities disputed in this matter and the likelihood of confusion resulting from such activities; the survey replicates the process of searching for a hotel online and presents stimuli to respondents in the order that such stimuli would normally be encountered by consumers in the real world. Dr. Isaacson's expert report identifies the elements of TravelPass's activities that Defendants object to and that his survey measures, Dkt. 586, Ex. A ¶¶ 11-12. As noted previously, Defendants claim that "a host of things" are confusing to consumers during the purchasing process,

4

██████████████████████████████, **not** merely TravelPass's keyword and search advertising

activities in isolation. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

TravelPass claims that the surveys in *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 159

(4th Cir. 2012) and *Select Comfort Corp. v. Baxter*, 996 F.3d 925, 936 (8th Cir. 2021) are not

analogous analyses of likelihood of confusion throughout the purchasing process. This

misconstrues Defendants' discussion of these surveys. Defendants refer to these surveys as

examples of surveys where multiple webpage stimuli were shown to respondents and the

likelihood of confusion was measured at the last page shown to respondents. The surveys in

*Rosetta Stone* and *Select Comfort* did not include any website landing pages because no confusion

was alleged beyond the search results page, and website landing pages were not part of those

disputes. Here, TravelPass's advertising on its website landing pages is very much a part of the

current dispute, and Dr. Isaacson's survey therefore appropriately measured consumer confusion

when consumers arrive on TravelPass's landing pages. There is no reason for Dr. Isaacson to have

measured confusion at any predicate steps to arrival on TravelPass's landing pages, *particularly*

when Defendants do not object to TravelPass's keyword bidding and search advertising activities

alone, instead objecting to TravelPass's misleading advertising throughout the "entire user

experience."

## III.     CONCLUSION

As noted previously, Dr. Isaacson's survey is relevant, reliable, and will be helpful to the

jury. TravelPass's criticisms bear at most upon the weight to be afforded Dr. Isaacson's testimony

and not its admissibility. For the foregoing reasons, Defendants respectfully request that the Court

DENY Plaintiffs' Motion to Exclude Defendants' Expert Dr. Bruce Isaacson.

Dated: July 28, 2021

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Rd., Ste. 100
Texarkana, Texas 75503
Tel: (903) 255-1000
Fax: (903) 255-0800
jdoan@haltomdoan.com
criddell@haltomdoan.com

Shari Ross Lahlou
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Tel: (202) 261-3300
Fax: (202) 261-3333
shari.lahlou@dechert.com

Jeffrey L. Poston
Luke van Houwelingen
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
JPoston@crowell.com
LvanHouwelingen@crowell.com

*Counsel for Defendant Marriott
International, Inc.*

*Respectfully submitted,*

*/s/ Michael E. Jones*
Michael E. Jones
POTTER MINTON PC
110 North College Avenue, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
robert.sterken@potterminton.com

Maria Wyckoff Boyce
HOGAN LOVELLS US LLP
609 Main Street, Ste. 4200
Houston, TX 77002
Tel: (713) 632-1410
Fax: (713) 632-1401
maria.boyce@hoganlovells.com

Justin W. Bernick
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
justin.bernick@hoganlovells.com

*Counsel for Defendant
Choice Hotels International, Inc.*

6

*/s/ Deron R. Dacus*
Deron R. Dacus
Texas Bar No. 00790553
Shannon Dacus
Texas Bar No. 00791004
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com
sdacus@dacusfirm.com

Jeffrey S. Cashdan
Emily Shoemaker Newton
Russell Blythe
Danielle Chattin
Lohr Beck
Logan Hobson
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Tel: (404) 572-4818
Fax: (713) 572-5100
jcashdan@kslaw.com
enewton@kslaw.com
rblythe@kslaw.com
dchattin@kslaw.com
lohr.beck@kslaw.com
lhobson@kslaw.com

Steven M. Zager
Texas Bar No. 2241500
KING & SPALDING LLP
500 W. 2d Street
Suite 1800
Austin, Texas 78701
Tel: (512) 457-2040
Fax: (512) 457-2100
szager@kslaw.com

*Counsel for Defendant Six Continents Hotels, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, on this 28th day of July, 2021.

/s/ Michael E. Jones
Michael E. Jones