IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., and RESERVATION COUNTER, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., and WYNDHAM HOTEL GROUP LLC,<br><br>Defendants. | Case No. 5:18-cv-00153-RWS-CMC |

**JOINT MOTION TO AMEND DOCKET CONTROL ORDER**

Plaintiffs and Defendant Marriott International, Inc. (collectively, the "Parties") respectfully request a modification to the Court's Tenth Amended DCO (*see* Dkt. 680). Under the Tenth Amended DCO, prior to the October 5, 2021 Pretrial Conference and October 25, 2021 Trial Date: (1) the deadline for the Parties to file a Joint Final Pretrial Order, Joint Proposed Jury Instructions, and Form of the Verdict is **September 17, 2021** and (2) the deadline for the Parties to file Notices of Time Requested for voir dire, opening statements, direct and cross examinations, and closing arguments and to file pretrial objections is **September 21, 2021**. *See* Dkt. 680 at 2. The Parties have conferred and agree that these deadlines should be modestly delayed and consolidated into one joint deadline to allow the Parties time to further confer on these final pretrial matters and attempt to narrow any disputes. Specifically, the Parties respectfully request that the Court amend the DCO to have these two pretrial matters due to the Court on **September 30, 2021**. The Parties'

1

requested modification to the DCO will not affect the Pretrial Conference date or Trial Date, nor will it prevent the Parties or the Court from adequately preparing for the October 5, 2021 Pretrial Conference or the October 25, 2021 start of trial. A proposed Eleventh Amended Docket Control Order is attached for the Court's convenience.

| Deadline | Proposed Change | Case Activity |
|---|---|---|
| **3 DAYS after conclusion of Trial** | Unchanged | Parties to file **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>**EXHIBITS: See Order below regarding exhibits.** |
| **Trial Date**<br><br>**October 25, 2021**<br><br>Court designated date – not flexible without good cause – Motion Required | Unchanged | **9:00 a.m. JURY SELECTION before Judge Robert W. Schroeder III, Texarkana, Texas, with trial immediately following.**<br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |
| **October 5, 2021**<br><br>Court designated date – not flexible withoutgood cause – Motion Required | Unchanged | **10:00 a.m. PRETRIAL CONFERENCE before Judge Caroline M. Craven, Texarkana, Texas.**<br><br>Lead trial counsel must attend the pretrial conference. |
| *September 24, 2021* | Unchanged | **File Responses to Motions *in Limine*.** |

2

| | | |
|---|---|---|
| *September 21, 2021* | **September 30, 2021** | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** <br><br> **File pretrial objections.** |
| *September 17, 2021* | **September 30, 2021** | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials.** <br><br> Parties shall use the pretrial order form on Judge Schroeder's website. |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."

A party may request an oral hearing on a motion filed with the Court. Any such request shall be included in the text or in a footnote on the first page of the motion or any responsive pleading thereto. The Court does not hold telephonic hearings absent unusual circumstances.

## Other Limitations

(a) The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:

    (i) The fact that there are motions for summary judgment or motions to dismiss;
    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
    (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b) <u>Amendments to the Docket Control Order ("DCO")</u>: Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the

      requested changes and that <u>also lists all remaining dates</u>. In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c)    <u>Motions *in Limine*</u>: Each side is limited to one (1) motion *in limine* addressing no more than ten (10) disputed issues. In addition, the parties may file a joint motion *in limine* addressing any agreed issues. The Court views motions *in limine* as appropriate for those things that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. Rulings on motions *in limine* do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(d)    <u>Exhibits</u>: Each side is limited to designating 375 exhibits for trial absent a showing of good cause. The parties shall use the exhibit list sample form on Judge Schroeder's website.

(e)    <u>Deposition Designations</u>: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(f)    <u>Witness Lists</u>: The parties shall use the witness list sample form on Judge Schroeder's website.

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A.    <u>On the first day of trial</u>, each party is required to have on hand the following:
   (1)    One copy of their respective <u>original</u> exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.
   (2)    Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit and Witness Lists are available on Judge Schroeder's website.
   (3)    One (1) copy of all exhibits on disk(s), USB Flash Drive(s), or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

B.    The parties shall follow the process below to admit exhibits.

   (1) *On the first day of trial*, each party shall tender a preadmitted list of exhibits it plans to admit into evidence. This list shall include all exhibits which are NOT objected to or to which the Court has already overruled an objection. To the extent there are exhibits

with outstanding objections for which the parties need a ruling from the Court, those exhibits should be separately included on the list and designated accordingly to reflect a pending objection. Parties shall entitle the list "[Plaintiff's/Defendant's] List of Preadmitted Exhibits." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

(2) *On each subsequent day of trial*, the Court will commence by formally admitting all of the exhibits that were either unobjected to or allowed over objection and used during the previous day's trial. The Court will ask for these exhibits to be read into the record and formally admitted into evidence at the beginning of that trial day. These will be the exhibits deemed admitted at trial. The parties shall keep a separate running list of all exhibits admitted throughout the course of trial.

(3) *At the conclusion of evidence*, each party shall read into the record any exhibit that was used but not previously admitted during the course of trial and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits." To the extent there are exhibits that were not admitted during the course of trial, but for which there is agreement that they should be provided to the jury, the parties must inform the Court of those exhibits at the conclusion of evidence. The Court will then determine whether those exhibits will be allowed into the jury room for deliberations.

C. At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial and shall tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:
(1) A Final Exhibit List of Exhibits Admitted During Trial in Word format.
(2) CD(s) containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.
(3) A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

Dated: September 16, 2021

Respectfully submitted,

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
State Bar No. 24051315
cschwegmann@lynnllp.com
Samuel B. Hardy, IV
State Bar No. 24074360
shardy@lynnllp.com
Christopher W. Patton
State Bar No. 24083634
cpatton@lynnllp.com
Ruben A. Garcia
State Bar No. 24101787
rgarcia@lynnllp.com
Cory C. Johnson
State Bar No. 24046162
cjohnson@lynnllp.com
Rebecca L. Adams
State Bar No. 24098255
radams@lynnllp.com
Barira Munshi
State Bar No. 24095924
bmunshi@lynnllp.com
**LYNN, PINKER, HURST & SCHWEGMANN, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

-and-

Todd M. Schneider (*pro hac vice*)
tschneider@schneiderwallace.com
Jason H. Kim (*pro hac vice*)
jkim@schneiderwallace.com
**SCHNEIDER WALLACE COTTRELL KONECKY, L.L.P.**
2000 Powell Street, Suite 1400
Emeryville, California 94608
(415) 421-7100 Telephone
(415) 421-7105 Facsimile

*Attorneys for Plaintiffs
TravelPass Group, LLC, Partner Fusion, Inc., and Reservation Counter, LLC.*

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Rd., Ste. 100
Texarkana, Texas 75503
Tel: (903) 255-1000
Fax: (903) 255-0800
jdoan@haltomdoan.com
criddell@haltomdoan.com

Shari Ross Lahlou (*pro hac vice*)
Thomas J. Miller (*pro hac vice*)
DECHERT LLP
1900 K Street NW
Washington, DC 20006
Tel: (202) 261-3300
Fax: (202) 261-3333
shari.lahlou@dechert.com
thomas.miller@dechert.com

Jeffrey L. Poston (*pro hac vice*)
David Ervin (*pro hac vice*)
Britton Davis (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
JPoston@crowell.com
DErvin@crowell.com
BDavis@crowell.com

Jordan L. Ludwig (*pro hac vice*)
CROWELL & MORING LLP
515 South Flower Street, Floor 40
Los Angeles, California 90071
Telephone: (213) 622-4750
JLudwig@crowell.com

*Counsel for Defendant Marriott International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2021, a true and correct copy of the foregoing was served via the Court's electronic filing system upon all counsel of record.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann

## CERTIFICATE OF CONFERENCE

The Parties have conferred about this Motion and agree to all of the relief requested therein. Thus, the Parties have jointly filed this Motion.

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann