IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TRAVELPASS GROUP LLC, *et al.*, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO.  5:18-CV-00153-RWS |
| v. | § § § | |
| CAESARS ENTERTAINMENT CORPORATION, *et al.*, | § § § § § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendant Marriott International, Inc.'s Emergency Motion to Continue the Trial Date (Docket No. 719) and Plaintiffs' Response to Marriott's Emergency Motion (Docket No. 726).  Having fully considered the parties' arguments, the Court **DENIES** Marriott's Emergency Motion (Docket No. 719).

## BACKGROUND

On October 18, 2021, Marriott moved the Court to continue—for an unspecified amount of time—the trial set for Monday, October 25.  Docket No. 719.  Marriott's emergency motion follows the Magistrate Judge's issuance of a Report and Recommendation (Docket No. 711) last Friday, October 15, which recommended to the Court a standard of review for Plaintiffs' antitrust claims.

In its emergency motion, Marriott requests that the Court "exercise its discretion to stay this case pending resolution of the appropriate antitrust standard of review."  Docket No. 719 at 2. Plaintiffs oppose Marriott's emergency motion and respond that Marriott is impermissibly seeking a "do-over, but with a different judge and more time."  Docket No. 726 at 2.

**LEGAL STANDARD**

The Court "has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254–55.

In determining whether to grant a continuance, this Court considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software*, 356 F.Supp.2d at 662.

**ANALYSIS**

**I.      Prejudice or Disadvantage to the Nonmoving Party**

Marriott contends that "[p]roceeding to trial with the issue unsettled would be a waste of scarce judicial resources." Docket No. 719 at 2. Rather than go forward with the current trial setting, Marriott argues "[t]hat time should be spent after the question of the applicable standard of review is resolved to ensure that there is no need to re-try the case in the future." *Id.* at 4. Marriott notes the prejudice that it would face at trial in spending a " 'significant amount of time and resources preparing for a trial' with a *per se* standard of review which is 'an entirely different exercise from trial preparation involving' a rule of reason analysis." *Id.* at 5 (quoting *Willcox v. Lloyds TSB Bank, PLC*, No. 13-00508, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016)). Marriott also underscores how it would suffer "needless and avoidable reputational damage if TravelPass

prevailed at trial under the wrong standard." *Id.* at 5. By contrast, Marriott asserts that TravelPass would not be unduly prejudiced if the Court grants a continuance. *Id.* at 4.

Plaintiffs respond that they will be substantially prejudiced by any further delay of the trial date. First, Plaintiffs note that the case has been continued twice already. Docket No. 726 at 3. Second, Plaintiffs indicate that their trial team—including fact and expert witnesses—are already traveling to Texarkana for trial. *Id.* Moreover, Plaintiffs argue, they are prejudiced "by having to wait even longer to remedy the harm caused by Marriott's unlawful bid rigging and group boycott scheme." *Id.* Plaintiffs further contend that any prejudice Marriott could suffer is "self-inflicted" because "Marriott should have anticipated and prepared for a *per se* case, just as TravelPass anticipated and prepared for a possible trial under the 'rule of reason' standard." *Id.* at 4.

Marriott seeks to hold this trial "after the question of the applicable standard of review is resolved." Docket No. 719 at 4. The Court agrees with Marriott's aim; the applicable standard of review for Plaintiffs' antitrust claims will be resolved prior to trial. Accordingly, Marriott's judicial economy concerns are unfounded. Marriott's argument that "[t]here is simply not enough time for the Court to fully consider and rule on these important issues before the trial scheduled to start next week" is unavailing. Docket No. 719 at 2. The Court has already thoroughly reviewed the Magistrate Judge's Report and Recommendation (Docket No. 711) and is prepared to carefully consider the parties' objections to it. The Court will promptly issue an order on the proper standard to apply to Plaintiffs' antitrust claims in advance of trial.

This case was filed on December 6, 2018 (Docket No. 1); accordingly, Plaintiffs are approaching three years without resolution of their antitrust claims. And, the trial setting has been in place since November 9, 2020. Docket No. 382. The continuance Marriott seeks amounts to an indefinite stay and would prejudice Plaintiffs in further delaying trial. *Cooper Techs. Co. v.*

*Thomas & Betts*, No. 2:06-CV-242, 2008 U.S. Dist. LEXIS 25938, *3–4 (E.D. Tex. Mar. 31, 2008) (declining to stay case because the "potential delay for an indefinite period would likely prejudice [the plaintiff].").

## II.     Simplification of Issues

Marriott argues that if the Court grants a continuance of trial, the issues in this case will be simplified for two reasons.  First, the Court's selection of the applicable standard of review for Plaintiffs' antitrust claims could be outcome determinative.  Docket No. 719 at 6.  Second, Marriott contends that currently "a trial next week would proceed under a dark cloud of appellate uncertainty." *Id.* at 6.

Plaintiffs respond that a simplification of the issues is "precisely the reason why both parties expended so much effort arguing over the antitrust standard on summary judgment." Docket No. 726 at 4.  Plaintiffs contend that the "entire purpose of the *per se* rule is to increase certainty and simplify issues for trials."  *Id.* (citing *Tunica Web Advertising v. Tunica Casino Operators Ass'n, Inc.*, 496 F.3d 403, 412 (5th Cir. 2007)).

As discussed above, this case has been pending for several years; the parties have had ample time to prepare for trial under any number of circumstances.  The Court finds it unavailing that the standard of review—determined on summary judgment—could be dispositive for Marriott's case and therefore warrants a continuance of trial.  In fact, the standard of review for an antitrust claim is not itself case dispositive; rather, courts apply different standards, depending on the conduct involved, to analyze whether a particular restraint on competition is unreasonable. *Arizona v. Maricopa Medical Soc.*, 457 U.S. 332, 343–44 (1982).

Accordingly, this case will not be further simplified by granting a continuance.

### III. Discovery is Complete and the Trial Date is Set

The parties have completed discovery, exchanged expert reports, completed expert depositions, filed summary judgment motions and the Magistrate Judge has ruled on those motions. And jury selection is scheduled to begin in less than a week. Marriott itself acknowledges that "[d]iscovery is complete" and "the record is set." *Id.* at 4. Consequently, the current stage of the case weighs heavily against granting a continuance.

### CONCLUSION

A continuance of the trial date would prejudice Plaintiffs and would not simplify the case. Discovery is complete and a trial date has been set. For all of the reasons stated, Marriott's Emergency Motion to Continue the Trial Date (Docket No. 719) is hereby **DENIED**.

**SIGNED this 20th day of October, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE