IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| TRAVELPASS GROUP, LLC, | § | |
|---|---|---|
| PARTNER FUSION, INC. and | § | |
| RESERVATION COUNTER, LLC | § | |
| | § | |
| v. | § | Case No. 5:18-cv-153-RWS-CMC |
| | § | |
| CAESARS ENTERTAINMENT | § | |
| CORPORATION, ET AL. | § | |

## ORDER REGARDING MARRIOTT'S OBJECTIONS TO TRAVELPASS' EXHIBITS

Before the Court are TravelPass' exhibit numbers 40, 42, 226, 227, 255, 292, 293, 294, and 331, as well as Marriott's objections to the same. The Court, having carefully considered the parties' arguments at the October 20, 2021 pretrial conference as well as any relevant briefing, orders as follows:

| Exh. No. and Description | Marriott's objection | TravelPass' response | Ruling |
|---|---|---|---|
| 40 (A Kalibri Labs Special Report) | Marriott asserts this exhibit from Kalibri Labs contains statements made by an entity not alleged to be a coconspirator; thus, there is no applicable hearsay exception to the exhibit and it should not be preadmitted. | TravelPass clarified at the pretrial conference that it is not requesting this exhibit be preadmitted at this time. TravelPass indicated the exhibit may be cumulative. | **SUSTAINED;** approach the bench to the extent TravelPass seeks to introduce at trial |

| | | | |
|---|---|---|---|
| 42 (email message from an account director at Yahoo! to Hilton) | Marriott objects to this exhibit, asserting neither Mary Rachelle Stumpf nor Yahoo! are alleged to be coconspirators in this case; thus, their statements to Hilton are hearsay. | TravelPass is not asking it be submitted to the jury. TravelPass wants to ask a witness about it. | **SUSTAINED** |
| 226 (2014 Dallas Hotel Conference) | Marriott asserts this exhibit contains statements made by an entity not alleged to be a coconspirator; thus, there is no applicable hearsay exception to the exhibit and it should not be preadmitted. | TravelPass clarified at the pretrial conference that it is not requesting this exhibit be preadmitted at this time. TravelPass indicated the exhibit may be cumulative. | **SUSTAINED**; approach the bench to the extent TravelPass seeks to introduce at trial |
| 227 (email from Dan Wilson re: Google study) | Marriott asserts this exhibit contains statements made by an individual or entity not alleged to be a coconspirator; thus, there is no applicable hearsay exception to the exhibit and it should not be preadmitted. | TravelPass clarified at the pretrial conference that it is not requesting this exhibit be preadmitted at this time. TravelPass indicated the exhibit may be cumulative. | **SUSTAINED**: approach the bench to the extent TravelPass seeks to introduce at trial |
| 255 (conversation between Erin Hake and Ches Eaton at IHG) | Marriott asserts this exhibit does not fall into Federal Rule of Evidence 801(d)(2)(E) because "mere idle chatter" is not admissible because it does not advance the conspiracy. | TravelPass argues this is not "mere idle chatter," pointing out the Court referenced the conversation multiple times in its October 15, 2021 Report and Recommendation. | **OVERRULED** |

2

| | | | |
|---|---|---|---|
| 292 (email thread between Hilton and IHG concerning Hilton paid ads showing up in Apple's APP Store when users search for IHG) | Marriott asserts the statements contained in this exhibit cannot fairly be considered to be in furtherance of the alleged conspiracy because they concern Apple's App Store; TravelPass' alleged conspiracy focuses on search engine advertising, not App store advertising. | TravelPass asserts the distinction to Apple App store is one without a difference. According to TravelPass, the statements, which relate to communications between defendant hotels to take down ads, are examples in furtherance of the alleged conspiracy. | **OVERRULED** |
| 293 (email from Chris LaRose at Hilton to Chris Copp at IHG re: Hilton displaying in AppStore for IHG terms) | Marriott asserts the statements contained in this exhibit cannot fairly be considered to be in furtherance of the alleged conspiracy because they concern Apple's App Store; TravelPass' alleged conspiracy focuses on search engine advertising, not App store advertising. | TravelPass asserts the distinction to Apple App store is one without a difference. According to TravelPass, the statements, which relate to communications between defendant hotels to take down ads, are examples in furtherance of the alleged conspiracy. | **OVERRULED** |
| 294 (email from Chris Copp at IHG to Chris LaRose, etc. Re: Hilton displaying in AppStore for IHG terms) | Marriott asserts the statements contained in this exhibit cannot fairly be considered to be in furtherance of the alleged conspiracy because they concern Apple's App Store; TravelPass' alleged conspiracy focuses on search engine advertising, not App store advertising. | TravelPass asserts the distinction to Apple App store is one without a difference. According to TravelPass, the statements, which relate to communications between defendant hotels to take down ads, are examples in furtherance of the alleged conspiracy. | **OVERRULED** |

| 331 (PowerPoint presentation sent to TP by Google employee Katie Manuri) | Marriott asserts neither Katie Manuri nor Google are alleged to be coconspirators in this case; thus, there is no applicable hearsay exception to the exhibit and it should not be preadmitted. | TravelPass clarified at the pretrial conference that it is not requesting this exhibit be preadmitted at this time. TravelPass indicated the exhibit may be cumulative. | **SUSTAINED**; approach the bench to the extent TravelPass seeks to introduce at trial |

**IT IS SO ORDERED.**

**SIGNED this 20th day of October, 2021.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE