IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP, LLC, <br> PARTNER FUSION, INC. and <br> RESERVATION COUNTER, LLC <br><br> v. <br><br> CAESARS ENTERTAINMENT <br> CORPORATION, ET AL. | § <br> § <br> § <br> § <br> §  Case No. 5:18-cv-153-RWS-CMC <br> § <br> § <br> § |

**ORDER REGARDING TRAVELPASS' OBJECTIONS**
**TO MARRIOTT'S EXHIBITS**

Before the Court are Marriott's exhibit numbers 9-18, 23, 28-29, 75, 77-80, 83, 89, 115-117, 119-123, 128, 130-140, 150, 188, 198, 210, 238-240, 243-244, 254, 265-266, 285-287, 297-298, 302-303, 309, 320-323, 335-336, 341, 343, 362-368, 370-371, as well as TravelPass' objections to the same.[1] The Court, having carefully considered the parties' arguments at the October 20, 2021 pretrial conference as well as any relevant briefing, makes the following rulings regarding the objections asserted.

It is ORDERED that exhibits for which objections have been overruled will be ADMITTED into evidence. If no objection has been asserted, objections were overruled, or objections have been withdrawn, the exhibit will be ADMITTED into evidence. Further, if objections are sustained or the exhibit is withdrawn, the exhibit will be EXCLUDED from evidence but may be used for any limited purposes specifically stated below.

---

[1] Prior to the pretrial conference, TravelPass withdrew – to preadmission– its objections to Marriott exhibits 5, 8, 59, 61, 89, and 126. *See* Docket Entry # 742.

Many of the exhibits that are the subject of this Order are also the subjects of, or are related to, issues that are the subject of the parties' motions *in limine*. The rulings in this Order are subject to the Court's rulings on the parties' motions *in limine*. Where the Court has granted a motion *in limine* pertaining to any of the parties' exhibits, neither party shall offer or present that exhibit to the jury without first obtaining the Court's approval.

I.      **General objections to "compilation" exhibits**

TravelPass generally objects to Marriott's thirteen "compilation exhibits:" (1) Docket Entry # 714-4, Attachments A, C, D, E, F, G, H, I, J, K, L, M; and (2) Marriott exhibit 130, which TravelPass asserts is a "compilation exhibit" consisting of a "smorgasbord of unrelated documents . . . which purportedly establish evidence of actual confusion." TravelPass' objections to Marriott's trial exhibits at p. 1. Attachment A is a compilation exhibit of Marriott's trademark registrations. Docket Entry # 714-4 at pp. 11-12. According to TravelPass, Attachment C (titled compilation exhibit of TravelPass' evidence of actual confusion, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) alone has 1,500 documents referenced. *Id.* at pp. 16-64. Attachment D is a compilation exhibit of 12 internal documents from Choice Hotels evidencing actual confusion caused by TravelPass. *Id.* at p. 65. Attachment E is a compilation exhibit of 25 internal documents from Marriott evidencing actual confusion caused by TravelPass. *Id*. at pp. 66-67. Attachment F is a compilation exhibit of 12 internal documents of Six Continents evidencing actual confusion caused by TravelPass. *Id*. at p. 68. Attachment G (titled compilation exhibit of consumer complaints submitted to the Better Business Bureau evidencing actual confusion by TravelPass, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) contains 12 documents. *Id.* at p. 69. Attachment H (titled

compilation exhibit of consumer complaints submitted to ComplaintsBoard.com evidencing actual confusion by TravelPass, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) contains approximately 60 documents. *Id.* at pp. 70-73. Attachment I (titled compilation exhibit of consumer complaints submitted to Expedia evidencing actual confusion by TravelPass, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) contains 30 documents. *Id.* at pp. 74-76. Attachment J (titled compilation exhibit of consumer complaints submitted to the Federal Trade Commission evidencing actual confusion by TravelPass) contains 8 documents. *Id.* at p. 77. Attachment K (titled compilation exhibit of consumer complaints submitted to ResellerRatings.com evidencing actual confusion by TravelPass, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) contains 11 documents. *Id.* at p. 78. Attachment L (titled compilation exhibit of consumer complaints submitted to Revdex.com evidencing actual confusion by TravelPass, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) contains 24 documents. *Id.* at pp. 79-80. Attachment M (titled compilation exhibit of consumer complaints submitted to TrustPilot.com evidencing actual confusion by TravelPass, TravelPass' knowledge of such confusion, and TravelPass' intent to cause and benefit from such confusion) contains approximately 340 documents. *Id.* at pp. 81-97.

The Court overrules TravelPass' general objection that the exhibits, if introduced, would exceed the Court-ordered limitation of 375. However, the Court agrees with TravelPass that not all documents referenced in the compilation exhibits should be wholesale preadmitted at this time. As the Court instructed the parties at the pretrial conference, it expects the parties to meet and confer further, with benefit of the Court's rulings below on some of TravelPass' specific

objections regarding certain "compilation" and consumer complaint exhibits. The purpose is to pare down the number of exhibits to those that are independently admissible. The undersigned then will meet with counsel **Friday, October 22, 2021 at 10:00 a.m.** to determine whether the exhibits comply with this Order and rule on any remaining issues.

## II.      Specific objections

### A.      Category 1 - consumer complaints

Specifically, TravelPass objects to all the documents in Marriott's exhibits 130-140, Attachments C-M (documents purportedly "evidencing confusion" by TravelPass). According to TravelPass, none of the documents should be preadmitted because they all contain hearsay not subject to any exception; because they lack foundation; and because many of them lack authentication as well. Although TravelPass acknowledges some of the consumer complaints may fall under a "state of mind" hearsay exception for the limited purpose of showing that a particular customer was confused, TravelPass argues the same documents would be inadmissible hearsay (falling under no exception) if Marriott seeks to introduce them at trial for the truth of the matter asserted (*e.g.*, that the consumer had a bad experience).

Considering the Court has ordered the parties to meet and confer in order to pare down the compilation exhibits, the Court provides the parties the following guidance.

Regarding message board complaints from third-party sources (Marriott exhibits 9-13, 134-135, 138-140, 366-367), the Court will not limit complaints to Marriott only. As a general rule across all of TravelPass' objections, the Court is not convinced that other hotels brands are no longer relevant.  The Court instructs the parties to meet and confer regarding the hearsay arguments, with Marriott's offering only those message board complaints for which a clear hearsay exception applies.

Additionally, the parties shall confer regarding appropriate redactions to any irrelevant information contained in the exhibits Marriott still intends to offer (*i.e.*, statements that do not concern customers being confused by TravelPass or that are not facially relevant to TravelPass' alleged false advertising and/or trademark infringement). However, the Court strongly encourages Marriott to offer exhibits not requiring redactions. Marriott shall also remove duplicate complaints contained in the various compilation exhibits.

Regarding complaints from franchisees to hotels (Marriott exhibits 28, 29, 37, 38, 43, 49, 50, 54, 75, 77, 80, 83, 116, 117, and 198) and complaints from consumers to Gatekeeper OTAs (Marriott exhibits 23, 33, 136 (including Attachment I), 285-287, 302, and 335), the Court gives the same guidance as stated above and to the extent there are foundation issues, Marriott must be able to provide a proper foundation.

Regarding the excel spreadsheets with consumer complaints created by third parties (Marriott exhibits 56, 62, and 115),[2] the Court gives the same guidance as stated above and to the extent there are foundation issues, Marriott must be able to provide a proper foundation.

Regarding compilations of internal hotel documents (Marriott exhibits 130, 131, 132, and 133), again, the Court is not convinced, as urged by TravelPass, that documents related to other hotels brands and trademarks are no longer relevant. However, the parties shall confer regarding appropriate redactions to irrelevant information contained in the exhibits (*i.e.*, statements that do not concern customers being confused by TravelPass or that are not facially relevant to TravelPass' alleged false advertising and/or trademark infringement). Again, Marriott shall

---

[2] TravelPass asserts, among other things, there is no custodian identified; thus, these documents have not been authenticated, lack foundation, and contain inadmissible hearsay. Marriott states it has authenticated exhibit 62 and it will attempt to procure authentication regarding exhibits 56 and 115.

carefully consider the overall relevance of each document purporting to show consumer confusion, using redactions sparingly.

Regarding Marriott exhibits 121, 150, 188, 210, 239, 240, 243, 244, 254, 265, and 266, TravelPass objects to any attempt by Marriott to offer inadmissible hearsay for any purpose except to show the declarant's state of mind. This objection is **OVERRULED**, subject to Marriott's showing each exhibit is not being offered for the truth of the matter asserted.

Regarding miscellaneous exhibits 297 (2015 email from Chad Montgomery to Ryan McCoy and others re: Travel + Leisure AHLA), 298 (2015 email from Jason Burgess at Partner Fusion to Philip Minardi and Ryan McCoy re: Chris Elliott blog), 309 (2016 email from Jason Burgess to Andrew Hill and others re: "Online Customer Responses . . . Responding to Emotional Questions.docx"), 323 (2015 email from Jason Burgess to Ryan McCoy and others re: Response from Travel + Leisure), 336 (2015 email from Dan Nelson to Becky Wolford re: ABC News questions), and 371, the Court **OVERRULES** TravelPass' specific objections.

**B.     Category 2 - documents related to the FTC investigation of TravelPass**

TravelPass' objections to Marriott exhibits 14, 15, 55, and 363 are **OVERRULED.**

**C.     Category 3 - trademarks not at issue**

TravelPass' objections to Marriott exhibits 63 and 371 are **OVERRULED.**

**D.     Category 4 - Expedia Arbitration documents**

TravelPass' objections to Marriott exhibits 320, 341, 362, and 365 are **OVERRULED.** TravelPass' objection to Marriott exhibit 343 is **SUSTAINED.**

**E.     Category 5 - internal contracts of settled defendants**

TravelPass' objections to Marriott exhibits 16, 17, 18, 119, 120, 122, and 123 are **OVERRULED,** subject to Marriott's laying a proper foundation**.**

**F.      Category 6 - Expedia demonstrative**

TravelPass' objections to Marriott exhibit 370 is **OVERRULED**, subject to Marriott's laying a proper foundation.

**IT IS SO ORDERED**.

**SIGNED this 20th day of October, 2021.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE