IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TRAVELPASS GROUP LLC, PARTNER FUSION INC, *et al.*, | § § § |
| | § CIVIL ACTION NO. 5:18-CV-00153-RWS |
| *Plaintiffs*, | § **SEALED** |
| | § § |
| v. | § § |
| | § § |
| MARRIOTT INTERNATIONAL INC, *et al.*, | § § |
| | § § |
| *Defendants*. | § |

# ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  On October 12, 2021, the Magistrate Judge issued a Report and Recommendation, recommending the following motions be denied:

- **Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims (Docket No. 558);**

- **Plaintiffs' Motion for Partial Summary Judgment on Defendants' Requests for Monetary Relief (Docket No. 560); and**

- **Defendants' Joint Motion for Summary Judgment on Likelihood of Confusion and Fair Use (Docket No. 565).**

Only Plaintiffs TravelPass Group, LLC, Partner Fusion, Inc. and Reservation Counter, LLC (collectively, "TravelPass") have filed objections to the Report and Recommendation.  Docket No. 736.  According to TravelPass, in order to preserve its appellate rights, it files its "objection to the recommendation that the Court overrule TravelPass's hearsay objection to specific evidence of consumer confusion in the Report and Recommendation of the United States Magistrate Judge . .

. ." *Id.* at 1. The Court conducts a *de novo* review of only the Magistrate Judge's findings and conclusions specifically objected to by TravelPass. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## BACKGROUND

This is an antitrust case involving an alleged horizontal conspiracy among the nation's leading hotel chains to eliminate competition for online advertising in response to searches for hotel-branded keywords, a technique millions of customers use to book hotel rooms online each year. TravelPass asserts claims under Section 1 of the Sherman Act based upon remaining Defendant Marriott International Inc.'s ("Marriott") alleged participation in this conspiracy. TravelPass seeks damages, treble damages, costs of the action, reasonable attorneys' fees, expert fees and prejudgment interest and post-judgment interest. Marriott denies the claims made by TravelPass and denies that TravelPass is entitled to any monetary or non-monetary relief.

As relevant to the October 12, 2021 Report and Recommendation, Marriott has asserted counterclaims against TravelPass, alleging that TravelPass's marketing, sales and promotional activities are unlawful, misleading and deceptive and constitute trademark infringement and false advertising in violation of various federal and state laws. Specifically, Marriott has filed counterclaims for trademark infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114), false designation of origin and unfair competition under Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), false advertising under Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), trademark dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), trademark infringement and unfair competition under Texas Common Law and injury to Marriott's business reputation under Texas Business and Commerce Code §16.103. Marriott

seeks damages, punitive damages, costs of the action, reasonable attorneys' fees, expert fees and prejudgment and post-judgment interest.

TravelPass denies the counterclaims made by Marriott. TravelPass affirmatively asserts that Marriott's claims are barred by the doctrines of fair use and laches and denies that Marriott is entitled to any monetary or nonmonetary relief.

## REPORT AND RECOMMENDATION

On October 12, 2021, the Magistrate Judge entered a 130-page Report and Recommendation ("R&R") regarding proposed findings of fact and recommendations that all the motions be denied. Docket No. 709. After reviewing the summary judgment evidence (*id*. at 12–58), the Magistrate Judge set forth the applicable law regarding Section 43 of the Lanham Act, 15 U.S.C. § 1125. With regard to Marriott's § 1125(a)(1)(B) false advertising counterclaims, the Magistrate Judge first found the Book Direct Claims and the Discount Claims are not puffery. The Magistrate Judge then found Marriott has introduced sufficient evidence that raises genuine issues of material fact regarding whether TravelPass's statements were either literally false or misleading. *Id.* at 75. The Magistrate Judge then addressed materiality and stated as follows: "[I]f TravelPass's advertising claims are found to be misleading but not literally false, and thus no presumption applies, the Court agrees with Marriott that fact issues regarding materiality preclude summary judgment." *Id*. at 77. Finally, the Magistrate Judge found Marriott has sufficiently shown a genuine issue of material fact regarding likelihood of injury. *Id*. at 80–82.

Turning to Marriott's trademark dilution counterclaims, the Magistrate Judge concluded as follows:

> The Court is not convinced TravelPass is a mere reseller of Marriott hotel reservations. The evidence and allegations involved in this case are different than those involved in the cases relied upon by TravelPass. Marriott has presented evidence, sufficient to create a fact issue, as to whether TravelPass has prominently

> featured the hotels' marks, downplayed its own generic brands, used the hotels' marks in its website URLs, and relied upon misleading call-center scripts to imply that TravelPass was the hotel itself—or at least affiliated with it. According to Marriott, TravelPass's "use of its own marks in conjunction with the Hotel Companies' marks to make it appear as though TravelPass is the 'reservation counter' or 'reservation desk' of the hotel is textbook trademark dilution." Docket entry # 652 at p. 10. There is a genuine issue of material fact that TravelPass, through its websites which incorporated the Marriott Marks, pretended to be the hotel itself, thus harming Marriott's Marks. The Court recommends this part of TravelPass's motion be denied.

*Id.* at 89.

The Magistrate Judge then considered Marriott's trademark infringement counterclaims. The Magistrate Judge found there are genuine issues of material fact on the issue of fair use. Accordingly, the Magistrate Judge recommended that that part of Marriott's motion for partial summary judgment be denied. The Magistrate Judge then examined whether the "digits of confusion" show a likelihood of confusion and concluded as follows:

> Looking to the digits of confusion for guidance, which weigh in favor of a finding of likelihood of confusion, the Court concludes a reasonable jury could find a likelihood of confusion. However, the Court does not agree with Marriott that summary judgment should be granted in its favor on this issue. The Court recommends both summary judgment motions be denied.

*Id.* at 103–04.

Finally, the Magistrate Judge considered TravelPass's motion for partial summary judgment on Marriott's request for monetary relief. In its motion, TravelPass maintains Marriott is not entitled to disgorgement or corrective advertising damages. Specifically with regard to disgorgement, TravelPass argues as follows: (1) Marriott has no evidence that TravelPass's profits are attributable to the alleged Lanham Act violations; (2) Marriott admits TravelPass did not divert sales; (3) there is no evidence TravelPass intended to confuse or deceive; (4) if liability is found, injunctive relief would be sufficient; (5) Marriott has unreasonably delayed in asserting its rights

(and may never have asserted them absent TravelPass's antitrust claims); and (6) this case does not involve the public interest of palming off.

In her discussion, the Magistrate Judge found Marriott has offered sufficient evidence of actual harm, including evidence regarding TravelPass's intent to utilize Marriott's marks and its associated goodwill. *Id.* at 109. As to this issue, the Magistrate Judge agreed with Marriott that there is a genuine question of material fact whether Marriott is entitled to monetary relief. The Magistrate Judge then considered the six non-exhaustive factors to determine whether disgorgement is equitable and concluded that there is, at least, a genuine dispute of material fact as to Marriott's request for disgorgement.

The Magistrate Judge then addressed the parties' dispute as to whose burden it is to prove attribution. The Magistrate Judge concluded as follows:

> Here, the Court leaves it to District Judge Schroeder to determine the overriding issue of whether the language of the Lanham Act and Supreme Court precedent will control over recent statements from the Fifth Circuit. [The Magistrate Judge noted in a footnote that the parties are invited to brief this issue further in any objections and could, if warranted, include any guidance as to appropriate jury instructions, presumably on an advisory basis.]
>
> Without deciding the issue, the Court concludes Marriott has presented sufficient evidence to survive summary judgment. As noted by the court in *Boltex*, the record before the Court is "in sharp contrast to the plaintiff in *Illinois Tool Works* who failed to cite anything 'that link[ed] [defendant's] false advertising to its profits, that permit[ted] a reasonable inference that the false advertising generated profits, or that show[ed] that even a single consumer purchased [the accused product] because of the false advertising.'" *Boltex*, 2020 WL 3525485, at *1.
>
> The Court recommends this part of TravelPass's motion be denied.

*Id*. at 126–27.

Regarding corrective advertising damages, noting it is a close call, the Magistrate Judge recommended the Court reserve a ruling on this issue until after the evidence is presented. *Id*. at 129.

## OBJECTIONS

Substantively, in light of the Magistrate Judge's recommendation that the Court rule at a later time on (1) the appropriate standard regarding the burden of proving attribution relating to Marriott's false advertising claims, and (2) the issue of whether Marriott has provided sufficient evidence to raise a genuine issue of material fact on corrective advertising damages, TravelPass, out of an abundance of caution, expressly reserved the right to provide further briefing or argument on these issues at trial or the appropriate time.

As noted above, TravelPass's objection is solely to an evidentiary ruling made by the Magistrate Judge in her R&R.  TravelPass has asserted a hearsay objection to seven specific documents contained in Marriott's compilation exhibit regarding consumer confusion based on the fact that these documents contain generic secondhand descriptions of unspecified statements by unidentifiable declarants.  *See* Docket No. 604 at 15 n.18 (stating "the following documents contain[] unspecified statements by unidentifiable declarants: MAR-TP-00009838, MAR-TP-00009944, MAR-TP-00291247, MAR-TP-00010958, MAR-TP-00010964, MAR-TP-00009698, MAR-TP-00010785").  TravelPass contends each of these seven documents contains two levels of hearsay: (1) a generic description about what the unidentified customer said and (2) an email from a third party (usually a franchisee) to Marriott about the interaction with the guest. TravelPass argues the Magistrate Judge did not properly address any of the seven documents in her R&R; rather, the R&R cites to other documents that were generally included in Marriott's compilation exhibits–"documents that all include direct quotes or complaints from the consumer themselves."  Docket No. 736 at 3 (stating the documents referenced by the Magistrate Judge are not the documents upon which TravelPass based its hearsay objection).  TravelPass requests the Court sustain TravelPass's hearsay objection and rule that the following documents constitute

inadmissible hearsay, and that Marriott be barred from introducing them into evidence at trial: MAR-TP-00009838, MAR-TP-00009944, MAR-TP-00291247, MAR-TP-00010958, MAR-TP-00010964, MAR-TP-00009698, and MAR-TP-00010785.

## LEGAL STANDARD

Summary judgment is a mechanism for courts to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact."). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters. Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 256. If the movant bears the burden on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v.*

*Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  The nonmovant must adduce affirmative evidence.  *Anderson*, 477 U.S. at 256–57.  No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden.  *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).  The Court must consider all the evidence but must refrain from making any credibility determinations or weighing the evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## *DE NOVO* REVIEW

First, the Court notes TravelPass does not raise any specific objections to the R&R's findings of fact or substantive analysis.  Importantly, the Court agrees with the substance of the R&R, even without considering the disputed documents.  Specifically, the Court agrees with the Magistrate Judge that Marriott has presented sufficient evidence to survive summary judgment.  The Court further agrees that Marriott's motion for partial summary judgment as to likelihood of confusion and fair use should be denied.

With regard to TravelPass's concerns about the seven specific documents being admitted into evidence at trial, the Court notes that issue remains to be decided.  The Magistrate Judge considered TravelPass's objections to these documents at the October 20, 2021 pretrial conference.  In her Order Regarding TravelPass's Objections to Marriott's Exhibits (Docket No. 746), entered after the pretrial conference, she declined to wholesale preadmit all the documents referenced in Marriott's compilation exhibits, including Attachment E.[1]  Among other things, the Magistrate

---

[1] All seven documents are contained in Docket No. 714-4 (Marriott's Trial Exhibit List), Attachment E ("Compilation Exhibit of internal documents from Marriott evidencing actual confusion caused by TravelPass").

Judge instructed the parties to meet and confer further to pare down the number of exhibits to those that are independently admissible.  Docket No. 746 at 3–4.  As ordered by the Magistrate Judge, the parties are to meet and confer specifically regarding TravelPass's hearsay arguments, with Marriott offering only those consumer complaints for which a clear hearsay exception applies.  *Id*. at 4.  She is scheduled to meet with counsel on October 22, 2021 at 10 a.m. to determine whether the exhibits comply with her Order and to rule on any remaining issues.  *Id*. at 4.  The parties will have the opportunity to appeal any rulings to the undersigned.

## CONCLUSION

The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge.  The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims (Docket No. 558) and Plaintiffs' Motion for Partial Summary Judgment on Defendants' Requests for Monetary Relief (Docket No. 560) are **DENIED**, and TravelPass's objections are **OVERRULED**.  It is further

**ORDERED** that Defendants' Joint Motion for Summary Judgment on Likelihood of Confusion and Fair Use (Docket No. 565) is **DENIED**.

**SIGNED this 22nd day of October, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE